## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT TENNESSEE
## NASHVILLE DIVISION

GARY T. WINNETT, )
FREDA JACKSON-CHITTUM, )
CASPER R. HARRIS, WILLIAM H. )
DAILEY, CALVIN E. GROGAN, )
KENNETH C. HAMMER and CHARLES )
A. WATERFIELD on behalf of themselves )
and others similarly situated, )
)
      *Plaintiffs,* )
) JUDGE TRAUGER
)
    v. ) MAGISTRATE JUDGE BROWN
)
) Case No. 3:06-cv-0235
)
CATERPILLAR INC., ) JURY TRIAL DEMANDED
)
    *Defendant.* )

## PLAINTIFFS' FIRST AMENDED COMPLAINT

Plaintiffs complain against defendant as follows:

### Introduction

1.    Plaintiffs bring this action to protect rights to retirement healthcare benefits for themselves and other similarly situated retiree class members. Plaintiffs and other similarly situated retirees earned these retirement healthcare benefits over decades of service as employees of defendant Caterpillar, Inc ("Caterpillar").

2.    Plaintiffs' and the class members'' retiree healthcare benefits were created through collective bargaining between Caterpillar, Inc. and the International Union, United Automobile, Aerospace and Agricultural Workers of America ("UAW"), which represented plaintiffs and the class members while they were employed. Defendant Caterpillar is bound by a

series of collective bargaining agreements negotiated with the UAW under the terms of which Caterpillar is obligated to provide plaintiffs and class members with lifetime cost-free retiree health care

benefits. Despite these agreements, defendant Caterpillar has been charging and will continue to charge plaintiffs and the class members for a portion of retiree medical benefits.

3. Since plaintiffs' and the class' members' retiree healthcare benefits were the result of bargaining between a labor organization and Caterpillar, defendant's conduct is actionable in this Court under Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C § 185 (a).

4. Defendant Caterpillar's conduct also violates the rights of plaintiffs and the class under employee benefit plans, and is therefore actionable in this Court under Section 502(a)(1)(B) and (a)(3) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132(a)(1)(B) and (a)(3).

## Jurisdiction, Venue and Parties

5. This Court has jurisdiction, and venue lies in this Court, pursuant to Section 301(a) of the LMRA, 29 U.S.C. § 185(a), and Sections 502(e) and (f) of ERISA, 29 U.S.C. § 1331.

6. Plaintiff Gary T. Winnett resides in Woodbury, Tennessee. In 1966, plaintiff Winnett began working for Caterpillar. After a career spanning approximately 30 years, he retired in 1996. During his career, plaintiff Winnett earned rights to continue to receive retiree medical benefits from defendant at no cost to him throughout his retirement.

7.     Plaintiff Freda Jackson-Chittum resides in Franklin, Tennessee. Plaintiff Jackson-Chittum is the surviving spouse of David Jackson. In 1956, David Jackson began work for Caterpillar. After a career spanning approximately 38 years, he retired in 1994. Mr. Jackson passed away on June 3, 2002. During his career, David Jackson earned rights for his spouse, plaintiff Freda Jackson, to receive retiree medical benefits from defendant at no cost to her for the remainder of her life.

8.     Plaintiff Casper Harris resides in Ashland City, Tennessee. In 1965, he began work for Caterpillar. After a career spanning 30 years, he retired in 1995. During his career, plaintiff Harris earned rights to continue to receive retiree medical benefits from defendant at no cost throughout his retirement and for the remainder of his spouse's life, if he predeceases her.

9.     Plaintiff William H. Dailey resides in Hopedale, Illinois. In 1963, he began work for Caterpillar. After a career spanning over 30 years he retired in 1994. During his career, plaintiff Dailey earned rights to continue to receive medical benefits from defendant at no cost to him throughout his retirement and dependent coverage for his daughter and spouse for the remainder of his surviving spouse's life without cost, if he predeceases his spouse.

10.    Plaintiff Calvin E. Grogan resides in East Peoria, Illinois. On October 4, 1951 he began work for Caterpillar. After a career spanning 40 years, he retired on April 1, 1992. During his career, plaintiff Grogan earned rights to continue to receive retiree medical benefits from defendant at no cost throughout his retirement and for the remainder of his spouse's life, if he predeceases her.

11.    Plaintiff Kenneth C. Hammer resides in Flint, Michigan. In 1964, he began work for Caterpillar. After a career spanning 27 years, he retired on May 1, 1992. During his career,

plaintiff Hammer earned rights to continue to receive retiree medical benefits from defendant at no cost throughout his retirement.

