IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| GARY T. WINNETT, FREDA JACKSON-CHITTUM, CASPER R. HARRIS, WILLIAM H. DAILEY, CALVIN E. GROGAN, KENNETH C. HAMMER, and CHARLES A. WATERFIELD, on behalf of themselves and others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>CATERPILLAR, INC.,<br><br>    Defendant. | Case No. 3:06-cv-00235<br>District Judge Trauger<br>Magistrate Judge Brown<br><br>Class Action |

**MEMORANDUM**

Currently pending before the court is a Motion for Clarification and Certification of Issue for Interlocutory Appeal filed by the defendant (Docket No. 129), the plaintiffs' opposition thereto (Docket No. 135), and the defendant's reply (Docket No. 136). For the reasons explained herein, the defendant's motion will be denied in part and granted in part.

I.    Introduction

In this retiree health insurance benefits action brought by former employees of the defendant Caterpillar, Inc. ("Caterpillar") and one surviving spouse, the court previously denied defendant Caterpillar, Inc.'s motion to dismiss the plaintiffs' amended complaint. (Docket Nos. 120, 121). Specifically, in its May 16, 2007 order and accompanying memorandum opinion, the court found that it had subject matter jurisdiction over this suit; the plaintiffs' right to lifetime,

1

no-cost health benefits vested under the 1988 central labor agreement ("CLA") and previous contracts; retirees were not required to allege breach of the duty of fair representation against UAW; the plaintiffs' action is timely brought, under either the applicable six- or ten-year statute of limitation; and the plaintiffs' allegations based on the summary plan descriptions state a claim. (Docket No. 120).

Caterpillar now moves the court to clarify its May 16, 1007 memorandum opinion on the following issues:

>    (1)    Whether in the court's judgment, vesting is based on an individual having attained "retirement" eligibility, or having attained "pension" eligibility; and
>
>    (2)    Whether vesting is based on an individual's having attained the requisite vesting status (see question 1 above) prior to the expiration of the 1988 labor contracts, or prior to Caterpillar's and the UAW's agreement to the successor     1998 labor contracts.

(Docket No. 129 at 1). In the same motion, Caterpillar requests the court to certify for interlocutory appeal the following question: whether the court has subject matter jurisdiction over plaintiffs' section 301 and ERISA claims. (*Id.*)

II.    Motion for Clarification

A district court has the inherent power to modify interlocutory orders prior to the entry of a final judgment. *Mallory v. Eyrich*, 922 F.2d 1273, 1282 (6th Cir. 1991). Final judgment has not been entered in this action.

Caterpillar first seeks clarification as to whether the court concluded that vesting with respect to the retiree medical benefits at issue in this lawsuit is contingent upon attaining pension eligibility, retirement eligibility, or both. (Docket No. 130 at 3). In response, the plaintiffs contend that, in

denying the motion to dismiss, the court addressed the issues presented, not the additional issues that the defendant now wants "clarified." (Docket No. 135 at 1). Further, the plaintiffs contend that the matter on which Caterpillar seeks clarification is a "non-issue" because the plaintiffs have limited the proposed class to persons who were or became retirement-eligible and retired before the 1998 contract; thus, the issue of persons who became pension-eligible, but not retirement-eligible, during the class period does not and will not arise in this case. (*Id.* at 2-3). In its reply, Caterpillar insists that the plaintiffs have not abandoned a vesting theory based on pension-eligibility alone and that, therefore, the retirement-eligible/pension-eligible distinction remains relevant. (Docket No. 136 at 3).

