IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| GARY T. WINNETT, FREDA JACKSON-CHITTUM, CASPER R. HARRIS, WILLIAM H. DAILEY, CALVIN E. GROGAN, KENNETH C. HAMMER, and CHARLES A. WATERFIELD, on behalf of themselves and others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> CATERPILLAR, INC., <br><br> Defendant/Third-Party Plaintiff, <br><br> v. <br><br> INTERNATIONAL UNION, UAW, *et. al*, <br><br> Third-Party Defendants. | Case No. 3:06-cv-00235 <br> District Judge Trauger <br> Magistrate Judge Brown <br><br> Class Action |

**CORRECTED MEMORANDUM**[1]

Currently pending before the court is a motion to compel by defendant/third-party plaintiff Caterpillar (Docket No. 210) and a motion for protective order by third-party defendants/counterclaim plaintiffs the International UAW and UAW Local Union 1086 (collectively, "the UAW" or "Union") (Docket No. 213) and the parties' respective responses to the pending motions (Docket Nos. 220 and 222). For the reasons explained herein, both Caterpillar's and the UAW's motions will be granted in part and denied in part.

---

[1] Only minor typographical errors have been corrected.

1

**I.     Introduction**

In the spring of 2006, two separate classes of retirees and surviving spouses brought suit against Caterpillar, each asserting that Caterpillar breached an obligation to provide them with lifetime, no-cost health benefits. In *Winnett*, a class of retirees and surviving spouses who retired from Caterpillar between 1992 and March 1998 seek relief under the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, and the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132, for Caterpillar's breach of its alleged promise in prior labor contracts to pay them lifetime, no-cost health benefits. (*See* Docket No. 120 at 2-3).  In *Kerns*, a class of surviving spouses of Caterpillar retirees who retired on or after March 16, 1998 and before January 10, 2005 seek relief under the LMRA and ERISA to prevent Caterpillar from breaching an alleged promise made in the 1998 labor contracts to pay lifetime health benefits to surviving spouses at no cost. (*See* 3:06-cv-1113, Docket No. 77 at 2-3).

In May 2007, Caterpillar served subpoenas on the International UAW and UAW Local Unions 145, 751, 786, 974, 1086, 1415 and 2096.[2] These subpoenas required the production of documents and information as described in twenty (20) numbered paragraphs. They sought a broad array of materials reflecting past collective bargaining negotiations between the UAW and Caterpillar, going back to "the inception of the collective bargaining relationship between the [UAW] and Caterpillar to the present." *See, e.g.*, Subpoena served on Local 1086 (Exh. 1 to Decl. of Michael Nicholson). Included within the reach of these requests are materials reflecting internal union strategies regarding the UAW's collective bargaining negotiations and contract administration

---

[2]The out of state local unions challenge the court's personal jurisdiction over them. (*See* Docket Nos. 86, 91, 164). The court will address their challenges in a forthcoming memorandum.

matters with Caterpillar. The subpoenas further required the production of record custodians for depositions following the document production. These depositions were originally scheduled for June 18, 19, 20, 26, and 27, 2007.

The UAW represents that it has identified "hundreds of thousands" of documents that are potentially responsive to Caterpillar's request. (Docket No. 214 at 3). However, the UAW has asked Caterpillar to stipulate that both parties may withhold sensitive bargaining strategy materials from discovery or, in the alternative, that such materials (if produced) could not be disclosed to persons who will responsible for future negotiations or contract enforcement between Caterpillar and the UAW. Despite the parties' repeated and ongoing attempts to resolve their disputes regarding discovery, they have been unable to reach a mutually acceptable agreement. To the court's knowledge, to date the only production the UAW has offered responds to only one of the twenty categories of information sought by Caterpillar's subpoenas.

Amidst Caterpillar and the Union's continuing struggle to reach an agreement on the discovery issues, the plaintiffs filed a motion for preliminary injunction on December 21, 2007. (Docket No. 200). Caterpillar then filed a motion requesting that plaintiffs' injunction motion be set for an evidentiary hearing following expedited discovery. (Docket No. 205). The court granted Caterpillar's motion for a hearing, allowing Caterpillar to engage in expedited discovery until February 29, 2008, and setting a hearing on the plaintiffs' motion for a preliminary injunction for March 7, 2008. (Docket No. 221). The court ordered Caterpillar to respond to the preliminary injunction motion by February 29, 2008. (*Id.*)

Caterpillar has filed the instant motion to compel, arguing that the UAW's intransigence and unjustified refusal to comply with the subpoenas impairs Caterpillar's ability to fairly defend against

3

the plaintiffs' injunction motion. (Docket No. 210). Caterpillar argues that the sought-after information is directly relevant to Caterpillar's defenses to the plaintiffs' claims, that the UAW cannot meet its burden of establishing that clearly relevant information should be protected from disclosure in discovery under a "collective bargaining" privilege, and that, even if the court allows the plaintiffs to assert such a privilege, the plaintiffs can only do so with respect to specific responsive documents or information and subject to the disclosures required by Federal Rules of Civil Procedure 26(b)(5) and/or 45(d)(2).

