THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| GARY T. WINNETT, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CATERPILLAR INC., | ) | |
| | ) | Case No. 3:06-CV-00235 |
| Defendant/Third-Party Plaintiff, | ) | |
| | ) | Hon. Aleta A. Trauger |
| v. | ) | |
| | ) | Mag. Judge Joe B. Brown |
| INTERNATIONAL UNION, UAW, et al. | ) | |
| | ) | JURY TRIAL DEMANDED |
| Third-Party Defendants. | ) | Class Action |
| | ) | |
| JUDITH K. KERNS, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CATERPILLAR INC., | ) | |
| | ) | Case No. 3:06-CV-01113 |
| Defendant/Third-Party Plaintiff, | ) | |
| | ) | Hon. Aleta A. Trauger |
| v. | ) | |
| | ) | Mag. Judge Joe B. Brown |
| INTERNATIONAL UNION, UAW, et al. | ) | |
| | ) | JURY TRIAL DEMANDED |
| Third-Party Defendants. | ) | Class Action |

**MEMORANDUM and ORDER**

Currently pending before the court is Plaintiffs' Motion to Bifurcate Trial of Liability and Damages (*Winnett* Docket No. 348, *Kerns* Docket No. 160), Caterpillar Inc.'s opposition thereto (*Winnett* Docket No. 356, *Kerns* Docket No. 166), and the plaintiffs' reply (*Winnett* Docket No. 360, *Kerns* Docket No. 170).

1

In their motion, Plaintiffs move pursuant to Rule 42(b) of the Federal Rules of Civil Procedure to bifurcate the issues of liability and damages at trial. In particular, Plaintiffs ask that the trials scheduled for June 29, 2010 in *Winnett* and August 24, 2010 in *Kerns* be confined to the issues of Caterpillar, Inc.'s liability and that, in the event that liability is found at either or both trials, issues pertaining to damages be addressed under a separate schedule.

Rule 42(b) states that,"[f]or convenience, to avoid prejudice, or to expedite and economize," a district court "may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." Fed. R. Civ. P. 42(b); *Olden v. LaFarge Corp.*, 383 F.3d 495, 509 (6th Cir. 2004)(pursuant to Rule 42(b), district courts have the discretion to "bifurcate the issue of liability from the issue of damages, and if liability is found, the issue of damages can be decided by a special master of by another method."). Only one of the criteria under Rule 42(b) must be met to justify bifurcation. *Saxion v. Titan-C-Mfg, Inc.*, 86 F.3d 553, 556 (6th Cir. 1996).

Plaintiffs assert that bifurcation is particularly appropriate in this case because the issues that must be resolved in determining damages are entirely separate from issues of liability, with the proof relating to one category being separate from the other category. As a result, Plaintiffs maintain that it would be inefficient and costly at this time to calculate particular amounts due to particular people because, if there is no finding or a limited finding of liability, some or all damage calculations would be unnecessary; if, however, liability is found, any calculation of damages would have to be redone because Plaintiffs' alleged damages accrue daily in the form of premiums, deductibles, co-insurance payments, and out-of-pocket expenses. It is in this way that Plaintiffs argue bifurcation will promote economy and efficiency for the parties and for the court. Caterpillar, Inc. opposes Plaintiffs' motion for several reasons. First, Caterpillar

claims that Plaintiffs' bifurcation request should be denied as untimely in that Plaintiffs previously have not sought bifurcation of liability and damages at trial. However, Plaintiffs point out that, in the *Kerns* plaintiffs' answers to Caterpillar's first interrogatories, filed in 2007, they raised the issue of deferring discovery and determination on damages until after a determination on liability. (*See Winnett* Docket No. 360 at 4). Over the past two years, Caterpillar has raised no objection to the *Kerns* plaintiffs' proposed process of determining liability prior to calculating and determining damages. According to Plaintiffs, discovery to date has proceeded on that basis. (*Id.*) In addition, Plaintiffs' counsel represents in its brief that counsel for the *Winnett* plaintiffs advised Caterpillar that the *Winnett* plaintiffs were considering a bifurcation request as early as February 2009 (*Winnett* Docket No. 360 at 4-5), sixteen (16) months prior to the earlier trial date of *Winnett*. The court does not find Plaintiffs' request untimely under these circumstances.

Next, Caterpillar opposes Plaintiffs' request for bifurcation on the basis that Plaintiffs seek "to rework the case schedules entirely" and that changes to the schedules will result in delayed litigation. (*Winnett* Docket No. 356 at 2). However, Plaintiffs state that granting their motion would not alter the schedule for dispositive motions as to liability or the dates for trials already set.

Finally, Caterpillar claims that bifurcation is inappropriate because at least some evidence relevant to liability is also relevant to damages. Caterpillar argues that, due to this interrelatedness of liability and damages, it will suffer prejudice as it will not know the kinds of benefits for which Plaintiffs seek to compensated until they are outlined in a damages calculation. This argument is without merit. Although it is true that Plaintiffs' theory of vesting has changed since the inception of this litigation, Plaintiffs have expressly identified the benefits

3

in which they claim to be vested and the sources from which those benefits allegedly arise. During the preliminary injunction hearing, the *Winnett* plaintiffs refined and committed to their vesting theory. (Docket Nos. 297-299). After the hearing, the court specifically set forth Plaintiffs' vesting theory in its September 16, 2008, Memorandum and Order, noting that "[i]t was not until the evidentiary hearing, however, that the particulars of the plaintiffs' requested relief became clear." (Docket Nos. 306 at 28 & 307). In addition, Plaintiffs have identified in writing the elements of damages and the charges for which the class seeks compensation in their memoranda filed in support of bifurcation.

Because Caterpillar is in possession of, or has access to, all the necessary information on the categories of damages Plaintiffs claim and the level of vested lifetime medical benefits to which they claim entitlement, the court finds there is no prejudice or unfairness to it in granting Plaintiffs' motion to bifurcate liability from damages.

Caterpillar has not successfully persuaded the court that there is an interrelatedness of evidence relevant to liability and damages such that bifurcation is inappropriate. As with the preliminary injunction hearing, Caterpillar may choose to introduce evidence during the liability phase of the trial regarding the history and context of negotiations between Caterpillar and the UAW on behalf of active, union-represented employees, and their resulting agreements for the provision of retiree medical benefits in the future, to the extent that this history speaks to whether Plaintiffs' claimed benefits are vested.

For the reasons explained above, the court finds that granting Plaintiffs' request to bifurcate pursuant to Rule 42(b) will promote efficiency in this matter. Accordingly, Plaintiffs' Motion to Bifurcate Trial of Liability and Damages (*Winnett* Docket No. 348, *Kerns* Docket No. 160) is hereby **GRANTED**. The trials scheduled for June 29, 2010 in *Winnett* and August 24,

2010 in *Kerns* will be confined to the issues of Caterpillar, Inc.'s liability and, in the event that liability is found at either or both of those trials, issues pertaining to damages will be addressed by subsequent order.

It is so **ORDERED**.

Enter this 6th day of August 2009.

_____
ALETA A. TRAUGER
United States District Judge