| | |
|---|---|
| GARY T. WINNETT, et al., )<br>    Plaintiffs, )<br> )<br>v. )<br> )<br>CATERPILLAR INC., )<br> )<br>    Defendant/Third-Party Plaintiff, )<br> )<br>v. )<br> )<br>INTERNATIONAL UNION, UAW, et al. )<br> )<br>    Third-Party Defendants. ) | Case No. 3:06-CV-00235<br><br>Hon. Aleta A. Trauger<br><br>Mag. Judge Joe B. Brown<br><br>JURY TRIAL DEMANDED<br>Class Action |
| JUDITH K. KERNS, et al., )<br>    Plaintiffs, )<br>v. )<br> )<br>CATERPILLAR INC., )<br> )<br>    Defendant/Third-Party Plaintiff, )<br> )<br>v. )<br> )<br>INTERNATIONAL UNION, UAW, et al. )<br> )<br>    Third-Party Defendants. ) | Case No. 3:06-CV-01113<br><br>Hon. Aleta A. Trauger<br><br>Mag. Judge Joe B. Brown<br><br>JURY TRIAL DEMANDED<br>Class Action |

**MEMORANDUM**

In these class actions lawsuits, retirees of Caterpillar, Inc. ("Caterpillar") and surviving spouses of those retirees seek lifetime no-cost retiree health care benefits. The plaintiffs' claims are brought under Section 301 of the Labor-Management Relations Act ("LMRA"), 29 U.S.C. § 185, and under Section 502(a)(1)(B) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(1)(B). The plaintiffs seek declaratory and injunctive relief, along with an award of benefits, restitution, and monetary damages, plus interest, to restore all

1

affected class members to the position in which they would have been but for Caterpillar's alleged contractual and statutory violations, as well as costs and attorneys' fees.

Both the Winnett and Kerns plaintiffs demand a jury trial. (Winnett, 3:06-cv-0235, Docket No. 376; Kerns, 3:06-cv-01113, Docket No. 185). Caterpillar objects, arguing that Sixth Circuit precedent establishes that the plaintiffs are not entitled to a jury trial. (Winnett, Docket No. 384; Kerns, Docket No. 193). In support of its position, Caterpillar cites the recent case of *Reese v. CNH America, LLC*, 574 F.3d 315 (6th Cir. 2009), in which the Sixth Circuit reiterated its previous decisions that the Seventh Amendment does not guarantee a jury trial in ERISA and LMRA cases because the relief is equitable rather than legal. *Id.* at 327 (citing *Bittinger v. Tecumseh Prods. Co.*, 123 F.3d 877, 882-883 (6th Cir. 1997); *Golden v. Kelsey-Hayes Co.*, 73 F.3d 648, 660-63 (6th Cir. 1996)).

Although the Winnett plaintiffs concede that their jury trial demand is foreclosed by governing Sixth Circuit precedent, they move for a jury trial in order to preserve the issue for appellate purposes. (Winnett, 3:06-cv-0235, Docket No. 377 at 1). Alternatively, they ask the court to empanel an advisory jury pursuant to Federal Rule of Civil Procedure 39 or hold a jury trial by consent. (*Id.*)

The Kerns plaintiffs likewise acknowledge that Sixth Circuit precedent holds that there is no right to a jury trial in ERISA and LMRA cases involving claims for vested retiree health benefits. (Kerns, 3:06-cv-01113, Docket No. 186 at 1-2). Nevertheless, the Kerns plaintiffs maintain that the governing Sixth Circuit decisions are erroneous and contradictory to the Supreme Court's decision in *Great-West Life & Annuity Co. v. Knudson*, 534 U.S. 204 (2002). (*Id.* at 1, 19). The Kerns plaintiffs maintain that they are entitled to a jury trial on their ERISA

2

and LMRA claims under the Seventh Amendment of the United States Constitution. (*Id*. at 1, 19).

