THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| GARY T. WINNETT, et al., ) | | |
|     Plaintiffs, ) | | |
| ) | | |
| v. ) | | |
| ) | | |
| CATERPILLAR INC., ) | | |
| ) | Case No. 3:06-CV-00235 | |
|     Defendant/Third-Party Plaintiff, ) | | |
| ) | Hon. Aleta A. Trauger | |
| v. ) | | |
| ) | Mag. Judge Joe B. Brown | |
| INTERNATIONAL UNION, UAW, et al. ) | | |
| ) | JURY TRIAL DEMANDED | |
|     Third-Party Defendants. ) | Class Action | |
| JUDITH K. KERNS, et al., ) | | |
|     Plaintiffs, ) | | |
| v. ) | | |
| ) | | |
| CATERPILLAR INC., ) | | |
| ) | Case No. 3:06-CV-01113 | |
|     Defendant/Third-Party Plaintiff, ) | | |
| ) | Hon. Aleta A. Trauger | |
| v. ) | | |
| ) | Mag. Judge Joe B. Brown | |
| INTERNATIONAL UNION, UAW, et al. ) | | |
| ) | JURY TRIAL DEMANDED | |
|     Third-Party Defendants. ) | Class Action | |

**MEMORANDUM**

Currently pending before the court is the Third-Party Defendants' Motion to Sever Third-Party Claims and Contingent Counterclaims for Separate Trial (Winnett, 3:06-cv-0235, Docket No. 364; Kerns, 3:06-cv-01113, Docket No. 174), Caterpillar Inc.'s opposition thereto (Winnett, 3:06-cv-0235, Docket No. 393; Kerns, 3:06-cv-01113, Docket No. 203), and the Third-Party Defendants' reply (Winnett, 3:06-cv-0235, Docket No. 420; Kerns, 3:06-cv-01113, Docket No. 230). The plaintiffs have responded in support of the Third-Party Defendants' Motion.

1

(Winnett, 3:06-cv-0235, Docket No. 368; Kerns, 3:06-cv-01113, Docket No. 180). For the reasons stated herein, the Motion to Sever will be GRANTED.

I.      **Introduction**

In these class actions lawsuits, retirees of Caterpillar, Inc. ("Caterpillar") and surviving spouses of those retirees seek lifetime no-cost retiree health care benefits. The plaintiffs' claims are brought under Section 301 of the Labor-Management Relations Act ("LMRA"), 29 U.S.C. § 185, and under Section 502(a)(1)(B) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(1)(B). The plaintiffs seek declaratory and injunctive relief, along with an award of benefits, restitution, and monetary damages, plus interest, to restore all affected class members to the position in which they would have been but for Caterpillar's alleged contractual and statutory violations, as well as costs and attorneys' fees.

Caterpillar has asserted third-party claims against the International Union ("UAW"), alleging, *inter alia*,[1] that the UAW breached the 2004 labor contract and the Labor Dispute Settlement Agreement ("LDSA") by supporting or encouraging the *Winnett* and *Kerns* lawsuits. The UAW, in turn, has alleged contingent counterclaims against Caterpillar under ERISA § 510 and 28 U.S.C. § 1981, maintaining that, in asserting the third-party claims, Caterpillar was motivated to retaliate against the UAW for assisting retirees who want to enforce their rights under ERISA and to interfere with the enforcement of rights under the contracts.

The *Winnett* and *Kerns* cases have not been consolidated, and the court's scheduling

---

[1] The court previously dismissed Counts I and II of Caterpillar's third-party complaint, leaving only the breach of contract claims, Counts III and IV. (Winnett, Docket Nos. 275 and 276).

