# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| GARY T. WINNETT, *et al.*, ) | |
|     Plaintiffs, ) | |
| v. ) | Case No. 3:06-0235 |
| ) | **Judge Trauger** |
| CATERPILLAR INC., ) | |
|     Defendant/Third-Party Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| INTERNATIONAL UNION, UAW, *et al.*, ) | |
|     Third-Party Defendants/Counterclaim Plaintiffs, ) | |
| v. ) | |
| ) | |
| CATERPILLAR INC., ) | |
|     Counterclaim Defendant. ) | |
| ) | |

___

| | |
|---|---|
| JUDITH K. KERNS, *et al.*, ) | |
|     Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 3:06-1113 |
| ) | **Judge Trauger** |
| ) | |
| CATERPILLAR INC., ) | |
|     Defendant/Third-Party Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| INTERNATIONAL UNION, UAW, *et al.*, ) | |
|     Third-Party Defendants/Counterclaim Plaintiffs, ) | |
| v. ) | |
| ) | |
| CATERPILLAR INC., ) | |
|     Counterclaim Defendant. ) | |

## **MEMORANDUM AND ORDER**

On January 28, 2011, in these two related but not consolidated cases, Caterpillar Inc. filed a Motion for Leave to file a summary judgment motion on the third-party defendants' ("the UAW's") contingent counterclaims against Caterpillar. (*Winnett* Docket No. 496; *Kerns* Docket No. 285.) The UAW has responded (*see Winnett* Docket No. 502), and Caterpillar has filed a reply in support (*see Winnett* Docket No. 503).

In the Motion for Leave, Caterpillar argues that the court's March 26, 2010 summary judgment ruling in these cases has rendered the UAW's contingent counterclaims moot and that, because the court's "previous scheduling orders did not set any dates for motions related to the UAW Third-Party Defendants' counterclaims," the timing of the Motion for Leave is appropriate. (*Winnett* Docket No. 496 at 2.) Caterpillar attaches the proposed Motion for Summary Judgment, along with a supporting Memorandum and a Statement of Material Facts, all of which argue or suggest that the UAW's contingent counterclaims are moot in light of the court's previous ruling and that, either way, the counterclaims fail on the merits. (*See Winnett* Docket No. 496 Exs 1-3; *Kerns* Docket No. 285 Exs. 1-3.)

In response, the UAW argues that the deadline for all dispositive motions in these cases was December 22, 2009, and, therefore, in order to be entitled to leave, Caterpillar must demonstrate "excusable neglect" for failing to comply with the deadlines set by the court. (*See Winnett* Docket No. 502 at 2 citing Fed. R. Civ. P. 6(b)(1)(B); *Allen v. Murph*, 194 F.3d 722, 723 (6th Cir. 1999)). The UAW points out that the third-party claims were referenced in joint motions and in Caterpillar filings that concerned the dispositive motion deadline, demonstrating that the deadlines eventually set by the court "applied to all parties and claims in this case,

including . . . the counterclaims filed by the UAW." (*Winnett* Docket No. 502 at 3-4.)

Moreover, the UAW argues that there is no excuse for Caterpillar's delay in filing the Motion for Leave, that is, no excuse for waiting more than 13 months after the filing deadline to file the motion. (*Id.* at 4.) Further, the UAW maintains, even if the March 26, 2010 Memorandum provides support for Caterpillar's motion, Caterpillar still inexplicably waited more than 10 months after that decision to file the motion here, again, without any reasonable excuse. (*Id.*)

In its reply, Caterpillar argues that the court's "previous scheduling orders did not apply to the UAW's contingent counterclaims," because these claims were expressly styled by the UAW as contingent. (*Winnett* Docket No. 503 at 2.) That is, in its Answer and Contingent Counterclaims, the UAW asserted that if it was found, as Caterpillar alleged, to have breached various agreements, then Caterpillar would have liability toward the UAW. (*See Winnett* Docket No. 279 at 18-21.) Given the expressly contingent nature of the counterclaims, Caterpillar argues, a dispositive motion on these claims was not appropriate until after the court ruled on the claims Caterpillar asserted as a third-party plaintiff, which occurred on March 26, 2010, when the court dismissed Caterpillar's third-party Complaint. (*Winnett* Docket No. 503 at 2; *Winnett* Docket No. 463 at 47.)

It appears that a fully informed motion on the UAW's expressly contingent counterclaims was not possible until after the court ruled on the claims made by Caterpillar as a third-party plaintiff, which occurred on March 26, 2010. Therefore, under the unique circumstances of this case, it would not be appropriate to conclude that Caterpillar ran afoul of the court's orders by

not filing its dispositive motion challenging the contingent counterclaims by December 22, 2009. Also, while ten months from the March 26, 2010 Memorandum may facially appear to be a long time to wait to file this motion, in the intervening period, the parties in these cases have been absorbed with other considerable issues, including extensive briefing on the impact of the Sixth Circuit's June 22, 2010 decision in *Winnett* and damages discovery driven by the court's March 26, 2010 Memorandum. Indeed, a summary judgment motion on the contingent counterclaims prior to this point could have unnecessarily distracted the attention of the parties and the court from the other important issues under consideration.

As the court can detect no reason for denying the motion, Caterpillar's Motion for Leave (*Winnett* Docket No. 496; *Kerns* Docket No. 285) is **GRANTED**. Caterpillar shall file the motion and accompanying documents within five days of this Order. Once the motion is filed, the UAW will have 21 days to respond, and Caterpillar will have 14 days to file any reply.

It is so ordered.

Enter this 2nd day of March 2011.

ALETA A. TRAUGER
United States District Judge