**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION**

| | | |
|---|---|---|
| GARY T. WINNETT, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CATERPILLAR INC., | ) | |
| | ) | Case No. 3:06-cv-00235 |
| Defendant/Third-Party Plaintiff, | ) | |
| | ) | Hon. Aleta A. Trauger |
| v. | ) | |
| | ) | Mag. Judge Joe B. Brown |
| INTERNATIONAL UNION, UAW, et al. | ) | |
| | ) | |
| Third-Party Defendants. | ) | |

## CATERPILLAR'S MEMORANDUM IN SUPPORT OF ITS
## MOTION FOR CERTIFICATION OF FINAL JUDGMENT

Defendant/Third-Party Plaintiff, CATERPILLAR INC., submits the following memorandum in support of its motion for certification of final judgment on the Court's dismissal of Caterpillar's third-party complaint pursuant to Federal Rule of Civil Procedure 54(b).

## INTRODUCTION

In 2007, after Plaintiffs filed their complaint for lifetime, no-cost benefits, Caterpillar filed a third-party complaint against the International UAW and its Local Unions Nos. 145, 751, 786, 974, 1415, 1086, and 2096 (collectively "UAW Defendants"). (Winnett R. 150). Caterpillar's complaint against the UAW Defendants sought (i) to enforce against the UAW Defendants the contractual limits on Caterpillar's obligations under the 1998 and 2004 labor contracts; (ii) indemnification and contribution from the UAW Defendants pursuant to the 1998 and 2004 labor contracts; and (iii) a determination that the UAW defendants were in breach of

-1-

the 2004 Labor Contracts and the Labor Dispute Settlement Agreement ("LDSA"). (R. 150 at ¶¶ 79-107).

In response, the UAW Defendants filed a motion to dismiss the third-party complaint. (R. 279). On May 1, 2008, this Court granted in part and denied in part the UAW Defendants' motion to dismiss Caterpillar's third-party complaint. (R. 275, 276). The Court granted the UAW Defendants' motion to dismiss the six out-of-state Local Unions in Illinois, Pennsylvania, and Colorado for lack of personal jurisdiction pursuant to Rule 12(b)(1). *Id.* The Court also granted the UAW Defendants' motion to dismiss Counts I and II of Caterpillar's complaints. *Id.* However, the Court denied the UAW Defendants' motion to dismiss Counts III and IV, which alleged that the UAW Defendants were in breach of the 2004 Labor Contracts and the Labor Dispute Settlement Agreement ("LDSA"). *Id.*

The UAW Defendants in July 2009 subsequently filed a motion to sever the remaining third-party claims and contingent counterclaims for a separate trial. (R. 364). In support of that motion, the UAW Defendants argued that, *inter alia*, a trial of the remaining third-party claims against the Union would "require evidence that is substantially different from the evidence that will be required for trial" of the primary *Kerns* and *Winnett* claims against Caterpillar. (R. 364 at 2). The *Winnett* Plaintiffs filed a response in support of the UAW's motion to sever, agreeing with the reasons cited by the UAW in support of its motion. (R. 368). This Court on January 28, 2010 granted the UAW Defendants' motion to sever, holding that "severance under these circumstances serves the interest of judicial economy." (R. 427 at 8-9).

On December 22, 2009, Caterpillar and the *Winnett* Plaintiffs filed cross motions for summary judgment on Plaintiffs' claims and the UAW Defendants filed for summary judgment on the remaining third-party claims. (R. 398, 404, 410). On March 26, 2010, this Court granted

-2-

the *Winnett* Plaintiffs' and Caterpillar's cross motions for summary judgment in part and granted the UAW Defendants' motion for summary judgment. (R. 464).

