IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| GARY T. WINNETT, et. al., <br>     Plaintiffs, <br> v. <br> CATERPILLAR INC., <br>     Defendant/Third-Party Plaintiff, <br> v. <br> INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA and its LOCAL UNION NOS. 145, 751, 786, 974, 1086, 1415 and 2096, <br>     Third-Party Defendants/Counterclaim Plaintiffs. | Case No. 3:06-CV-00235 <br><br> Hon. Aleta A. Trauger <br><br> Mag. Judge Joe B. Brown |
| JUDITH K. KERNS, et. al., <br>     Plaintiffs, <br> v. <br> CATERPILLAR INC., <br>     Defendant/Third-Party Plaintiff, <br> v. <br> INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA and its LOCAL UNION NOS. 145, 751, 786, 974, 1086, 1415 and 2096, <br>     Third-Party Defendants/Counterclaim Plaintiffs. | Case No. 3:06-CV-1113 <br><br> Hon. Aleta A. Trauger <br><br> Mag. Judge Joe B. Brown |

**UAW'S OPPOSITION TO**
**CATERPILLAR'S MOTION FOR CERTIFICATION OF FINAL JUDGMENT**

Third-party defendants International Union, United Automobile, Aerospace and

Agricultural Implement Workers of America and its Local Union No. 1086 (hereinafter,

collectively the "UAW") respectfully oppose the motion of Caterpillar, Inc. (hereinafter

1

"Caterpillar") for a certification of final judgment with regard to its third-party claims against the UAW. Caterpillar's motion seeks to have the court issue final judgment as to its third-party claims against the UAW. With final judgment only on the third-party claims, Caterpillar will be able to take an immediate appeal regarding those claims separate from potential appeals that may be brought regarding the plaintiffs' claims in the *Kerns* and *Winnett* lawsuits.

As we now show, this motion should be denied. In particular, Caterpillar has failed to identify any prejudice it would suffer were the Court to enter a single appealable judgment following the resolution of all of the claims of all of the parties to the litigation. In fact, Caterpillar has not identified a single compelling reason to disturb the "historic federal policy against piecemeal appeals." *General Acquisition, Inc. v. GenCorp, Inc.*, 23 F.3d 1022, 1027 (6th Cir. 1994) (quoting *Curtiss-Wright v. General Elec. Co.*, 446 U.S. 1, 8 (1980). For those reasons which are discussed in more detail below, Caterpillar's motion should be denied.

## LEGAL STANDARD

Fed. R. Civ. P. 54(b) provides that, where multiple claims or parties are involved in an action, a court may "direct entry of a final judgment as to one or more, but fewer than all, claims or parties *only if* the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b) (emphasis added). Because well-established precedent makes clear that principles of judicial economy favor a single appeal following a single final judgment in a given case, the Rule 54(b) authority is to be used sparingly. The Supreme Court has made this point clear, holding that "[n]ot all final judgments on individual claims should be immediately appealable, even if they are in some sense separable from the remaining unresolved claims." *Curtiss-Wright,,* 446 U.S. at 8. Instead, as this Court itself has noted, "[t]he Sixth Circuit has concluded that the entry of a final judgment under Rule 54(b) is appropriate only in the 'infrequent harsh case'

2

where doing so is necessary 'as an instrument for the improved administration of justice.'" *Siddle v. Crants,* No. 09-0175, 2010 WL 1417935[1], at *1 (M.D. Tenn. Apr. 7, 2010) (Trauger, J.) (quoting *Corrosioneering, Inc. v. Thyssen Envtl. Sys., Inc.,* 807 F.2d 1279, 1282 (6th Cir.1986)).[2]  Thus, "Rule 54(b) is not to be used routinely, or as a courtesy or accommodation to counsel." *Corrosioneering*, *Inc.*, 807 F.2d at 1282 (citations omitted).  Nor is the rule to be used without "due deliberation;" rather, in granting a motion under Rule 54(b), a district court should avoid "boiler-plate" reasoning and instead "marshall the competing considerations and state the ones considered to be most important when making a Rule 54(b) certification." *Solomon v. Aetna Life Ins.*, 782 F.2d 58, 60-61 (6th Cir. 1986) (internal citations and punctuation omitted).