12.     Plaintiff Charles A. Waterfield resides in Chandlerville, Illinois.  On July 21, 1963 he began work for Caterpillar in its foundry.  As a result of service in the foundry Mr. Waterfield was credited with an additional year of seniority for every five years of service he performed in the foundry.  Mr. Waterfield received over four years of additional service credit having worked in Caterpillar's foundry from July 1963 to 1987.  With credited service of greater than thirty-three years Mr. Waterfield retired on April 1, 1992.  During his career plaintiff Waterfield earned rights to continue to receive retiree medical benefits from defendant at no cost throughout his retirement and for the remainder of his spouse's life, if he predeceases her.

13.     Defendant Caterpillar is a Delaware corporation with its principal offices in Peoria, Illinois. It is also a "sponsor," "fiduciary" and "plan administrator" of an "employee benefit plan" providing retiree medical benefits, as those terms are used in ERISA and/or in the LMRA. Defendant Caterpillar is qualified to do business in Tennessee and can be found in this District. Defendant Caterpillar provides and charges plaintiff retirees for medical benefits through the Caterpillar Network of local hospitals and other healthcare providers in this District.

## FACTUAL ALLEGATIONS

14.     The UAW is a labor organization as defined in § 101(5) of the National Labor Relations Act, 29 U.S.C. §152.  Prior to plaintiffs' retirement, the UAW represented them and the members of the class through collective bargaining agreements with the defendant.

15.     For many years, the plaintiffs and the class members worked for Caterpillar under various collective bargaining agreements negotiated on their behalf by the UAW. During these

years, the retiree healthcare benefits of plaintiffs and other similarly situated class members were described and provided for through successive collectively bargained labor agreements.

16. Defendant Caterpillar, Inc. is bound by the collectively bargained-for labor agreements negotiated with the UAW, under the terms of which Caterpillar is obligated to provide healthcare benefits at no cost during retirement to plaintiffs and the class members.

17. The plaintiffs and David Jackson (the deceased spouse of plaintiff Freda Jackson-Chittum) each began work for Caterpillar prior to 1970 and retired on or after January 1, 1992, but before March 16, 1998, when a new collective bargaining agreement took effect.

18. Prior to the March 16, 1998 collective bargaining agreement, successive labor agreements between Caterpillar and the UAW provided retiree healthcare benefits at no cost to plaintiffs and the class members in return for service necessary to receive an immediate pension on retirement from Caterpillar. For example, Paragraph 5.15 of the labor agreement between Caterpillar and the UAW, entitled the "1979 Benefit Plans and Agreements UAW Local 974 Insurance Program, Retirement Plan and Supplemental Unemployment Benefit Plan," covers Retirement Medical Insurance and provides in pertinent part:

> Retired Employees who satisfy the requirements hereinafter set forth shall be entitled to the same benefits provided in this Section V as if they were Employees. Coverage in accordance with this paragraph 5.15 shall be provided without cost to any such retired Employee. Such benefits to the extent provided in this paragraph 5.15 will be provided after his retirement from active service for a retired employee is [sic] he **HAS AT LEAST 5 YEARS OF CREDITED SERVICE UNDER THE NON-CONTRIBUTORY PENSION PLAN AT HIS RETIREMENT AND** is eligible for such immediate commencement of a monthly pension under the Non-Contributory Pension Plan or would be eligible for such immediate commencement but for his election to defer commencement of his pension. Coverage shall take effect on his retirement date ...

... Dependents' Coverage shall be in effect in accordance with this paragraph 5.15 while Personal Coverage is in effect with respect to (a) all Dependents of a retired Employee who were covered hereunder on the day preceding his retirement and (b) any person who becomes a Dependent after the retirement of a retired Employee if such retired Employee either was covered for Dependents' Coverage prior to retirement, or had no Dependants prior to retirement and such Dependents' Coverage will be continued following the death of a retired Employee for the remainder of his surviving spouse's life without cost ...." (emphasis in original) (Exhibit A to Complaint, pp. 56-57).