In its memorandum opinion, after finding that the governing documents created a vested right to retirement benefits, the court analyzed when those rights vested. (Docket No. 120 at 27-31). Guided by the parties' briefs, the court focused its analysis primarily on whether actual retirement was necessary for vesting, or whether retirement-eligibility was sufficient. (*Id.*) The court specifically noted that Caterpillar had not successfully distinguished several cases in which courts had construed similar contract language and held that vesting occurred when an employee became eligible for retirement. (*Id.*) The court then held that, in the instant case, based on the governing contracts, vesting could occur either (1) upon actual retirement (so long as the employee was eligible for the receipt of a pension and had at least five years of credited service, as set forth in ¶ 5.15 of the 1988 GIP) or (2) upon attaining retirement eligibility (so long as the employee was eligible for the receipt of a pension and had at least five years of credited service, as set forth in ¶ 5.15 of the 1988 GIP). (*Id.*) In other words, the court rejected Caterpillar's argument that actual retirement was

3

necessary for vesting.  (*Id.*)

The issue of whether pension-eligibility alone is sufficient under the governing documents for vesting was not raised in connection with Caterpillar's motion to dismiss.  The parties presently disagree as to whether the plaintiffs are, at this time, pursuing a theory of vesting based on pension-eligibility alone.  This matter has not been fully briefed and has not been addressed by the court previously.  Therefore, there is no basis for the defendant to seek clarification of a ruling which the court never issued.

Next, Caterpillar seeks clarification as to whether vesting must have occurred before the expiration of the 1988 labor contracts or before the signing of the 1998 labor contracts.  (Docket No. 130 at 3).  The court agrees with Caterpillar that the resolution of this issue will impact the scope of this litigation.  However, the court has not issued a ruling in this regard.  In denying the defendant's motion to dismiss, the court recognized that there were outstanding questions of fact pertinent to the resolution of this issue and others.  The court anticipated that after discovery these and others matters would likely be addressed by the parties by way of dispositive motions and responses thereto.

Moreover, the plaintiffs advance several theories of recovery, making Caterpillar's framing of the timing issue too narrow.  For example, CLS retirees contend that they continued to work and retired under the terms of 1988 contract which, as to them, was still in effect through at least 1998. Thus, their vesting theory does not fall within the narrow confines of Caterpillar's either/or framework. The plaintiffs will develop their theories as to when vesting must have occurred in due time, and the court will resolve them in the normal course of litigation; the issues are not appropriate for resolution on a motion for clarification.  The defendant's request for clarification on this matter

4

therefore will be denied.

III.     Motion to Certify Issue for Interlocutory Appeal

Pursuant to 28 U.S.C. § 1292(b), Caterpillar requests the court to certify for interlocutory appeal the following question: whether the court has subject matter jurisdiction over plaintiffs' section 301 and ERISA claims. (Docket No. 129 at 1).

Interlocutory appeals may be granted when there is substantial ground for differing opinions regarding a controlling issue of law and when an immediate appeal from the order would materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b).[1] Interlocutory appeals are an exception to the general policy against piecemeal appellate review embodied in the final judgment rule. *Iron Workers Local Union No. 17 Ins. Fund v. Philip Morris Inc.*, 29 F. Supp.2d 825 (S.D. Ohio 1998). Therefore, certification under section 1292(b) is to be "sparingly" applied. *Vitols v. Citizens Banking Co.*, 984 F.2d 168, 170 (6th Cir. 1993); *Kraus v. Bd. of Road Commissions*, 364 F.2d 919, 922 (6th Cir. 1966). Avoiding a piecemeal appeal is preferable except in the extraordinary type of case contemplated by § 1292(b). *Cardwell v. Chesapeake & Ohio Ry. Co.*, 504 F.2d 444 (6th Cir., 1974); *Krause*, 364 F.2d at 922.

Section 1292(b) applies to interlocutory orders that are not otherwise appealable and requires the existence of three elements: (1) it must involve a controlling question of law; (2) there must be

---

[1] Section 1292(b) of Title 28 provides:
> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

28 U.S.C. § 1292(b).

substantial ground for difference of opinion about it; and (3) immediate appeal must materially advance the ultimate termination of the litigation. *In re City of Memphis*, 293 F.3d 345, 350 (6th Cir. 2002); *Cardwell*, 504 F.2d at 446. While review is discretionary, "[i]nterlocutory appeal is favored where reversal would substantially alter the course of the district court proceedings or relieve the parties of significant burdens." *Gaylord Entm't Co. v. Gilmore Entm't Group*, 187 F. Supp.2d 926, 957 (M.D. Tenn. 2001). Moreover, interlocutory appeal is "most appropriate early in the proceedings," *id.*, and in "protracted and expensive litigation, where failure to resolve a question of law early in the case could lead to the placement of an enormous burden on the parties." *In re James River Coal Co.*, 2006 WL 3761965, at *3 (M.D. Tenn. 2006)(citations omitted).