Meanwhile, the Union seeks a protective order barring the discovery of all documents reflecting the parties' collective bargaining and contract administration strategy and priorities. (Docket No. 213). Alternatively, the Union asks the court to enter an order barring the disclosure of such materials to persons, including counsel, who will be responsible for representing or advising Caterpillar (or, conversely, the UAW) in future bargaining or contract enforcement matters between Caterpillar and the UAW. The Union contends that its sensitive bargaining strategy materials merit protective under Federal Rule of Civil Procedure 26(c) because the materials constitute confidential information under federal labor law. It is the Union's position that disclosure of the UAW's collective bargaining strategies to Caterpillar would put it at an operational disadvantage in its future dealings with Caterpillar. The Union does not seek to protect union negotiation and bargaining strategy information pursuant to a claim of privilege under Rule 26(b). (*Id.* at 7 n.5).

**II. Analysis**

Federal Rule of Civil Procedure 26 contains the general provisions governing discovery. Specifically, Rule 26(b)(1) provides: "Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . . For good cause, the court may

order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence . . . ." Fed. R. Civ. P. 26(b)(1).

First, Caterpillar maintains that UAW's strategic bargaining information does not merit protection because the parties' negotiations are relevant; they are "the very crux of these lawsuits." (Docket No. 220 at 8). The Union agrees that, with regard to the issue of interpretation of the labor agreements between Caterpillar and the UAW, bargaining history can be useful extrinsic evidence is construing an ambiguous collective bargaining agreement. (Docket No. 222 at 8). However, the Union points out that Caterpillar makes no distinction between evidence that was passed across the table or disclosed to third-parties and evidence that remained wholly confidential to one side of the negotiations. (*Id.*) While agreeing that evidence showing what representations were made by one party to the other may be probative of the parties' intent in executing the contract, the Union asserts that the undisclosed, confidential bargaining strategies of a party to a contract are not probative of the meaning of the written agreement between the parties. The court agrees with the Union, given that the propriety and conduct of the parties in bargaining is not at issue here.

To the extent that any information regarding the UAW's confidential bargaining strategy and priorities *is* relevant to the claims and defenses in this case, the court agrees with the UAW that such information is confidential and must be protected from disclosure pursuant to Federal Rule of Civil Procedure 26(c)(7).

Although Caterpillar insists that the UAW seeks recognition of a "collective bargaining privilege" (*see* Docket No. 220 at 6), the UAW makes clear it is not asserting a privilege claim.

5

(Docket No. 222 at 10).³  Instead, the UAW asks the court to exercise its authority under Rule 26(c)(1)(G) to impose a protective order to protect the UAW's sensitive and confidential strategic bargaining materials from disclosure in the same manner as the district court did in *Titan International, Inc. v. George Becker*, No. 00-3257, Slip Op. (C.D. Ill. Nov. 26, 2002).

Federal Rule of Civil Procedure 26(c) provides that a court may enter a protective order when necessary "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . (1)(G) requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." Fed. R. Civ. P. 26(c)(1)(G).  This provision protects from disclosure material that would harm the disclosing party by placing it at a competitive disadvantage.  *See, e.g., Wedgewood Ltd. P'ship I v. Township of Liberty,* No. 2:04-CV-1069, 2007 WL 1796089, at *3 (S.D. Ohio June 21, 2007) (quoting *In re Knoxville News-Sentinel Co.*, 723 F.3d 470, 474 (6th Cir. 1983)).

A movant under this Rule must show that "(1) the interest for which protection is sought is an actual trade secret or other confidential business information that is protected under the rule; and (2) there is good cause for the entry of a protective order," i.e., that "disclosure will work a clearly defined and serious injury" to the movant. *Republic Servs., Inc. v. Liberty Mut.*

---

³Indeed, the district court in *Titan*, a case relied upon heavily by the UAW, held that "[t]here is no federal case law or statute requiring that negotiating strategies are privileged from disclosure" and found that the collective bargaining negotiating strategy at issue in that case was "not protected by any recognized privilege."  Slip Op. at 16.

6

*Ins. Cos.*, No. Civ. A. 03-494-KSF, 2006 WL 1635655, at *6 (E.D. Ky. June 9, 2006) (internal citations and quotation marks omitted).