The Sixth Circuit's decisions in *Golden* and *Bittinger*, as affirmed by that court in *Reese*, control the outcome of the instant plaintiffs' motions. The Winnett and Kerns plaintiffs seek relief that is nearly identical to that sought in *Golden* and *Bittinger*: a declaratory judgment, injunctive relief, and an award of monetary damages to compensate the plaintiffs for benefits lost. The primary goal of the Winnett and Kerns litigation is to ensure "forward-looking relief" to health care benefits in the future on the terms in which they claim to have vested. Both classes allege that they vested in a prior level of retiree medical benefits provided under a prior Caterpillar health plan. Both classes seek a declaration of their rights to that effect and an injunction requiring Caterpillar to provide them with lifetime benefits under those alleged vested terms. Under *Golden* and *Bittinger*, there is no constitutional right to a jury trial on these claims under LMRA Section 301 or ERISA Section 502(a)(1)(B) because the Sixth Circuit found those claims to be "clearly equitable in nature." *Golden*, 73 F.3d at 661-63; *Bittinger,* 123 F.3d at 883; *see also Reese*, 574 F.3d at 327.

The monetary damages sought by the Winnett and Kerns plaintiffs – the "backward-looking relief" – is for reimbursement for premiums or other co-payments or costs the class members already have incurred and is "incidental to, or intertwined with" their primary goal of obtaining a declaration that they are entitled to no-cost lifetime retiree health benefits. Therefore, under *Golden* and *Bittinger*, the plaintiffs' fundamental requested relief is equitable, and there is no constitutional right to a trial by jury on these claims. *Golden*, 73 F.3d at 661 (citation and quotation omitted); *Bittinger*, 123 F.3d at 883; *Reese*, 574 F.3d at 327.

3

The Kerns plaintiffs argue, and the Winnett plaintiffs intimate, that the Supreme Court's decision in *Great-West Life & Annuity Co. v. Knudson*, 534 U.S. 204 (2002), implicitly overruled the Sixth Circuit's precedent in *Golden* and *Bittinger* regarding whether a Seventh Amendment right to a jury trial exists on their LMRA Section 301 and ERISA claims. In *Reese*, 574 F.3d 315, the Sixth Circuit considered a jury demand from a class of retirees asserting claims under Section 301 and ERISA Section 502(a)(1)(b) for alleged vested retiree medical benefits. The Sixth Circuit in *Reese* specifically considered whether the Supreme Court's decision in *Knudson* undermined the Sixth Circuit's prior holdings that the Seventh Amendment does not guarantee a jury trial in ERISA and LMRA cases.

The retirees in *Reese* argued, as do the instant plaintiffs, that *Knudson* constitutes intervening Supreme Court authority compelling the Sixth Circuit to overrule its precedent in *Golden* and *Bittinger*. These same retirees were represented on appeal by the same law firm that represents the Kerns plaintiffs before this Court. The Sixth Circuit squarely rejected the *Reese* plaintiffs' argument, distinguishing *Knudson* and concluding that the Supreme Court's decision "le[ft] the Court no opportunity to say, much less hold, anything that would lead us to second guess *Golden*." *Reese*, 574 F.3d at 327 (internal citations omitted); *see also Yolton v. El Paso Tenn. Pipeline Co.*, 2008 WL 275685, at **1-2 (E.D. Mich. Jan. 31, 2008)(striking plaintiffs' jury demand for LMRA § 301 and ERISA § 502 claims and rejecting plaintiffs' argument that *Knudson* overruled *Bittinger* and *Golden*, distinguishing *Knudson* factually and legally); *see e.g., In re First Am. Corp. ERISA Litigation,* 2009 WL 536354, at **2-4 (C.D. Cal. Feb. 9, 2009)(rejecting plaintiff's argument that *Knudson* permits a jury trial for § 502(a)(2) claims); *George v. Kraft Foods Global, Inc.,* 2008 WL 780629, at **3-5 (N.D. Ill. Mar. 20,