2

orders contemplate a separate trial of each case. (Winnett, Docket No. 334; Kerns, 3:06-cv-01113, Docket No. 148). The court granted the plaintiffs' request to bifurcate the issues of liability and damages at trial pursuant to Federal Rule of Civil Procedure 42(b). (Winnett, Docket No. 367; Kerns, Docket No. 176). The court also has ruled that, under existing precedent, the plaintiffs are not entitled to a jury trial of their claims. (Winnett, Docket Nos. 386 and 387; Kerns, Docket Nos. 195 and 196). Therefore, the bench trials of the plaintiffs' claims scheduled for June 29, 2010 in *Winnett* and August 24, 2010 in *Kerns* will be confined to the issues of Caterpillar's liability. (*Id.*) Caterpillar and the UAW have demanded a jury trial of their claims.

## II. Motion to Sever

In its instant motion, Third-Party Defendant UAW contends that Caterpillar's remaining third-party claims against the UAW and the UAW's contingent counterclaims against Caterpillar should be severed from and tried separately from and after the trial on the *Winnett* and *Kerns* class plaintiffs' claims against Caterpillar. (Winnett, Docket No. 364; Kerns, Docket No. 174). The *Winnett* and *Kerns* plaintiffs support the UAW's motion to sever. (Winnett, Docket No. 368; Kerns, Docket No. 180). Caterpillar opposes the motion. (Winnett, Docket No. 393; Kerns, Docket No. 203).

Rule 42(b), the rule pursuant to which the UAW's motion is filed, provides:

> For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims. When ordering a separate trial, the court must preserve any federal right to a jury trial.

Fed. R. Civ. P. 42(b). "The principal purpose of the rule is to enable the trial judge to dispose of

3

a case in a way that both advanced judicial efficiency and is fair to the parties." *In re Bendectin Litig.*, 857 F.2d 290, 307 (6th Cir. 1988).

The Sixth Circuit has recognized that, in ordering separate trials, the district court must consider several issues, "such as potential prejudice to the parties, potential confusion to the jury, and the relative convenience and economy which would result." *In re Beverly Hills Fire Litig.*, 695 F.2d 207, 216 (6th Cir. 1982)(citation omitted). "Only one of the criteria need be met" to justify separate trials. *Saxion v. Titan-C-Mfg., Inc.*, 86 F.3d 553, 556 (6th Cir. 1996)(citation omitted). "Essentially, the question is one that seems to depend on the facts of each case, a matter to be determined by the trial judge exercising a sound discretion." *Id.* (quoting *Southern Ry. Co. v. TVA*, 294 F.2d 491, 494 (5th Cir. 1961)(internal quotations omitted)). The exercise of that discretion will be set aside only if clearly abused. *In re Bendectin*, 857 F.2d at 307.

Here, the UAW and the plaintiffs assert that severance is appropriate in this case because (1) the trial of the third-party claims and counterclaims will require evidence that is substantially different from the evidence that will be required for trial of the retiree plaintiffs' claims; (2) the trial of the third-party claims and counterclaims will require testimony from counsel for the retiree plaintiffs; and (3) trying the retiree claims and the third-party claims and counterclaims together would present serious problems of trial management. (Winnett, Docket Nos. 364, 368; Kerns, Docket Nos. 174, 180).

Caterpillar opposes the motion to sever for several reasons. First, Caterpillar contends that there is no economy or convenience to be gained by severance because a significant common nexus of facts exists between the plaintiffs' claims and the remaining third-party claims. (Winnett, Docket No. 393 at 4-6; Kerns, Docket No. 203 at 4-6). However, a close

4

review of Caterpillar's response[2] and of the parties' remaining claims indicates that only one set of common facts is shared by the plaintiffs' claims and the third-party claims–namely, those facts concerning the negotiation and settlement of the 2004 labor contract. Most of the evidence that likely will be presented in support of the retirees' claims is very different than what the court would expect to be presented in support of the third-party and contingent counterclaims. The retirees' claims primarily are rooted in two agreements, the 1988 labor agreement and the Caterpillar Logistics Services ("CLS") Agreement. The third-party claims are based on a breach of two different agreements: the LSDA, which was negotiated in 1998, and the 2004 collective bargaining agreement. Consequently, if the retirees' claims proceed to trial alongside the third-party claims and contingent counterclaims, a jury would hear vast amounts of evidence regarding the 1988 labor agreement and the CLS Agreement, neither of which has any relevance to the claims on which the jury must render a verdict. The court finds that a potential for jury confusion exists under these circumstances. *See In re Beverly Hills Fire Litig*., 695 F.2d 207, 216 (in considering severance of trials, potential jury confusion is a factor).