On October 18, 2010, Caterpillar filed a motion asking this Court to reconsider its March 2010 summary judgment memorandum and order in *Winnett* based upon an intervening Sixth Circuit decision. (R. 475). On January 12, 2011, this Court granted Caterpillar's motion to reconsider, dismissing all of the *Winnett* Plaintiffs' remaining claims and dissolving the October 16, 2008 injunction. (R. 495). Then, on April 7, Caterpillar filed a motion for restitution in *Winnett*, based on costs the Company incurred during the pendency of the Court's preliminary injunction. (R. 518). The *Winnett* Plaintiffs are scheduled to file their response to this motion by June 7, 2011, and Caterpillar's reply memorandum is due by June 14, 2011.

Following the Court's decision granting Caterpillar's motion to reconsider as to the *Winnett* Plaintiffs, Caterpillar also filed a motion for summary judgment as to the UAW's counterclaims. (R. 496, 506). Thereafter, Caterpillar and the UAW on April 4, 2011 filed a stipulation of dismissal with respect to the UAW's counterclaims. (R. 516). Thus, the only remaining issues relating to the *Winnett* Plaintiffs' claims concern Caterpillar's motion for restitution. Further, the Court has fully decided all outstanding issues and claims as between Caterpillar and the UAW arising out of the third-party complaint. Caterpillar, therefore, seeks certification of final judgment pursuant to Rule 54(b) on the Court's dismissal of its third-party complaint.

## ARGUMENT

### I. Legal Standard

Under Fed. R. Civ. P. 54(b), "[w]hen more than one claim for relief is presented in an action," the district court may "direct the entry of a final judgment as to one or more but fewer

than all of the claims," as long as the court makes "an express determination that there is no just reason for delay and upon express direction for the entry of judgment." Fed.R.Civ.P. 54(b). The Sixth Circuit has set forth the following "nonexhaustive list" of factors a court should consider in determining the appropriateness of entering a final judgment on less than all of the claims and parties:

> (1) the relationship between the adjudicated and the unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.

*Akers v. Alvey*, 338 F.3d 491, 495 (6th Cir. 2003) (citations omitted).

While these factors represent a non-exhaustive list, "[t]he court is free to weigh the factors unequally based on a case-by-case basis and need not find that each factor favors certification in order to grant it." *Harlan v. Torrence*, 2009 WL 1407001 (M.D. Tenn. May 19, 2009).[1]

The Sixth Circuit has held that Rule 54(b) certification of a final judgment should only be granted "'in the infrequent harsh case' as an instrument for the improved administration of justice." *See*, *e.g.*, *Corrosioneering, Inc. v. Thyssen Environmental Systems, Inc.*, 807 F.2d 1279, 1282 (6th Cir. 1986) (citing *Panichella v. Penn. Railroad Co.*, 252 F.2d 452, 454 (3d Cir. 1958)); *General Acquisition, Inc. v. GenCorp, Inc.*, 23 F.3d 1022, 1027 (6th Cir. 1994). However, the significance of the phrase "infrequent harsh case" as an evaluative standard must

---

[1] All unpublished decisions are attached hereto at Exhibit 1.

be considered in light of the Supreme Court's decision in *Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1 (1980).

In that case, the Supreme Court conducted a thorough review of Rule 54(d) jurisprudence and held that the appellate court erred in overturning the trial court's Rule 54(d) certification of certain claims it found to be distinct of any remaining claims or counterclaims. *Id*. at 7-13. In the course of its analysis, the Supreme Court noted that the appellate court had incorrectly found that Rule 54(d) certification required a showing of "harsh or unusual circumstances." *Id*. at 9. According to the Supreme Court:

> This holding reflects a misinterpretation of the standard of review for Rule 54(b) certifications and a misperception of the appellate function in such cases. The Court of Appeals relied on a statement of the Advisory Committee on the Rules of Civil Procedure, and its error derives from reading a description in the commentary as a standard of construction. When Rule 54(b) was amended in 1946, the Notes of the Advisory Committee which accompanied the suggested amendment indicated that the entire lawsuit was generally the appropriate unit for appellate review, "and that this rule needed only the exercise of a discretionary power to afford a remedy in the infrequent harsh case to provide a simple, definite, workable rule." 28 U.S.C.App., p. 484; 5 F.R.D. 433, 473 (1946). However accurate it may be as a description of cases qualifying for Rule 54(b) treatment, the phrase "infrequent harsh case" in isolation is neither workable nor entirely reliable as a benchmark for appellate review. There is no indication it was ever intended by the drafters to function as such.