The Sixth Circuit has identified several "non-exhaustive" factors a district court should consider in reviewing a request under Rule 54(b):

> (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.

*Lowery v. Federal Express Corp.*, 426 F.3d 817, 822 (6th Cir. 2005) (quoting *General Acquisition,* 23 F.3d at 1030).  These factors dispositively demonstrate that Rule 54(b) certification is not warranted here.

---

[1] All unpublished cases cited herein have been attached to this Memorandum as Exhibit 1.

[2] Caterpillar has asserted that the Sixth Circuit's articulation of the standard that a party seeking a final judgment under Rule 54(b) must meet is at odds with the Supreme Court's articulation of that standard in *Curtiss-Wright*. In fact, the Sixth Circuit has repeatedly cited *Curtiss-Wright* in the context of articulating the standard under Rule 54(b) and stressing that it is only in the "infrequent harsh case" that Rule 54(b) certification would be appropriate.  *See Corrosioneering, Inc.*, 807 F.2d at 1282; *see also General Acquisition, Inc.,* 23 F.3d 1022 at 1027 (citing *Curtiss-Wright* and holding that interlocutory appeals under Rule 54(b) are limited to "infrequent harsh case[s]"); *Solomon v. Aetna Life Ins. Co.*, 782 F.2d 58, 60-61 (6th Cir. 1986) (same).

# ARGUMENT

I. **Rule 54(b) Certification is not Warranted Given That Appeal of the Plaintiffs' Claims in *Winnett* and *Kerns* May Moot The Review of the Court's Dismissal of Caterpillar's Third-Party Complaints**

As set forth above, the Sixth Circuit has held that where there is a possibility that the need for appellate review might be mooted by future developments, a Rule 54(b) motion should be denied. As we now show, because there exists a possibility that Caterpillar's third-party claims against the UAW could become moot, Caterpillar's motion should be denied.[3]

Caterpillar's third-party claims against the UAW in both *Kerns* and *Winnett* seek, *inter alia*, indemnification and contribution for any liability that may be imposed on Caterpillar as a result of the plaintiffs' claims in the *Kerns* and *Winnett* lawsuits. *Kerns* Third-Party Complaint [*Kerns* Dkt. No. 82] at ¶¶ 84, 90-91, 99, pp. 19-20; *Winnett* Third-Party Complaint [*Winnett* Dkt. No. 150] at ¶¶ 83, 89-90, 98, p. 19. Caterpillar's indemnification and contribution claims are *contingent* on a finding of liability against Caterpillar. As the first paragraph of the third-party complaints expressly states, Caterpillar "brings this action seeking relief *in the event* the Plaintiffs and class members in this lawsuit prevail on their [underlying] claims." *Kerns* Third-Party Complaint at ¶ 1 (emphasis added); *Winnett* Third-Party Complaint at ¶ 1 (emphasis added). Thus, were Caterpillar found not liable in *Winnett* and/or *Kerns*, its claims against the UAW for indemnification and contribution would be rendered moot.

As set forth in the Court's consolidated summary judgment ruling, Caterpillar has been found not liable to the plaintiffs in *Winnett*, *see* 1/12/2011 Order [*Winnett* Dkt No. 495], and only partially liable to the plaintiffs in *Kerns*.[4] Because these rulings are subject to appeal—an appeal

---

[3] This reasoning also applies to the fourth factor identified by the Sixth Circuit—the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final—and counsels against the issuance of a certificate of final judgment. *See supra* at 3.