19.     Similarly, the "Benefit Plans under the 1988 Collective Bargaining Agreement" provided retiree healthcare benefits at no cost to plaintiffs and the class members, in, as far as relevant here, nearly identical language to the 1979 Benefit Plans and Agreements referenced in the prior paragraph of the Complaint. Paragraph 5.15 provides:

> Retired Employees who satisfy the requirements hereinafter set forth shall be entitled to the same benefits provided in this Section V as if they were Employees. Coverage in accordance with this paragraph 5.15 shall be provided without cost to any such retired Employee. Such benefits to the extent provided in this paragraph 5.15 will be provided after his retirement from active service for a retired Employee if he has at least 5 years of credited service under the Non-Contributory Pension Plan or would be eligible for such immediate commencement of a monthly pension under the Non-Contributory Pension Plan or would be eligible for such immediate commencement but for his election to defer commencement of his pension. Coverage shall take effect on his retirement date ...
> ... Dependents' Coverage shall be in effect accordance with this paragraph 5.15 while Personal Coverage is in effect with respect to (a) all Dependents of a retired Employee who were covered hereunder on the day preceding his retirement and (b) any person who becomes a Dependent after the retirement of a retired Employee if such retired Employee either was covered for Dependents' Coverage prior to retirement or had no Dependents prior to retirement, and such Dependents' Coverage will be continued following the death of a retired Employee for the remainder of his surviving spouse's life without cost." (Exhibit B to Complaint, pp.31-32)

20.     Over the years, Caterpillar's Summary Plan Descriptions also contained similar representations to plaintiffs and class members that retiree medical coverage would be provided

at no cost throughout retirement for them and for the balance of their spouse's life if the spouse

survived them in return for service necessary to receive an immediate pension on retirement

from Caterpillar.  The 1970 Summary Plan Description states:

> "Medical Benefits After Retirement
>
> > If you retire and are eligible for the immediate receipt of a pension under the Non-Contributory Pension Plan, you will be eligible for the Retired Medical Benefit Plan, continued at no cost." (Exhibit C to Complaint, p. 19)

The 1970 Summary Plan Description also contained the following clause on coverage for

survivors:

> "Survivors Coverage
>
> > For the surviving spouse of a retired employee, coverage will be continued for his or her lifetime at not cost." (Exhibit C to Complaint, p. 19)

21.    The 1986 Summary Plan Description contains language similar to that in the

1970 Summary Plan Description concerning retiree medical benefits:

> "Medical Benefits After Retirement
>
> > If you retire and are eligible for the immediate receipt of a pension (with at least 5 years of credited service) under the Non-Contributory Pension Plan, you will be eligible for the Retired Medical Benefit Plan, continued at no cost. The Plan will not duplicate benefits under Medicare. A leaflet describing the Retired Medical Benefit Plan is available at the plant Employee Benefits Office." (Exhibit D to Complaint, p. 41)

Under the section entitled "Conversion Privilege," the 1986 Summary Plan Description provides:

> "If an active employee dies when eligible to retire or if a retired employee dies, the surviving spouse will have coverage continued for his or her lifetime at no cost." (*Id.*)

22.     Plaintiffs accepted Caterpillar's offer for lifetime no-cost healthcare coverage by performing work for Caterpillar under the labor agreements, benefit plans, benefit booklets and Summary Plan Descriptions and fulfilling the service requirements necessary for the receipt of an immediate pension on retirement.  Plaintiffs and all class members or their deceased spouses provided the requisite service to vest in the benefit by working for Caterpillar and becoming eligible for the immediate commencement of a monthly pension.

23.     Once Caterpillar made the offer of retiree medical benefits at no cost in return for completion of the requisite service necessary for the immediate receipt of a pension upon retirement, with no reservation of rights, as in the 1970 SPD and as reconfirmed in the 1978 benefit plan, Caterpillar could no longer revoke the offer once plaintiffs and the class accepted it by their performance.

24.     Plaintiffs and the class became vested in the retiree medical benefits at least by when they became eligible for immediate commencement of a monthly pension or when they retired and began receiving a pension.

25.     The 1988 labor agreement between Caterpillar and the UAW expired for most employees on October 31, 1991. A new labor agreement did not become effective until March 16, 1998.

26.     Effective December 1, 1992 Caterpillar announced a cap on the amount Caterpillar would pay for future retiree health care with all costs above the cap be borne by the retirees.  The announcement purported to make the cap retroactive, impacting all retirees who had retired post January 1, 1992.

27.     Caterpillar in December 1992 explained that the cap would begin January 1, 2000 and thereafter, it would pay no more for retiree healthcare coverage than the amount it had paid in 1999. According to the 1992 announcement, if the healthcare coverage costs in 2000 exceeded the 1999 amount, all persons who retired on or after January 1, 1992 would be assessed a monthly premium to make up the shortfall. Only those employees who retired on or after January 1, 1992 would be subject to the cap and the assessment.  Each of the plaintiffs or plaintiff's deceased spouse (in the case of survivor plaintiff Jackson-Chittum) retired after January 1, 1992.