In its May 16, 2007 memorandum opinion resolving Caterpillar's motion to dismiss, the court found that it has subject matter jurisdiction over the plaintiffs' Section 301 LMRA and ERISA claims. (Docket No. 120 at 16-20). The court recognized that it lacks jurisdiction over claims arising under an expired or superseded labor contract or welfare benefit plan. (Docket No. 120 at 16, 20). Therefore, jurisdiction lies over the plaintiffs' claims only if their rights under the 1988 labor contracts vested prior to the contracts' expiration in 1991. Interpreting the language of the labor contracts and examining the defendant's conduct, the court concluded that the plaintiffs' rights so vested. (Docket No. 120 at 21-27).

      A.      *The issue involves a controlling question of law*.

A question of law is controlling "if it could materially affect the outcome of the case." *In re City of Memphis*, 293 F.3d 345, 351 (6th Cir. 2002). "Among the categories of rulings that may be obviously suited for interlocutory appeal within the general criteria of the statute are those rejecting -- or, without final judgment, accepting -- challenges to subject matter jurisdiction." *See*

6

16 C. Wright & A. Miller, *Federal Practice and Procedure* § 3931 (3d ed. 2004). Applying § 1292(b), courts have certified issues of subject matter jurisdiction for interlocutory review. *See, e.g., SHR Ltd. P'ship v. Braun*, 888 F.2d 455, 456 (6th Cir. 1989)(considering on interlocutory appeal the denial of a motion to dismiss for lack of diversity jurisdiction); *Durant v. Servicemaster Co.*, 147 F. Supp.2d 744, 752 (E.D. Mich. 2001)(same); *Rose v. Giamatti*, 721 F. Supp. 924, 928 (S.D. Ohio 1989)(same). The parties agree, and the court finds, that subject matter jurisdiction is a compelling question of law. (Docket No. 135; Docket No. 136 at 4).

The parties also agree that jurisdiction turns on purely the legal issue of whether the plaintiffs' rights to retirement medical benefits could vest under the 1988 labor contracts while they were active, union-represented employees. The parties disagree on whether this issue presents a substantial ground for difference of opinion, and whether immediate resolution of this issue will materially advance the litigation.

      B.    *There is substantial ground for difference of opinion concerning the court's resolution of this issue.*

Section 1292(b) requires the court to determine whether there is "a substantial ground for a difference of opinion" concerning the ruling at issue. This requirement may be satisfied in several ways. For example, a substantial ground for a difference of opinion exists when "(1) the issue is difficult and of first impression; (2) a difference of opinion exists within the controlling circuit; or (3) the circuits are split on the issue." *Gaylord Entm't*, 187 F. Supp.2d at 956 (quotation omitted). Likewise, a substantial ground for a difference of opinion may exist where the Sixth Circuit "has not

rendered a decision on the matter," and the relevant authorities are "susceptible to competing

7

interpretations." *West Tenn. Chapter of Assoc. Builders*, 138 F. Supp.2d at 1026.

Moreover, "[t]he level of uncertainty required to find a substantial ground for difference of opinion should be adjusted to meet the importance of the question in the context of the specific case." 16 C. Wright & A. Miller, *Federal Practice and Procedure* § 3930 (3d ed. 2004). That is, "[i]f the proceedings that threaten to endure for several years depend on an initial question of jurisdiction, limitations, or the like, certification may be justified at a relatively low threshold of doubt." *Id.*

Caterpillar contends that several Sixth Circuit decisions, as well as fundamental labor law principles, provide substantial grounds for difference of opinion on the issue of jurisdiction. Caterpillar argues that, given the early stage of these proceedings, the importance of the jurisdictional question, and the substantial resources that could be saved by an early appellate determination of jurisdiction, this court would be justified in certifying the jurisdictional question even "at a relatively low threshold of doubt." (Docket No. 130 at 10).