In *Titan*, the case relied upon by the UAW, an employer brought an action under the Racketeering Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq.*, against the Steelworkers union and several Steelworkers locals, claiming the unions engaged in acts of violence to extort money from the employer. Slip Op. at pp. 1-2. In discovery, the employer sought from the unions information relating to their collective bargaining strategies and strike activities. *Id.* at pp. 15-16. In holding that these materials were protected from disclosure, the court reasoned:

> Plaintiffs and Defendants continue to deal with each other and anticipate negotiating future labor agreements. If the information sought is disclosed, future negotiations may be jeopardized. The Court agrees with Defendants that such information is confidential business information. Defendants' persuasive argument that future negotiations may be hampered is a legitimate reason to protect such information as confidential. Defendants have demonstrated to this Court's satisfaction that the documents comprising Defendants' collective bargaining negotiating strategies are confidential. Plaintiffs' argument that information from this labor dispute is not privileged because the negotiations relevant to this case have ended, [sic] is not persuasive. As there is an ongoing relationship between the parties, it is important that the parties remain assured that negotiation history be kept confidential to protect the ability to discuss similar issues freely in the future.

*Id.* at 20. Like the *Titan* plaintiffs, Caterpillar argues that the collective bargaining strategy materials do not merit protection after the negotiation to which they were related have concluded. However, the facts show that the parties here in their ongoing collective bargaining relationship

7

revisit and renegotiate the same issues again and again. The court finds that, as in *Titan*, the UAW's internal strategy materials should be protected from disclosure under Rule 26(c)(1)(G) to maintain the Union's ability to represent employees in future negotiations with Caterpillar. *See also Bonin v. World Umpires Ass'n*, 204 F.R.D. 67, 70 (E.D. Pa. 2001)(in suit by disgruntled umpires against their union, court entered protective order prohibiting disclosure of union's financial records outside of the litigation, observing that, "[i]f Major League Baseball should obtain detailed knowledge about the finances of the WUA through discovery in this case, the scales would undoubtedly tip unfairly against the union and its members" in future negotiations).

Caterpillar proposes that if the court enters a protective order regarding materials reflecting confidential bargaining strategy and priorities, it should nonetheless limit the protective order to material not older than the parties' 2003-04 negotiations and not shared outside of the UAW bargaining team responsible for negotiations with Caterpillar. The court disagrees.

The record reveals that materials reflecting bargaining strategy that pre-date the 2003-04 negotiations will likely have continued relevancy in the parties' 2011 bargaining sessions, given that there are provisions in the 2003-04 labor agreements that were negotiated in earlier contracts and were not revisited by the parties in 2003-04. The UAW represents that it would be amenable to a protective order that only protects information about confidential bargaining strategy and priorities in the lengthy negotiations leading to the 1998 labor agreements and in subsequent negotiations. (Docket No. 222 at 12-13).

As to the disclosure issue, the court finds that the protective order should be limited to information which the UAW has actually maintained in confidence within the UAW and its Local Unions. The UAW has shown that intra-union consultation is a necessary component of bargaining

8

on behalf of Caterpillar employees, particularly with regard to retiree benefits. (*Id.* at 13-14). As the *Titan* court observed:

> While the Court recognizes that documents discussing negotiations and collective bargaining strategies must be kept confidential, the individual Defendants are entitled to withhold only those documents that have <u>not</u> been previously disclosed to others. Defendants cannot maintain confidentiality of information herein which was previously disclosed to others that were not part of the negotiating process. Therefore, any information sought that has been transmitted to persons/entities not part of union negotiations is not considered privileged by this order and must be disclosed by the individual Defendants.

Slip Op. at 21 (emphasis in original). The *Titan* court directed the defendants to create a privilege log pursuant to Rule 26(b)(5) and 26(c) for each document not provided to the plaintiffs on the basis of the collective bargaining strategy. The log was to contain, at a minimum, a brief description of the document, the date the document was prepared, the name of the person who prepared the document, the person to whom the document was directed and the purpose for which the document was prepared. *Id.* at 22. Such a procedure is appropriate in the instant case as well.

### III. Conclusion

For the reasons set forth herein, Caterpillar's motion to compel (Docket No. 210) will be granted in part and denied in part.

The UAW International and its Memphis Local will be ordered to comply immediately with the May 2007 subpoenas issued by Caterpillar and will produce documents responsive to all twenty (20) categories, as modified by Caterpillar's June 21, 2007 and December 13, 2007 letters, **except for** all documents and information that reflect confidential internal bargaining strategy and priorities

9

of the UAW with respect to negotiations leading to the 1998 labor agreements and in subsequent negotiations and contractual disputes with Caterpillar.

With respect to any documents withheld on the basis of the collective bargaining strategy, the UAW will be required to submit a privilege log consistent with Federal Rule of Civil Procedure 26(b)(5) and (c). With respect to those categories of information requested by the subpoenas that are directly relevant to the issues raised by the Plaintiffs' Motion for Preliminary Injunction in the *Winnett* case, the UAW will provide the privilege log by February 15, 2008. With respect to all other categories, the UAW will provide the privilege log by February 29, 2008.

The UAW's motion for a protective order (Docket No. 213) will be granted in part and denied in part. The court will issue a protective order reflecting this ruling on February 6, 2008.

An appropriate order will enter.

_____
ALETA A. TRAUGER
United States District Judge