4

2008)(holding that the court is "unwilling to presume that the Supreme Court in [*Knudson*] intended, *sub silentio*, to overturn the many appeals court decisions" denying a right to jury trial under ERISA claims); *Heindenreiter v. UNUM Life Ins. Co.,* 2006 WL 1525956, at *1 (N.D. Okla. May 30, 2006)(finding that *Knudson* cannot be used to "circumvent the well-established rule that a jury trial is not available for an ERISA claim"); *Allison v. UNUM Life Ins. Co.,* 2005 WL 1457636, at *14 (E.D.N.Y. Feb. 11, 2005)(holding that "[*Knudson*] has not changed the law . . . regarding jury trials in ERISA actions . . . ."); *White v. Martin,* 2002 WL 598432, at **3-5 (D. Minn. Apr. 12, 2002)(rejecting argument that *Knudson* overturned Eighth Circuit precedent that there is no right to jury trial on ERISA claims).

The instant plaintiffs' requested relief under LMRA Section 301 and ERISA Section 502 is not distinguishable from the equitable relief sought by the *Bittinger* and *Golden* plaintiffs. Notwithstanding the Winnett and Kerns plaintiffs' arguments, the Sixth Circuit has already explicitly considered its precedent in light of *Knudson* and held that *Knudson* does not affect its prior decisions in *Bittinger* and *Golden*. Other courts have similarly held that *Knudson* is either factually or legally distinguishable and therefore does not affect precedent holding that there is no right to a jury trial under ERISA and the LMRA with regard to claims for vested benefits. Under these circumstances, this court is bound by the Sixth Circuit's decision in *Reese*. The court finds that the Winnett and Kerns plaintiffs do not have a right to a jury trial by demand under the Seventh Amendment, and their jury demand will be stricken.

In the alternative, the Winnett plaintiffs (but not the Kerns plaintiffs) seek an advisory jury trial or a jury trial by consent under Rule 39(c) of the Federal Rules of Civil Procedure. Rule 39(c) provides that, in an action not triable by jury as of right, the court may, by motion of

5

the parties or *sua sponte*, empanel an advisory jury or, with the parties' consent, a non-advisory jury with the effect of a jury by right. Fed. R. Civ. P. 39(c). The decision "to use an advisory jury is strictly discretionary," and therefore "that decision has been held to be unreviewable on appeal." 8 James Wm. Moore et al., Moore's Federal Practice-Civil § 39.40. Even with an advisory jury, the responsibility for the decision-making process remains at all times with the court. Fed. R. Civ. P. 52(a); 9 Wright & Miller § 2335.

Caterpillar does not consent to try either the Winnett plaintiffs' claims or the Kerns plaintiffs' claims to a jury. (Winnett, 3:06-cv-0235, Docket No. 384 at 9; Kerns, 3:06-cv-0113, Docket No. 193 at 9). Therefore, the court cannot grant the Winnett plaintiffs' request for a non-advisory jury under Rule 39(c) over Caterpillar's objection.

Caterpillar contends that there is no need for an advisory jury and that empanelling one in these circumstances would be unduly burdensome and inefficient. Balancing the potential benefit of utilizing an advisory jury in this matter with the associated costs and burdens of utilizing an advisory jury, the court agrees with Caterpillar. Numerous additional activities and time associated with empanelling and instructing an advisory jury would be required on the part of the attorneys and the court. The additional work associated with trying these cases to advisory juries would be multiplied because the court granted the plaintiffs' request for bifurcation of the trials on liability and damages issues. Having dealt with these cases for years and having considered numerous motions and arguments, the court is very familiar with these cases. An advisory jury would lack this valuable foundation. Under those circumstances, an advisory jury is unlikely to assist in any meaningful way the court's evaluation of the issues and ultimate decision. Accordingly, the Winnett plaintiffs' request for an advisory jury in this matter

6

will be denied.

For the reasons explained above, the Winnett and Kerns plaintiffs do not have a right to a jury trial by demand under the Seventh Amendment. The plaintiffs' motions for a jury trial (Winnett, 3:06-cv-0235, Docket No. 376; Kerns, 3:06-cv-01113, Docket No. 185) therefore will be denied. In addition, the Winnett plaintiffs' alternative request for a non-advisory jury or an advisory jury will be denied.

                                                ALETA A. TRAUGER
                                                United States District Judge