Likewise, based on the court's familiarity of the *Winnett* and *Kerns* cases and, most recently, on the court's review of the pending summary judgment motions, if all claims proceed to trial, substantial evidence will be introduced in connection with the third-party claims that has no bearing on the retirees' claims against Caterpillar. The jury would hear evidence as to whether the UAW has supported and/or encouraged the *Winnett* and *Kerns* lawsuits and Caterpillar's motive for filing the third-party complaint. Caterpillar concedes that this type of

---

[2]Caterpillar identifies only one set of common facts: the parties' negotiation and settlement of the 2004 labor contract. (Winnett, Docket No. 393 at 5-6; Kerns, Docket No. 203 at 5-6).

5

evidence does "not have any direct bearing on the resolution of the Plaintiffs' claims themselves." (Winnett, Docket No. 393 at 5; Kerns, Docket No. 203 at 5). Due to the "complexity of the legal theories which the jury would have to understand in order to decide the case properly," *Kosters v. Seven-Up Co.*, 595 F.2d 347, 356 (6th Cir. 1979), the court finds that exposure to such testimony and evidence, when added to the copious amounts of evidence concerning collective bargaining between the parties dating as far back as 1964 that the jury must consider in relation to the retirees' claims, could overwhelm and confuse a jury. *See In re Beverly Hills Fire Litig.*, 695 F.2d 207, 216 (in considering severance of trials, potential jury confusion is a factor).

Next, UAW argues that the plaintiffs would be unfairly prejudiced if their claims were tried with the remaining third-party claims because the plaintiffs' counsel is likely to be a necessary witness on disputed issues concerning the UAW's support of this litigation. Caterpillar challenges this assertion, alleging that "it is questionable" whether the plaintiffs' counsel would be necessary witnesses. (Winnett, Docket No. 393 at 7; Kerns, Docket No. 203 at 7). According to Caterpillar, UAW witnesses could testify instead on the same issues, remedying the conflict. However, the UAW maintains that *only* plaintiffs' counsel could testify about whether the retiree plaintiffs' claims would have been prosecuted in the absence of any alleged UAW support or encouragement. (Winnett, Docket No. 420 at 8-9 & n.4; Kerns, Docket No. 230 at 8-9 & n.4).

Even if the plaintiffs' counsel testified concerning issues relating to the third-party claims, Caterpillar contends that "such testimony would not blur the line between their role as advocates for their clients' cause and their credibility because they would be testifying only with

6

respect to third-party claims and contingent counterclaims to which their clients are not directly parties in interest." (Winnett, Docket No. 393 at 7-8; Kerns, Docket No. 203 at 7-8). In response, the UAW points out that, nevertheless, plaintiffs' counsel would remain both advocate and witness in a single proceeding, roles which the American Bar Association has found to be "inconsistent." (Winnett, Docket No. 420 at 9; Kerns, Docket No. 230 at 9)(citing *U.S. v. Johnston*, 690 F.2d 638, 642 (7th Cir. 1982)).

> Testimony from counsel in his or her own case is strongly disfavored:
>
>> The advocate-witness rule, which articulates the professional impropriety of assuming the dual role of advocate and witness in a single proceeding, has deep roots in American law. Today, the rule is reflected in the ABA Code of Professional Responsibility, which states as an "ethical consideration:"
>>
>> The roles of an advocate and of a witness are inconsistent; the function of an advocate is to advance or argue the cause of another, while that of a witness is to state facts objectively.