*Id*. at 9-10. To the contrary, the Supreme Court stressed that "the standard against which a district court's exercise of discretion is to be judged is the 'interest of sound judicial administration.'" *Id*. at 10 (citing *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, (1956)).

In recognition of this holding, courts in the Sixth Circuit have held that "the party seeking Rule 54(b) [certification] need not show that 'harsh or unusual circumstances' merit such a ruling; instead, 'the proper standard against which a district court's exercise of discretion in

-5-

granting a Rule 54(b) certification is to be judged is the interest of sound judicial administration.'" *See*, *e.g.*, *S.E.C. v. Blackwell*, 2007 WL 1169362 at *2 (S.D. Ohio April 18, 2007) (citing *Curtiss-Wright Corp.*, 446 U.S. at 9).

Accordingly, a certification of final judgment is appropriate under Rule 54(b) so long as the court finds that a balancing of the five factors listed *supra* weighs in favor of final judgment and there exists no just reason for delay. *See*, *e.g.*, *Brunner v. Hampson*, 441 F.3d 457, 459 (6th Cir. 2006); *Wells Fargo Bank, NA v. MPC Investors, LLC*, 705 F. Supp. 2d 728, 739 (E.D. Mich. 2010); *G.D. DealHoldings, Inc. v. Baker Energy, Inc.*, 501 F. Supp. 2d 914, 929 (W.D. Ky. 2007).

## II.    Certification of Rule 54(b) Final Judgment Is Appropriate In This Case

The facts outlined above concerning Caterpillar's third-party complaint support the conclusion that Rule 54(b) certification is appropriate with respect to Caterpillar's third-party claims. *See*, *e.g.*, *Oshop v. Rutherford County Bd. Of Educ.*, 2010 WL 1539968 (M.D. Tenn. April 15, 2010) (Trauger, J.); *Pittman v. Franklin*, 282 Fed. Appx. 418, 431, 2008 WL 2521222, at *10 (6th Cir. June 24, 2008). In *Oshop*, this Court determined that Rule 54(b) certification was appropriate as to claims brought against two of the defendants in part given the "differing set of facts relevant to the claim" remaining in the district court as compared to the claim on which the parties sought final judgment and given "the uncertain nature of how long it will take to resolve the remaining claim." *Id*. at *7.

Similarly in *Pittman*, the Sixth Circuit determined that the district court appropriately granted Rule 54(b) certification as to a summary judgment order pertaining to one, but not all, of the parties to the litigation. 2008 WL 2521222, at *10. The Court of Appeals affirmed the Rule 54(b) certification because the claims appealed were "separate and distinct from the claims

-6-

against remaining defendants," "there [was] no danger that the issue [would be] brought before the Court a second time" and because there were "no pending claims which could result in set-off against the judgment sought to be made final." *Id.* (citations omitted).

The facts relevant to this Court's resolution of Caterpillar's third party complaint fit comfortably within the five factors enumerated by the Sixth Circuit and the foregoing case law. *First*, the relationship between the adjudicated and unadjudicated claims supports Rule 54(b) certification with respect to the adjudicated third-party claims. The remaining claims at issue in *Winnett* relate solely to whether Caterpillar is entitled to restitution for certain benefits paid during the course of the preliminary injunction. The issues in the third-party complaint, in contrast, focus on interactions between Caterpillar and the UAW in connection with the settlement of the 1998 and 2004 contracts, as well as the UAW's conduct in supporting the *Winnett* litigation. (R. 150, ¶¶ 79-107).