[4] Very little remains pending in either *Winnett* or *Kerns*. Specifically, in *Winnett*, there remains pending

that could result in no liability being imposed upon Caterpillar—it would be premature for an appellate court to consider the question of the UAW's liability for indemnification and contribution to Caterpillar. Stated differently, because there is a possibility that an appellate court could render any question of indemnification and contribution moot by finding that Caterpillar owes no liability to the *Winnnett* or *Kerns* plaintiffs, there is no justification for the issuance of final judgment on Caterpillar's third-party claims.

The Sixth Circuit's holding in *Corrosioneering, Inc.* is on all fours with this case. In that case, the district court had found liability against a party in the main action, but dismissed that party's claims for indemnification against a third-party that were brought via a third-party complaint. 807 F.2d at 1281. The district court had certified the judgment dismissing third-party claims for indemnification pursuant to Rule 54(b) while the "issue of damages and several miscellaneous matters" related to the action between the main parties were resolved by a magistrate. *Id.* at 1281. The Sixth Circuit reversed, finding that the certification was an abuse of discretion in light of the possibility that an appeal by the party found liable "would render unnecessary this appeal on the indemnification question." *Id.* at 1284; *see also id.* ("[J]udicial concerns counsel against the immediate appeal of a question of indemnity apart from or, at least, prior to the consideration *on appeal* of the question of whether any liability exists.") (emphasis in original). Specifically, the Sixth Circuit found that "the same concern which counsels against certifying an issue which may be mooted by future developments in the *district* court militates against an immediate appeal on the question of indemnity when there is a possibility that future developments in the *appellate* court could moot the need for review of that issue." *Id.* (emphasis in original). Accordingly, the Sixth Circuit concluded that to avoid rendering an advisory

---

Caterpillar's motion for restitution. *See* Motion for Restitution [*Winnett* Dkt. No. 517]. In *Kerns*, the parties are now in the process of resolving Caterpillar's damages. *See* 2/18/11 Status Report [Kerns Dkt. No. 293].

opinion regarding indemnification, "the indemnity issue should await adjudication of the entire case so that in a unified appeal the appellate tribunal could address the liability issue first and proceed to the indemnity question only if necessary." *Id.* (emphasis in original). It further held: "[i]n the absence of countervailing considerations supporting an immediate appeal, this juridical concern is *alone sufficient* to warrant our finding that the district court abused its discretion . . . ." *Id.* (emphasis added).

The same result is compelled here. Because the Sixth Circuit could find that Caterpillar owes no liability, in the first instance, to the plaintiffs, an appeal by Caterpillar of the indemnification and contribution claims against the UAW would be premature.[5] Under *Corrosioneering, Inc.*, this fact alone necessitates the denial of Caterpillar's motion. *See also*, *e.g., General Acquisition, Inc.*, 23 F.3d at 1031 (refusing to address partial grant of summary judgment on damages when issue of liability was as yet unresolved because damages issue might become moot); *Elliott Co. v. Liberty Mut. Ins. Co.*, No. 05cv1387, 2007 WL 987318, *4 (N.D. Ohio, Apr. 2, 2007) (no certification of judgment issued on indemnity issue where issue might be mooted by future developments), *aff'd* No. 08-3419, 2009 WL 750780 (6th Cir. Mar. 23, 2009).

II. **Rule 54(b) Certification Is Not Warranted Given That A Common Nexus of Facts Exists With Respect to the Plaintiffs' and Caterpillar's Claims, and Thus Interests of Judicial Economy Favor a Single Unified Appeal in Each Case**

1. The Sixth Circuit's holdings concerning Rule 54(b) instruct district courts to consider questions of judicial economy and to avoid situations which would require appellate courts to needlessly expend resources reviewing facts and issues more than once. This is

---

[5] For this reason, the case cited by Caterpillar, *Wells Fargo Bank v. MPC Investors, LLC*, 705 F. Supp. 2d 728, 739 (E.D. Mich. 2010), is inapposite. In that case, a certification of final judgment was issued regarding the plaintiff's main action against the defendants, even though the defendants' claims for indemnification against each other were still outstanding. *Id.* Thus, in *Wells Fargo*, there was no possibility that any future decision by the district court or the court of appeals would render the court of appeals' consideration of liability in the main action advisory.