28.     In 1998, Caterpillar and the UAW agreed to create a Voluntary Employee Benefits Association Trust ("VEBA" Trust Fund) to temporarily cover the retiree healthcare premium costs above the cap Caterpillar had previously announced until the Trust was exhausted. The VEBA Trust Fund covered the retiree healthcare assessments until October 1, 2004, when it was exhausted.

29.     Effective October 1, 2004, Caterpillar began charging plaintiff retirees and the class (but not plaintiff Jackson-Chittum and other surviving spouses) a monthly retiree healthcare premium deducted from their pension payments. The initial monthly premium costs ranged from $134.44 to $280.88, depending on family status (single, married, family, on Medicare or not). In addition, the named plaintiffs and Class members have been forced to pay increased charges for drug prescription co-pays, deductibles and other out-of-pocket expenses.

31.     Caterpillar's conduct demonstrates that the rights to the lifetime medical benefits did not end with the expiration of the 1988 labor agreement on October 1, 1991. Caterpillar continues to provide retiree medical benefits at no cost to former employees and their spouses

who were eligible for immediate commencement of a monthly pension and retired before January 1, 1992.

32. Caterpillar, in unilaterally charging for retiree healthcare benefits bargained for as early as 1970, and as reconfirmed in the 1979 and 1988 plan documents, breached its obligations to provide lifetime health insurance at no cost to plaintiffs and the class members who performed under the agreement by attaining the necessary service for an immediate receipt of a pension on retirement and retired on or after January 1, 1992 and before March 16, 1998 the effective date of a new collective bargaining agreement entered into by the UAW and Caterpillar.

33. Plaintiffs' retirement health insurance benefits were vested and could not be unilaterally taken away.

34. In addition, the plaintiffs and class members are entitled to lifetime retirement benefits under the 1988 Summary Plan Description under which they retired.

## CLASS ACTION ALLEGATIONS

35. Plaintiffs brings this action pursuant to Rule 23(b)(2), and (b)(1) and/or (b)(3) of the Federal Rules of Civil Procedure on behalf of themselves and other persons similarly situated. Plaintiffs seek to represent a class for Counts I and IV, of all persons:

    a.    who are or were participants or beneficiaries in Caterpillar's Plan that provided for retiree medical insurance benefits; and

    b.    for whom the UAW had been the employees' collective bargaining representative at the time of their retirement from Caterpillar, Inc.; and

    c.    (i) who began working for Caterpillar prior to the expiration of the1988 labor agreement and who retired on or after January 1, 1992 and before March 16, 1998 and became eligible for the immediate commencement of a monthly pension (with at least 5 years of credited service) under the Non-Contributory Pension Plan upon retirement; and (ii) in the case of

beneficiaries of such retirees, who is a surviving participant spouse whose employee spouse fulfilled the conditions above leaving a spouse with a survivor pension.

36.     The court should also certify a subclass for Counts II and V, of all persons:

(i) who were eligible to retire and receive an immediate commencement of a monthly pension (with at least 5 years of credited service) under the Caterpillar Non-Contributory Pension Plan prior to January 1, 1992, but who continued working and retired on or after January 1, 1992 and before March 16, 1998; and

(ii) in the case of beneficiaries of such retirees, who is a surviving participant spouse whose employee spouse fulfilled the conditions above leaving a spouse with a survivor pension.

37.     In addition, the court should certify as a subclass for Counts III and VI, of all persons:

(i) who were Caterpillar Logistic Service employees who became eligible for the immediate receipt of a pension (with at least 5 years of credited service) under the Non-Contributory Pension Plan and who retired on, or after January 1, 1992 and before March 16, 1998; and

(ii) in the case of beneficiaries of such retirees, who is a surviving participant spouse whose employee spouse fulfilled the conditions above leaving a spouse with a survivor pension.

38.     In addition, the court should certify as a subclass for Counts VII and VIII, all persons who are a surviving spouse of a Caterpillar retiree who retired on or after January 1, 1992 and before March 16, 1998.

39.     Joinder of numerous members of the class and subclass, numbering in the hundreds, would be impractical.

40.     This case depends on the resolution of common questions of fact and law affecting all members of the class and subclass.

41.    The common questions include: 1) whether the reductions in retiree medical benefits are actionable under Section 301 of the LMRA, 29 U.S.C. § 185(a), on the ground that the class members' retiree medical benefits were covered by labor agreements between Caterpillar and the UAW, and that defendant Caterpillar breached obligations under these agreements; and (2) whether the reductions in retiree medical benefits are actionable under Sections 502(a)(1)(B) and (a)(3) of ERISA, 29 U.S.C. §§ 1132(a)(1)(B) and (a)(3), since the labor agreements and Summary Plan descriptions are governing Plan documents, the terms of which Caterpillar has violated.