In its May 16, 2007 memorandum opinion, the court recognized that the 1988 labor contracts, in which most of the plaintiffs ground their rights to lifetime no-cost retiree medical benefits, expired on November 3, 1991.[2] In addition, the court recognized that all of the plaintiffs and the putative class members they seek to represent retired after the 1988 labor contracts expired (excluding, arguably, CLA workers). Within this framework, the court concluded that the plaintiffs could proceed with their claims on the theory that they vested in the retiree medical benefits outlined

---

[2]As recognized by the court, the only exception was at those CLA facilities covered by a separate agreement negotiated by Caterpillar and the UAW called the Caterpillar Logistics Services ("CLS") Agreement. The plaintiffs contend that the CLS Agreement continued the 1988 labor contracts for CLA employees working at a facility covered by the CLS Agreement until after the parties negotiated a successor labor agreement. Plaintiffs Winnett and Dailey were CLS workers who retired in 1996 and 1994, respectively.

in the 1988 IPA and GIP while still active employees. (Docket No. 120 at 17-18). Then, relying on the Sixth Circuit's decision in *UAW v. Yard-Man*, 716 F.2d 1476, 1479-80 (6th Cir. 1983), as well as a number of other cases, the court held that, "in interpreting the language of the relevant documents, the court finds evidence that Caterpillar intended to confer lifetime vested retiree medical benefits upon the plaintiffs. In addition, looking to the larger context in which the agreement exists, the court finds that extrinsic evidence supports its determination that the parties intended the retirement benefits to survive the expiration of the CBA." (Docket No. 120 at 27). The court went on to hold that, based on the governing contracts, vesting could occur either (1) upon actual retirement (so long as the employee was eligible for the receipt of a pension and had at least five years of credited service, as set forth in ¶ 5.15 of the 1988 GIP), or (2) upon attaining retirement eligibility (so long as the employee was eligible for the receipt of a pension and had at least five years of credited service, as set forth in ¶ 5.15 of the 1988 GIP). (*Id.* at 27-31). To conclude otherwise, found the court, would render any promise of future retiree benefits illusory. (Docket No. 120 at 30-31). The court therefore concluded it had subject matter jurisdiction, distinguishing, among others, the Sixth Circuit's holdings in *Heussner v. Nat'l Gypsum Co.*, 887 F.2d 672 (6th Cir. 1989), and its progeny.

Caterpillar argues that the court's holding constitutes an extension of *Yard-Man* in a manner that conflicts with federal labor law and policy. (Docket No. 130 at 8). Caterpillar maintains that the plaintiffs retired after the expiration of the 1988 labor contracts, and thus could not have had vested rights in light of the terms of the agreement and the federal labor law requirements that such benefits remain subject to future bargaining. (*Id.* at 11). Caterpillar concedes that the line of decisions upon which its argument relies rests largely on the rationale that the Sixth Circuit has

9

consistently "interpreted Section 301(a) in a strict manner," and that "there is at least a reasonable possibility the Sixth Circuit would take a different view." (*Id.* at 11-12)(citing *Heussner*, 887 F. 2d at 676 n.2; *Bauer*, 368 F.3d at 579 n.5).

Although the court stands by its original decision for the reasons set forth in its prior memorandum opinion, the court agrees that there is substantial ground for difference of opinion on the issues of whether retirement benefits under the 1988 labor contracts could vest only upon actual retirement (as opposed to upon eligibility for retirement), and whether the *Yard-Man* inference applies to, or should be extended to, active, in-service employees. These issues directly affect the court's ruling as to subject matter jurisdiction. The controlling precedent does not address or definitively resolve the precise legal questions presented herein, and the defendant interprets that existing precedent differently than the plaintiffs and the court. If the Sixth Circuit intends the *Heussner*-line of cases to allow parties to draft contracts in such a way that active employees' retirement benefits may vest before they actually retire (as the court found to be the case here), the Sixth Circuit should have an early opportunity to say so. The court finds that these decisions, as well as the others cited by the court in its previous opinion, are "susceptible to competing interpretations," and, therefore, this factor weighs in favor of certifying the matter for interlocutory review.