*U.S. v. Johnston*, 690 F.2d 638, 642 (7th Cir. 1982). When an attorney representing a client before a jury seeks to serve as a fact witness in that very proceeding, potential for prejudice affects all parties because (1) "the lawyer will appear to vouch for his [or her] own credibility"; (2) "the lawyer's testimony will put opposing counsel in a difficult position when he [or she] has to vigorously cross-examine his [or her] lawyer-adversary and seek to impeach his [or her] credibility"; and (3) "there may be an implication that the testifying attorney may be distorting the truth as a result of bias in favor of his [or her] client." *Ramey v. Dist. 141, Int'l Ass'n of Machinists*, 378 F.3d 269, 282 (2d Cir. 2004). "Most important, when one individual assumes the role of both advocate and witnesses it '[may] so blur [] the line between argument and evidence that the jury's ability to find facts is undermined." *Id.* at 283 (quoting *United States v.*

7

*Arrington*, 867 F.2d 122, 126 (2d Cir. 1989)).

Considering the circumstances of this case, the court finds that there is potential for jury confusion and prejudice to the plaintiff retirees in that the jury might be unable to differentiate or ignore the plaintiffs' counsels' roles as advocates for the plaintiffs in the same proceeding when they are serving as fact witnesses. This concern exists, even though the jury will not be called upon to consider plaintiffs' counsels' credibility as advocates for the retirees. *See In re Beverly Hills Fire Litig.*, 695 F.2d 207, 216 (in considering severance of trials, potential jury confusion and prejudice to the parties are factors).

Finally, the UAW moves for severance because it claims that trying the retiree claims and the third-party claims and counterclaims together would present trial management problems. (Winnett, Docket No. 393; Kerns, Docket No. 203). The *Winnett* and *Kerns* plaintiffs concur that a single, separate trial of the third-party claims and counterclaims, scheduled to follow the trials (if any) of both of the retiree cases would be substantially more convenient, less prejudicial, and would better serve the interests of economy for the parties and the court. (Winnett, Docket No. 368; Kerns, Docket No. 180).

The court agrees, particularly considering that (1) the *Winnett* and *Kerns* cases are not consolidated; (2) both have been bifurcated for purposes of assessing liability and damages; and (3) the plaintiffs' claims will be tried by the court, and the third-party and contingent counterclaims will be tried by a jury. The UAW and plaintiffs' positions are further strengthened by the court's finding that the only common nexus of facts and evidence between the plaintiff retirees' claims and the third-party claims and contingent counterclaims concern the 2004 labor contract. The court finds that severance under these circumstances serves the

interest of judicial economy. *See In re Beverly Hills Fire Litig.*, 695 F.2d 207, 216 (in considering severance of trials, judicial economy is a factor).

Although "[o]nly one of the criteria" of Rule 42(b) "need be met" to justify separate trials, at least three criteria support the UAW's motion to sever the trial of the retirees' claims from the trial of the third-party claims and contingent counterclaims. *See Saxion*, 86 F.3d 553, 556. Consequently, the court finds that the principal purposes of Rule 42(b) are served by ordering severance.

### III. Conclusion

For the reasons explained herein, the court finds that granting the UAW's Motion to Sever Third-Party Claims and Contingent Counterclaims pursuant to Rule 42(b) will promote efficiency in this matter as well as guard against potential jury confusion and prejudice to the plaintiff retirees. Accordingly, the UAW's Motion to Sever Third-Party Claims and Contingent Counterclaims (Winnett, Docket No. 364; Kerns, Docket No. 174) will be GRANTED. The trials scheduled for June 29, 2010 in *Winnett* and August 24, 2010 in *Kerns* will be confined to the issues of Caterpillar, Inc.'s liability and, in the event that liability is found at either or both of those trials, issues pertaining to damages will be addressed under a separate schedule. Having been severed, the remaining third-party claims and contingent counterclaims will be the subject of a separate trial, following the resolution of the claims of both the *Winnett* and *Kerns* classes of retiree plaintiffs.

An appropriate Order will follow.

ALETA A. TRAUGER
United States District Judge