The UAW acknowledged this point in its motion to sever the third-party claims for trial. As the UAW noted:

> Caterpillar's remaining third-party claims against the UAW are premised … on allegations that the UAW has supported or encouraged litigation by the Kerns and Winnett plaintiffs and that such support or encouragement is a breach of the 1998 LDSA and of the 2004 collective bargaining agreement. These claims will require evidence that has no relevance to the underlying claims of the plaintiffs. The 1998 LDSA contains no benefit provisions and would not likely be offered at trial of the underlying retirees' claims. Nor would any party to those claims have a reason to offer evidence of how either the UAW or Caterpillar understood the definition they included in that contract of "litigation . . . arising out of, or related to or connected with the [1991-1998] labor dispute." *See* Kerns Dkt. 128 at 28-30. The provision of the 2004 collective bargaining agreement that bears on Caterpillar's breach of contract claim likewise has no bearing on the underlying plaintiffs' claims. *Id.* at 26.

(R. 365 at 7).

The UAW also explained that "the claims in the plaintiffs' lawsuits and the claims in the Third-Party Complaint are based on *different agreements* between the UAW and Caterpillar" and the "factual issues underlying the lawsuits are substantially different." (R. 420 at 3, 5 (emphasis in original)). In light of these arguments, this Court granted the UAW's motion to sever, because "severance under these circumstances serves the interest of judicial economy." (R. 427 at p. 9). These same considerations strongly support Rule 54(b) certification.

*Second*, any future developments in the main *Winnett* litigation will not moot the need for appellate review of the third-party claims. The only issues outstanding in the *Winnett* litigation relate to whether Caterpillar is entitled to restitution for its payment of certain benefits to the *Winnett* Plaintiffs. Resolution of any restitution issues in *Winnett* will not impact Caterpillar's claims against the UAW as outlined above. Caterpillar's third-party claims seek, *inter alia*, contribution, indemnification and compensation for any liability that may be imposed on Caterpillar as well as any costs the Company incurred in defending Plaintiffs' claims. (R. 150, ¶¶ 84, 90-91, 99-100, 106, pp. 19-20). These claims will remain viable regardless of how this Court resolves Caterpillar's restitution claims. *Wells Fargo Bank*, 705 F. Supp. 2d at 739 (granting 54(b) certification where decision of remaining claims would not impact the need for review of those claims already resolved).

*Third*, there is no chance that certifying the third-party claims as final at this juncture will result in the Court of Appeals having to review the same issues a second time. The issues on appeal regarding Caterpillar's third-party complaint will be whether this Court erred in dismissing certain UAW locals for lack of personal jurisdiction, whether this Court erred in dismissing Counts I and II pursuant to Rule 12(b)(6) and whether this Court erred in granting summary judgment on Counts III and IV. Given the procedural posture in which Caterpillar's

-8-

third-party claims were dismissed, there is little risk that the Sixth Circuit will have to address issues related to the merits of Plaintiffs' claims in connection with an appeal concerning the dismissal of Caterpillar's third-party claims. *Pittman*, 2008 WL 2521222, at *10 (finding 54(b) certification appropriate where "there is no danger that this issue will be brought before this Court a second time.").

*Fourth*, there are no pending claims or counterclaims which would result in set-offs against this Court's judgment of the third-party claims. *Wells Fargo Bank*, 705 F. Supp. 2d at 739 (determining Rule 54(b) certification appropriate where "[t]here is no likelihood that the disposition of the [remaining claims] would result in a setoff of the defendants' liability to the plaintiff."). The only counterclaim related to the third-party complaint has been voluntarily withdrawn by the UAW. (R. 516).