6
Case 3:06-cv-00235    Document 526    Filed 06/02/11    Page 6 of 13 PageID #: 14207

because "[i]t is uneconomical for an appellate court to review facts on an appeal following a Rule 54(b) certification that it is likely to be required to consider again when another appeal is brought after the district court renders its decision on the remaining claims or as to the remaining parties." Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2659 (3d ed. 2008). The Sixth Circuit has held that where "the plaintiffs' claims against each defendant are . . . based on the same general factual allegations," certification under Rule 54(b) was not warranted. *Solomon v. Aetna Life Ins. Co.*, 782 F.2d 58, 62 (6th Cir. 1986). In such a case, "judicial economy will best be served by delaying appeal until all the issues can be confronted by this Court in a unified package." *Id.* Accordingly, where there exists a relationship between adjudicated and unadjudicated claims or where there exists a possibility that a reviewing court might be obliged to consider the same issue a second time, a Rule 54(b) motion should be denied.

These factors applied here compel the rejection of Caterpillar's Rule 54(b) motion. If Caterpillar's Rule 54(b) motion is granted, the Sixth Circuit will be forced to consider the multi-decade bargaining history between the UAW and Caterpillar relating to the issue of retiree health—facts that are central to the plaintiffs' claims against Caterpillar in both *Kerns* and *Winnett* and Caterpillar's claims against the UAW in the third-party complaints—more than once in each case. Judicial economy would not be served by requiring the Court of Appeals to confront this complex factual record on multiple occasions in each case.

Significantly, this Court previously reached this very conclusion in rendering a decision on the parties' motions for summary judgment. In March 2010, the Court issued a *single, consolidated opinion* that addressed the summary judgment motions by UAW, as well as the cross-summary judgment motions filed by Caterpillar and the plaintiffs in both *Kerns* and

7

*Winnett*. In doing so, the Court explained that the "overlap in the relevant facts dictates that it is in the interest of judicial economy to address the motions in these two cases in one opinion." 3/26/10 Decision [*Winnett* Dkt. No. 463] at 2.[6] Moreover, the facts described in the Court's March 2010 opinion are drawn from multiple submissions by all of the parties to these suits. Accordingly, separate certification regarding the third-party claims would create more work for the Court of Appeals, as it would need to unwind the Court's summary judgment opinion, and reconstruct it based on the record pertaining only to the UAW's motions for summary judgment. There is no compelling reason—and Caterpillar has not presented any—to impose such an additional burden on the Court of Appeals.

2.  Caterpillar's reliance on the UAW's motion to sever the trial of the claims against it from the trials of the plaintiffs' claims is unavailing. To be sure, as the UAW stated in its motion to sever, the claims by Caterpillar against the UAW are separate from the claims of the *Kerns* and the *Winnett* plaintiffs and would require proof of different evidence. Yet this fact alone does not control the analysis under Rule 54(b): "[g]enerally a finding that an issue being considered for Rule 54(b) certification is 'separate and distinct' from remaining issues in a case will begin, rather than end, the district court's certification analysis." *Corrosioneering*, 807 F.2d at 1282.[7] In this regard, Caterpillar ignores the fact that the UAW's motion to sever, and the Court's decision granting that motion, were grounded in trial management considerations, such

---

[6] It bears noting that in rendering its decision on the various summary judgment motions, the Court set out a single statement of facts common to all of the parties' claims. *See id.* at 2 n.2.