42.    Plaintiffs' claims are typical of those of the members of the class and subclasses they seek to represent, in that: (1) their claims relate to the same employee benefit plans as do the claims of the other class members, and relate to successive labor agreements and Summary Plan Descriptions containing substantially identical provisions; and (2) Caterpillar's conduct which is the subject of plaintiffs' challenge is the same conduct that had adversely affected the other class and subclass members.

43.    Plaintiffs will fairly and adequately represent the interests of the class and subclasses because their claims are the same as those members of the class and subclasses, and because they have secured the representation of attorneys who are skilled and knowledgeable in pursuing litigation of this kind.

44.    This action is maintainable as a class action under Rule 23(b)(2), since the unlawful actions of Caterpillar, as alleged herein, have been taken on grounds equally applicable to all members of the class and subclasses, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class and subclasses as a whole.

45.     Alternatively, this action is maintainable as a class action under Rule 23(b)(1), as the prosecution of separate actions by or against individual members of the class and subclasses would create a risk of (a) inconsistent or varying adjudications with respect to individual members of the class and subclasses, which would establish incompatible standards of conduct for the party opposing the class; or (b) adjudications with respect to individual members of the class and subclasses, which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

46.     Alternatively, this action is maintainable as a class action under Rule 23(b)(3), as common questions of law and fact described above predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

## COUNT I
## On Behalf of the Entire Class
### (Violations of Labor Agreements, Actionable Under Section 301 of the LMRA)

47.     Plaintiff re-allege and incorporate by reference the above paragraphs of this Complaint as though set forth in this Count I.

48.     As noted, in the years before their retirements and at the time they retired, plaintiffs and the class and subclass members were the subject of labor agreements between Caterpillar and the UAW. Under those agreements, plaintiffs' and the class and subclass members' rights to healthcare benefits were vested, and subsequent reductions in benefits made by Caterpillar infringed upon those vested rights.

49. Accordingly, the reductions violate collectively bargained obligations owed to plaintiffs and the class members and their eligible spouses and dependents, and are actionable under Section 301 of the LMRA, 29 U.S.C. § 185(a).

**COUNT II**
**On Behalf of Plaintiff Freda Jackson-Chittum, Calvin E. Grogan, Kenneth C. Hammer, Charles A. Waterfield and the Subclass of Those Eligible to Retire Prior to January 1, 1992**
**(Violations of Labor Agreements, Actionable Under Section 301 of LMRA)**

50. Plaintiffs re-allege and incorporate by reference the above paragraphs of this Complaint as though set forth in this Count II.

51. Plaintiff Freda Jackson-Chittum's deceased spouse David Jackson, plaintiffs Charles A. Waterfield, Kenneth C. Hammer, Calvin E. Grogan and similarly situated class members were eligible to retire prior to the January 1, 1992 (the date, according to Caterpillar, that employees who retired on or after January 1, 1992 would pay healthcare premium costs above Caterpillar's capped contributions through an automatic monthly pension deduction).

52. Even though these class members were eligible to retire (prior to January 1, 1992), they continued working. They were not provided any advance notice to enable them to retire prior to the January 1, 1992 date, as Caterpillar made its announcement of the cut-off later in 1992, after the January 1 date had already expired.

53. In the years before their retirements and at the time they retired, the husband of plaintiff Freda Jackson-Chittum, plaintiffs Grogan, Hammer, Waterfield and similarly situated subclass members who were eligible to retire prior to January 1, 1992, were subject to labor agreements between Caterpillar and UAW. Under those agreements, plaintiffs' and the subclass members' rights to healthcare benefits were vested at least by the time they became eligible to

retire, rather than the time they actually retired. Subsequent reductions in retiree healthcare benefits made by Caterpillar infringed upon those vested rights.

54.     Accordingly, Caterpillar's reductions in retiree healthcare violate collectively bargained obligations owed to plaintiffs Jackson-Chittum, Grogan, Hammer, Waterfield and similarly situated subclass members and their eligible spouses and dependents, and are actionable under Section 301 of the LMRA, 29 U.S.C. § 185(a).

### COUNT III
### On Behalf of Plaintiffs Gary Winnett, William H. Dailey and the Subclass of CLS Employees Who Retired On or After January 1, 1992 and before March, 1998
**(Violations of Labor Agreements, Actionable Under Section 301 of LMRA)**

55.     Plaintiffs re-allege and incorporate by reference the above paragraphs of this Complaint as though set forth in this Count III.