Courts have certified the same or similar questions presented here. *See e.g., Yard-Man*, 716 F.2d 1476, 1479 (certifying question of whether defendant breached contracts with plaintiffs by cancelling or unilaterally changing retiree health care benefits); *Sprague v. Gen. Motors Corp.*, 768 F. Supp. 605, 606 (E.D. Mich. 1991)(certifying whether, as a matter of contract interpretation, health care benefits for a class of salaried retirees vested upon retirement); *Howe v. Varity Corp.*, 1989 WL

10

95595, at *20 (S.D. Iowa 1989)(certifying question of whether plaintiffs had vested right to retirement benefits).

> C. *Immediate appeal of this issue will materially advance the ultimate termination of the litigation.*

An interlocutory appeal materially advances the ultimate termination of the litigation when it "save[s] judicial resources and litigant expense." *West Tenn. Chapter of Assoc. Builders and Contractors, Inc. v. City of Memphis*, 138 F. Supp.2d 1015, 1026 (W.D. Tenn. 2000). The interlocutory determination of threshold issues, such as standing, may be particularly helpful in "advanc[ing] the ultimate termination of the litigation." *In re Trailer Source, Inc.*, 2007 WL 1240451, at *4 (M.D. Tenn. 2007)(Trauger, J.)(granting an interlocutory appeal).

Caterpillar contends that the jurisdictional issue presents a narrow, controlling legal question which, if resolved differently by the Sixth Circuit, would terminate a substantial portion of the litigation, thereby saving the parties and the judicial system significant time and expense associated with litigating these complex class claims. (Docket No. 130 at 5). The plaintiffs disagree, stating that "the same discovery and litigation will be required regardless" of the court's decision. (Docket No. 135 at 11). However, the jurisdictional issue affects over eighty percent (80%) of the claims in this case. (Docket No. 136 at 2). If the Sixth Circuit reverses the court's finding as to vesting and subject matter jurisdiction, the vast majority of the claims would be resolved. The remaining legal issues and the scope of the remaining discovery would be drastically narrowed. Certification, therefore, has the potential to save the parties and the judicial system significant resources.

While Caterpillar has conceded that the court would retain jurisdiction over the claims of CLS retirees and surviving spouses (Docket No. 129 at 8), that a small fraction of claims may

11

remain does not negate the substantial benefit to be derived from certification. In *West Tennessee*, 138 F. Supp.2d at 1026, the court certified an evidentiary issue, even though the district court would retain jurisdiction over the entire case, regardless of the outcome of the appeal. The court stated that "[i]nterlocutory appeal is favored where reversal would *substantially* alter the course of the district court proceedings or relieve the parties of *significant* burdens." *Id.* (emphasis added). Such is the case here, even considering that the CLS workers and surviving spouses' claims will remain, as well as the plaintiffs' ERISA claim based upon Caterpillar's failure to issue a new summary plan description. Moreover, because this court is not required to stay proceedings during the pendency of an interlocutory appeal under § 1292(b), an interlocutory appeal would not hinder the progress or ultimate termination of this litigation. Certification of the jurisdictional issue here, then, is entirely appropriate.

IV.     Conclusion

For the reasons explained herein, the defendant's motion for clarification and certification of issue for interlocutory appeal (Docket No. 129) will be denied in part and granted in part. The defendant's motion for clarification will be denied. The defendant's motion to certify an issue for interlocutory appeal will be granted.

An appropriate order will enter.

                                                                   _____
                                                                   ALETA A. TRAUGER
                                                                   United States District Judge

12