*Finally*, there is no just reason for delaying the judgment of the third-party counterclaims. The UAW's only involvement in this case relates to these third-party claims. As it is unclear how long it will take to fully resolve the restitution issues in *Winnett*, waiting to resolve the third-party claims until full resolution in *Winnett* has been reached could cause additional delay in the resolution of the third-party claims. Even if Caterpillar prevails on its appeal of this Court's dismissal of the third-party complaints, the merits of these claims will have to be determined through discovery and a trial. Given the amount of time associated with such matters, there is no just reason to further delay the potential resolution of any appeal related to the third-party complaint. *Oshop*, 2010 WL 1539968, at *7 (granting 54(b) certification, holding that given "the uncertain nature of how long it will take to resolve the remaining claim, there is no 'just reason' to delay the entry of a final judgment as to the defendants whose claims have been resolved.")

It is clear from the foregoing analysis that a balancing of the five-factors establishes the appropriateness of final judgment in this case, especially considering the third-party claims rely on an entirely "differing set of facts" than the remaining claims in the *Winnett* litigation, it remains uncertain how long the restitution claims of the *Winnett* litigation will take to resolve, and there exists no just reason for delay. Therefore, Rule 54(b) certification is appropriate in this case. *See*, *e.g.*, *Oshop*, 2010 WL 1539968, at *7; *Pittman*, 2008 WL 2521222, at *10.

## <u>CONCLUSION</u>

For these reasons, Caterpillar's motion for entry of judgment pursuant to Fed. R. Civ. P. 54(b) should be granted.

Dated:  April 25, 2011                                    Respectfully submitted,

                                                          CATERPILLAR INC.

                                                          By:___ s/ Joseph J. Torres_____
                                                                  One of Its Attorneys

Lawrence S. Eastwood, Jr.
BAKER, DONELSON, BEARMAN, CALDWELL
& BERKOWITZ, P.C.,
211 Commerce Street - Suite 1000
Nashville, TN  37201
(615) 726-5600

C. R. Gangemi, Jr. *(Admitted Pro Hac Vice)*
Joseph J. Torres *(Admitted Pro Hac Vice)*
Derek G. Barella *(Admitted Pro Hac Vice)*
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, IL  60601
(312) 558-5600
JTorres@winston.com

## CERTIFICATE OF SERVICE

       The undersigned, one of the attorneys for Defendant Caterpillar Inc., hereby certifies that on April 25, 2011, a true and correct copy of the foregoing MEMORANDUM IN SUPPORT OF CATERPILLAR'S MOTION FOR CERTIFICATION OF JUDGMENT was filed electronically with the Court. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

| | |
|---|---|
| Michael M. Mulder<br>Hinda Sodha<br>Meites, Mulder & Glink<br>321 S. Plymouth Ct., Suite 1250<br>Chicago, IL 60604 | Elizabeth A. Alexander<br>Lieff, Cabraser, Heimann & Bernstein, LLP<br>One Nashville Place<br>150 Fourth Avenue N, Suite 1650<br>Nashville, Tennessee 37219 |
| Craig V. Gabbert, Jr.<br>Gabbert & Manner PC<br>315 Deaderick Street, Suite 1800<br>Nashville, Tennessee 37238 | Jay E. Sushelsky<br>601 E Street, NW<br>Washington, DC 20049 |
| Lisa M. Smith<br>Klimist, McKnight, Sale, McClow,<br>& Canzano P.C.<br>400 Galleria Officentre, Suite 117<br>Southfield, Michigan 48034 | Samuel Morris<br>Godwin Morris Laurenzi & Bloomfield P.C.<br>Morgan Keegan Tower<br>50 N. Front Street, Suite 800, P.O. Box 3290<br>Memphis, Tennessee 38173-0290 |
| W. Gary Kohlman<br>Bredhoff & Kaiser, PLLC<br>805 15th Street NW, Suite 1000<br>Washington, DC 20005 | Edmund L. Carey, Jr.<br>Gerald E. Martin<br>Barrett, Johnston & Parsley<br>217 Second Avenue, N<br>Nashville, Tennessee 37201 |

          _____ s/ Joseph J. Torres _____