[7] Caterpillar relies on the Sixth Circuit's unpublished opinion in *Pittman v. Franklin*, 282 Fed. App'x. 418 (6th Cir. 2008) (unpublished) as an example of a case in which certification of final judgment was found to be warranted. In that case, which involved a garden variety medical malpractice claim, the district court issued final judgment regarding an unopposed motion for summary judgment which was not the subject of any appeal. *Id.* at **3, 10. Among other factors, the court found that certification was warranted "inasmuch as it releases [the defendant who filed an unopposed motion for summary judgment] from suit." *Id.* at **10. Although the court found that the claims of the parties were "separate and distinct," *Id.*, the claims at issue in *Pittman* bear no relation to those at issue here.

as the fact that the UAW would likely call the counsel for the plaintiffs as witnesses in its case, and the fact that the claims against the UAW were triable to a jury while the plaintiffs' claims were not. *See* UAW Mem. in Supp. of Mot. to Sever [*Winnett* Dkt. 365] at 8-13; 1/28/10 Memorandum [*Winnett* Dkt. No. 427] at 6-9. Just as it would have been wasteful and inefficient to require that a *jury* hear irrelevant evidence relating to claims that it did not have to decide, it would be similarly inefficient to require *the Court of Appeals* to grapple more than once in each case with the facts that are common to all of the claims at issue in each case. Indeed, Caterpillar has itself acknowledged this overlap, having previously stated, in opposing the UAW's motion to sever, that "there is . . . a substantial common nexus of facts and evidence to be presented at any trial of Plaintiffs' claims and the remaining third-party claims. . . ." Cat. Mem. in Opp. To Mot. to Sever [*Kern* Dkt. No. 203] at 2, 5. For those reasons, interests of judicial economy necessitate that certification of final judgment be withheld so that the Court of Appeals only need confront these issues once in each case. *See, e.g.*, *Building Indus. Ass'n of Superior Cal. v. Babbitt*, 161 F.3d 740, 745 (D.C. Cir. 1998) (holding that Rule 54(b) certification was not warranted where issues arose "from a nexus of fact and law so intertwined that if we decide the one now, we may nonetheless face many of the same questions in determining the other later."); *Siddle v. Crants*, 2010 WL 1417935, at *2 (denying request for Rule 54(b) certification because "it would be inefficient and not in the interests of judicial economy to have an appeal . . . proceed to the Sixth Circuit" while motions raising the same issues were pending in the district court.).

### III. No Other Consideration Warrants Certification

Having addressed the four specific factors that the Sixth Circuit has identified in relation to the Rule 54(b) analysis, *see supra* at 3, we note that no other "miscellaneous" factor warrants certification. Caterpillar has asserted that certification is appropriate given that it is "unclear

9

how long it will take" to resolve the outstanding damages and restitution issues in *Kerns* and *Winnett*, and it has suggested that certification is appropriate because, if it prevails in its appeal of the Court's rulings regarding the third-party complaints, those claims would "have to be determined through discovery and a trial." Cat. Mem. in Supp. of Mot. for Cert. of Final Jgmt [*Kerns* Dkt. No. 315] at 9; Cat. Mem. in Supp. of Mot. for Cert. of Final Jgmt [*Winnett* Dkt. No. 520] at 9.

These arguments are unpersuasive and in fact demonstrate that Rule 54(b) certification is *not* warranted. In *Corrosioneering, Inc.*, the Sixth Circuit observed that, where "virtually all that remained in the lower court at the time of the Rule 54(b) certification was the determination of damages," an immediate appeal was unnecessary, because such an appeal would not "eliminate much unnecessary evidence, confine the issues, shorten the trial, save much expense to the litigants in connection with the preparation for trial [or] contribute considerably to expediting the work of the [trial] court." 807 F.2d at 1284-85 (internal citation omitted).[8] Caterpillar has presented no evidence that the Sixth Circuit's finding is not equally applicable here. Notably, Caterpillar has presented no basis to find that it will suffer prejudice or undue delay in having the all of the issues and claims in the case resolved prior to the issuance of a final judgment in the normal course, and it has failed to show that this is the "infrequent harsh case" that warrants a certification of final judgment under Rule 54(b).[9]

## CONCLUSION

---

[8] This Court's opinion in *Oshop v. Rutherford County Bd. of Educ.*, No. 09-cv-0063, 2010 WL 1539968 (M.D. Tenn. Apr. 15, 2010) (Trauger, J.) is inapposite: in that case, this Court found that certification was appropriate "[u]nder the unique facts" of that case, where the unresolved claims were only at the pleading phase, and not at the damages phase as here and in *Corrosioneering, Inc*. *See id.* at *7.