56.     On October 1, 1991, the 1988 labor agreement between Caterpillar and the UAW expired for all employees with the exception of Caterpillar Logistic Services ("CLS") employees. Caterpillar entered a "no-strike agreement" with the UAW for CLS employees. The UAW and Caterpillar agreed that the 1988 labor agreement would be extended for CLS employees until after a new agreement was reached between Caterpillar and the UAW. The 1988 labor agreement continued for CLS employees from October, 1991 until March 16, 1998 in return for the UAW's agreement not to strike the CLS facilities. Caterpillar and the UAW did not reach a new labor agreement until March 16, 1998.

57.     In 1992 Caterpillar announced unilateral changes to the terms and conditions of employment. It stated that the implementation of the changes did not apply at the Morton/Dalavan and Memphis facilities. Caterpillar further stated that the terms of the 1988

Caterpillar Logistics Services Agreement provide that the 1988 Agreement is extended for employees at those facilities.

58.     Plaintiffs Gary Winnett , William H. Dailey and similarly situated subclass members retired under the 1988 labor agreement, prior to March 16, 1998, when the new labor agreement became effective for the CLS workforce. Caterpillar continues to provide retiree healthcare for life at no cost to retirees who retired under the 1988 agreement before January 1, 1992, and must similarly provide retiree healthcare benefits at no cost to the plaintiffs Winnett, Dailey and the subclass of similarly situated CLS retirees.

59.     Accordingly, Caterpillar's reductions in retiree healthcare violate collectively bargained obligations owed to plaintiffs Winnett, Dailey and similarly situated subclass members and their eligible spouses and dependents, and are actionable under Section 301 of the LMRA, 29 U.S.C. § 185(a).

### COUNT IV
### On Behalf of the Entire Class
### (Violation of Plan, Actionable Under Section 502 of ERISA)

60.     Plaintiffs re-allege and incorporate by reference the above paragraphs of this Complaint as though set forth in this Count IV.

61.     By taking the actions described above, Caterpillar violated the rights of the plaintiffs and the class members and subclass members under the Plan's governing documents. Specifically, under those governing documents, plaintiffs and the class members rights to retiree medical benefits were vested and could not be adversely affected by purported amendments and unilateral imposition of part of the cost of coverage on plaintiffs and the class members.

62. By acting in violation of the terms of the documents governing the Plan, Caterpillar has engaged in conduct actionable under Sections 502(a)(1)(B) and (a)(3) of ERISA 29 U.S.C. §§ 1132(a)(B) and (a)(3). Those statutory provisions state that a participant or beneficiary may bring a civil action "to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan," and further to "enjoin any act or practice which violates or ... to enforce ... the terms of the plan."

63. Caterpillar's modification to the retiree healthcare benefits plan of the plaintiffs and the class is a breach of Caterpillar's obligations under the employee benefits plan documents.

### COUNT V
**On Behalf of Plaintiff Freda Jackson-Chittum, Calvin E. Grogan, Kenneth C. Hammer, Charles A. Waterfield and the Subclass of Those Eligible to Retire Prior to January 1, 1992**
**(Violation of ERISA § 102: Failure to Provide an Adequate Summary Plan Description)**

64. Plaintiffs re-allege and incorporate by reference the above paragraphs of this Complaint as though set forth in this Count V.

65. By taking the actions described above, Caterpillar violated the rights of the plaintiffs and the class members when the Summary Plan Description failed to meet the minimum requirements of ERISA's § 102 under which the Summary Plan Description must specify "the plan's requirements respecting eligibility for participation and benefits; ... *circumstances which may result in disqualification, ineligibility, or denial or loss of benefits ....*" 29 U.S.C. § 1022(b) (emphasis added).

66. Caterpillar failed to provide any notice to the spouse of survivor plaintiff Freda Jackson-Chittum and plaintiffs Calvin E. Grogan, Kenneth C. Hammer, Charles A. Waterfield and the subclass of those eligible to retire prior to January 1, 1992 that failure to retire before

January 1, 1992 would result in their being charged for retiree medical benefits. Caterpillar's conduct in unilaterally adopting this change without notice to employees who were eligible to retire prior to the January 1, 1992 cut-off date, violated ERISA's § 102, and the implementing regulations of the Secretary of Labor which require that each Summary Plan description contain "a statement clearly identifying circumstances which may result in ... loss, forfeiture, or suspension of any benefits that a participant might otherwise reasonably expect the plan to provide on the basis of the [Summary Plan Description's] description of benefits." 29 C.F.R. § 2520.102-3(1). As plaintiff Jackson-Chittum spouse, David Jackson, plaintiffs Grogan, Hammer, Waterfield and similarly situated subclass members and the class members were all qualified to retire prior to January 1, 1992, notice was critical of any date which could have rendered their vested benefits illusory.