[9] Instead, the *plaintiffs* in *Kerns* and *Winnett* would be prejudiced if the Court of Appeals were to consider the common nexus of facts at issue on appeal of the third-party claims, and draw conclusions from them, without the plaintiffs' input. *See, e.g., Solomon*, 782 F.2d at 62.

10

Case 3:06-cv-00235   Document 526    Filed 06/02/11   Page 10 of 13 PageID #: 14211

For the foregoing reasons, Caterpillar's Motions for Certification of Final Judgment in both *Kerns* [Dkt. No. 314] and *Winnett* [Dkt. No. 519] should be denied.

Dated: June 2, 2011

Respectfully submitted,

 /s/ Matthew Clash-Drexler
*Julia Penny Clark (D.C. Bar No. 269609)
*W. Gary Kohlman (D.C. Bar No.177527)
*Matthew Clash-Drexler (D.C. Bar. No. 477334)
*Joshua B. Shiffrin (D.C. Bar No. 501008)
BREDHOFF & KAISER, P.L.L.C.
805 15th Street N.W., Suite 1000
Washington, D.C. 20005
(202) 842-2600
Fax: (202) 842-1888

*Admitted *Pro Hac Vice*

Edmund L. Carey, Jr.
David W. Garrison
Gerald E. Martin
BARRETT, JOHNSTON & PARSLEY
217 Second Avenue
Nashville, TN 37201
(615) 244-2202
Fax: (615) 252-3798

*Counsel for Third-Party Defendants International Union, United Automobile Aerospace and Agricultural Implement Workers of America and its Local Unions No. 1086*

# CERTIFICATE OF SERVICE

I hereby certify that on this 2d day of June, 2011 a copy of the foregoing document, and any attachments, was served electronically to the following Filing Users via the Court's Electronic Filing System. Counsel is unaware of a duty to serve any party by alternative means.

**Kathryn E. Barnett**
**Elizabeth A. Alexander**
**Mark P. Chalos**
Lieff, Cabraser, Heimann & Bernstein, LLP
3319 West End Avenue
Suite 600
Nashville, TN 37203-1074
(615) 313-9000
Email: kbarnett@lchb.com
ealexander@lchb.com
mchalos@lchb.com

**Michael M. Mulder**
**Shona B. Glink**
**Jamie S. Franklin**
**Karen Sheley**
Meites, Mulder, Mollica & Glink
20 S Clark Street
Suite 1500
Chicago, IL 60603
Telephone: (312) 263-0272
Fax: (312) 263-2942
Email: mmmulder@mmmglaw.com
sbglink@mmmglaw.com
jsfranklin@mmmglaw.com
ksheley@mmmglaw.com

**Jay E. Sushelsky**
601 E Street, NW
Washington, DC 20049
Email: jsushelsky@aarp.org


*Counsel for Plaintiffs*

**Columbus R. Gangemi, Jr.**
**Derek Grady Barella**
**Joseph J. Torres**
Winston & Strawn LLP
35 W Wacker Drive
Chicago, IL 60601-9703
(312) 558-5600
Email: cgangemi@winston.com
Email: dbarella@winston.com
Email: jtorres@winston.com

**Lawrence Slade Eastwood, Jr.**
Baker, Donelson, Bearman, Caldwell & Berkowitz, PC
Commerce Center
211 Commerce Street
Suite 1000
Nashville, TN 37201
(615) 726-5600
Email: leastwood@bakerdonelson.com

*Counsel for Defendant Caterpillar, Inc.*


  /s/Matthew Clash-Drexler
Matthew Clash-Drexler