67. After the 1988 CBA expired some employees retired between October 31, 1991 and January 1, 1992. Caterpillar does not subject such retirees to the imposition of the cap on their health care benefits.

68. Caterpillar provided no notice that individuals with the requisite service for an immediate pension could retire, as some Caterpillar employees did, after the expiration of the 1988 CBA on October 31, 1991 and before January 1, 1992 and not be subject to the imposition of the cap on health care benefits.

69. Accordingly, plaintiff Freda Jackson-Chittum, Calvin E. Grogan ,Kenneth C. Hammer, Charles A. Waterfield and similarly situated subclass members are entitled to appropriate equitable relief under ERISA § 502 (a)(3) and/or additional benefits under ERISA § 502 (a)(1)(B).

561907.1

18

## COUNT VI
### On Behalf of Plaintiff Gary Winnett, William H. Dailey and the Subclass of CLS Employees Who Retired On or After January 1, 1992 and Before March 16, 1998
**(Violation of Plan, Actionable Under Section 502 of ERISA)**

70.     Plaintiffs re-allege and incorporate herein by reference the above paragraphs of this Complaint as though set forth in this Count VI.

71.     By taking the actions described above, Caterpillar violated the rights of plaintiffs Gary Winnett, William H. Dailey and similarly situated subclass members who retired under the Caterpillar Logistics Service Agreement on or after January 1, 1992 and before March, 1998 under the Plan's governing documents. Specifically, under those governing documents, plaintiffs' and the class members' rights to retiree medical benefits were vested and could not be adversely affected by purported amendments and unilateral imposition of part of the cost of coverage on plaintiffs Winnett, Dailey and the subclass members.

72.     By acting in violation of the terms of the documents governing the Plan, Caterpillar has engaged in conduct actionable under Sections 502(a)(1)(B) and (a)(3) of ERISA 29 U.S.C. §§ 1132(a)(B) and (a)(3). Those statutory provisions state that a participant or beneficiary may bring a civil action "to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan," and further to "enjoin any act or practice which violates or ... to enforce ... the terms of the plan."

## COUNT VII
### On Behalf of Plaintiff Freda Jackson-Chittum and the Subclass of Surviving Spouses of Caterpillar Retirees Who Retired On or After January 1, 1992 and Before March 16, 1998
**(Violations of Labor Agreements, Actionable Under Section 301 of LMRA)**

73.     Plaintiffs re-allege and incorporate by reference the above paragraphs of this Complaint as though set forth in this Count VII.

74. As noted, in the years before the retirement of David Jackson, the deceased spouse of plaintiff Freda Jackson-Chittum, was the subject of labor agreements between Caterpillar and the UAW. Those agreements provided that, following the death of a retiree, health care coverage for his dependents would be continued "for the remainder of his surviving spouse's life without cost." Under those agreements, plaintiff Jackson-Chittum and the subclass of surviving spouse's rights to health care benefits were vested, and subsequent reductions in benefits made by Caterpillar infringed upon those rights.

75. Following the expiration of the 1988 CBA Caterpillar continued to provide surviving spouses with fully paid retiree health care coverage regardless of when their spouse retired from Caterpillar.

76. Caterpillar agreements and benefit plans continued to provide lifetime language for health care benefits until at least January 10, 2005. It was not until 2005, that Caterpillar announced its intention to begin charging plaintiff Jackson-Chittum and similarly situated surviving spouses' retiree health care premiums effective 2006. The announcement stated that the 2006 monthly premium costs for surviving spouses would range from $87.00 to $166.00 depending on family status.

77. After the Complaint was filed in this case on March 28, 2006, in mid-April, 2006 Caterpillar sent a letter that informed plaintiff Jackson-Chittum that it "had elected to waive your health care premiums."

78. After receipt of the letter, Caterpillar continued to charge plaintiff Jackson-Chittum and the subclass of surviving spouses higher drug prescription co-pays, deductibles and out-of-pocket costs.

20

79.     Surviving spouse Jackson-Chittum seeks to enjoin Caterpillar from presently taking any deductions from her or the subclass member's survivor's pension for health care premiums now or in the future as well as ending the on-going increased charges for drug prescription co-pays, deductibles and out-of-pocket costs.

80.     Accordingly, Caterpillar's actions violate collectively bargained obligations owed to plaintiff Chittum-Jackson and the subclass of surviving spouses of Caterpillar retirees who retired on or after January 1, 1992 and before March 16, 1998, and is actionable under Section 301 of the LMRA, 29 U.S.C. § 85(a).

## COUNT VIII

### On Behalf of Plaintiff Freda Jackson-Chittum and the Subclass of Surviving Spouses of Caterpillar Retirees Who Retired On or After January 1, 1992 and Before March 16, 1998 (Violation of Plan, Actionable Under Section 502 of ERISA)

81.     Plaintiffs re-allege and incorporate by reference the above paragraphs of this Complaint as though set forth in this Count VIII.

82.     By taking the actions described above, Caterpillar violated the rights of the plaintiff Freda Jackson-Chittum and the subclass members under the Plan's governing documents.  Specifically, under those documents, plaintiff Jackson-Chittum's rights and the rights of the subclass members were vested and could not be adversely affected by purported amendments and unilateral imposition of part of the costs of coverage on plaintiff and the subclass.

83.     By acting in violation of the terms of the documents governing the Plan, Caterpillar has engaged in conduct actionable under Sections 502(a)(1)(B) and (a)(3) of  ERISA 29 U.S.C. §§ 1132(a)(B) and (a)(3).  Those statutory provisions state that a participant or

beneficiary may bring a civil action "to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan," and further to "enjoin any act or practice which violates or …to enforce…the terms of the plan."

84. Caterpillar's modification to the retiree health care plan of plaintiff Jackson-Chittum and the subclass of current and future surviving spouses of Caterpillar retirees who retired on or after January 1, 1992 and before March 16, 1998 is a breach of Caterpillar's obligations under the employee benefits plan documents.

85. Caterpillar's modification to the retiree healthcare benefits plan of the plaintiff and the subclass of surviving spouses of Caterpillar retirees who retired on or after January 1, 1992 and before March 16, 1998, is a breach of Caterpillar's obligations under the employee benefits plan documents.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request TRIAL BY JURY as well as the following relief:

(1) that the Court certify the action as an appropriate class action on behalf of the above class and subclasses and appoint the plaintiffs as adequate representatives and the plaintiffs' attorneys as counsel for the class and subclasses;

(2) that the Court declare that Caterpillar, Inc. violated its obligations under the Plan and labor agreements under which the class members were to receive retiree medical benefits throughout retirement;

(3) that the Court enjoin Caterpillar, Inc. to perform its contractual and statutory obligations under the Plan and labor agreements, and under ERISA and LMRA § 301, and in particular order Caterpillar, Inc. to reinstate full coverage for the class members, prohibit

Caterpillar from reducing coverage in the future, and reinstate plaintiffs, class members and subclass members who stopped participating in the plan after Caterpillar began charging for benefits;

(4)     that the Court award benefits, restitution and under § 301 monetary damages to restore all affected class members to the position in which they would have been but for Caterpillar's contractual and statutory violations; and

(5)     that the Court award the plaintiffs and the plaintiffs' attorneys reasonable counsel fees, costs, and expenses of the action and any other relief the Court deems appropriate.


Dated: September 5, 2006

Respectfully submitted

/s/ Elizabeth A. Alexander
Elizabeth A. Alexander

<table>
<tr><td>Michael M. Mulder</td><td>Elizabeth A. Alexander (BPR No. 19273)</td></tr>
<tr><td>Shona B. Glink</td><td>Kathryn E. Barnett (BPR No. 15361)</td></tr>
<tr><td>Jamie S. Franklin</td><td>Mark P. Chalos (BPR No. 19328)</td></tr>
<tr><td>Meites, Mulder, Mollica & Glink</td><td>Lieff, Cabraser, Heimann & Bernstein, LLP</td></tr>
<tr><td>20 South Clark Street, Ste., 1500</td><td>150 Fourth Avenue N, Suite 1650</td></tr>
<tr><td>Chicago, IL 60603</td><td>Nashville, TN 37219</td></tr>
</table>

Jay E. Sushelsky
AARP FOUNDATION LITIGATION
601 E. Street, NW
Washington, DC 20049

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on September 5, 2006, a true and correct copy of the foregoing **Plaintiffs' First Amended Complaint** was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

Lawrence S. Eastwood, Jr.
Baker, Donelson, Bearman,
Caldwell & Berkowitz, P.C.
211 Commerce Street, Suite 1000
Nashville, Tennessee 37201

Columbus R. Gangemi, Jr.
Joseph J. Torres
Winston & Strawn LLP
35 West Wacker Drive
Chicago, Illinois 60601

/s/ Elizabeth A. Alexander
Attorney for Plaintiffs