IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| GARY T. WINNETT, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 3:06-cv-00235 |
| | ) | |
| v. | ) | Hon. Aleta A. Trauger |
| | ) | Mag. Judge Joe B. Brown |
| CATERPILLAR INC., | ) | |
| | ) | CLASS ACTION |
| Defendant. | ) | |
| | ) | |

**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO
DEFENDANT'S MOTION FOR RESTITUTION**

Caterpillar seeks over $1 million in damages from individual CLS class members to reimburse itself for the cost of the medical benefits it covered during the pendency of the preliminary injunction. The individual class members never received any of the money that Caterpillar is attempting to collect. This money was not paid by Caterpillar into a trust for the benefit of CLS class members or even given to the CLS class members to be used to cover medical expenses and premium payments. Instead Caterpillar, as a self-funded insurer, simply covered these premium charges, co-pays and other costs associated with the CLS subclass' medical coverage during the period the injunction was in place. The type of "make whole" monetary remedy that Caterpillar now seeks is barred by the absence of a bond in this case and prohibited under Section 502(c) of the Employee Retirement Income Securities Act ("ERISA") – which allows equitable restitution only under very limited circumstances which are not present here. 29 U.S.C. §1132. Moreover, even if Caterpillar could recover these damages, it would have to first file a counterclaim and then ask the Court to certify a counter-claimant defendant class, which it has not done. Thus, the present motion is improper and should be denied.

**I.     THE LACK OF A POST-TRIAL BOND BARS CATERPILLAR FROM SEEKING DAMAGES AGAINST THE CLS RETIREE SUBCLASS**

At the time it granted the CLS subclass' motion for preliminary injunction, this Court waived the requirement that the plaintiffs post a Rule 65(c) bond based, in part, on the finding that the retirees faced "financial constraints." 579 F. Supp. 2d 1008, 1042-43 (M.D. Tenn. 2008) If Caterpillar was dissatisfied with the amount of the bond set by this Court, it could have raised the issue at the time it appealed the preliminary injunction and asked the court of appeals to impose a bond. *See Coyne-Delaney Co., Inc. v. Capital Development Board of the State of Illinois*, 717 F.2d 385,393 (7th Cir. 1983) (citing *Stockslager v. Carroll Elec. Cooperative Corp*., 528 F. 2d 951 (8th Cir. 1976)). It did not do so.

The Supreme Court made it clear in *W.R. Grace and Company v. Local Union 759, International Union of the United Rubber, Cork, Linoleum and Plastic Workers of America*, that "[a] party injured by the issuance of an injunction later determined to be erroneous has no action for damages in the absence of a bond." 461 U.S. 757, 770 (U.S. 1983) (citing *Russell v. Farley,* 105 U.S. 433, 437 (1882); *Buddy Systems, Inc. v. Exer-Genie, Inc.,* 545 F.2d 1164, 1167-1168 (CA9 1976), *cert. denied*, 431 U.S. 903 (1977)).[1] The only exception to this bar is for suits alleging malicious prosecution. *Meyers v. Block*, 120 U.S. 206, 208 (1887) ("Without a bond, no damages can be recovered at all. Without a bond for the payment of damages or other obligation of like effect, a party against whom an injunction wrongfully issues can recover nothing but costs, unless he can make out a case of malicious prosecution. It is only by reason of the bond, and upon the bond, that he can recover anything."); *see also Roche Diagnostic Corp. v. Medical*

---

[1]  Defendant cites to *Arkadelphia Milling Co. v. St. Louis, S.W. Ry. Co.*, 249 U.S. 134, 145 (1919) and sections from the RESTATEMENT (FIRST) OF RESTITUTION (1937) – both of which predate the Supreme Court decision in *W.R. Grace*.

*Automation Systems, Inc.*, No. 11-1114, Slip Op. at 6-7 (7th Cir. May 24, 2011) (attached as Exhibit A).

Caterpillar argues that a party may obtain equitable restitution even in the absence of a bond. However, as the Fifth Circuit made clear in *Tenths Ward Road Dist. No. 11 of Avoyelles Parish v. Texas & P. Ry. Co.*, 12 F.2d 245, 247 (5th Cir. 1926), a case relied upon by defendant (at 6) "[t]here is no support in reason or authority for an extension of the doctrine of restitution to cover an award of damages, which the restorer never received, and so in no true sense could restore." 12 F.2d at 248 (citing *Meyers v. Block*, 120 U.S. at 211)(without a bond no damages can be recovered at all). Thus, unless the suit is for equitable restitution, that is "restitution in kind" and not for money damages, it is barred. *Id*.

Here, Caterpillar is not seeking restitution in kind (i.e. the return of the health care benefits the CLS retirees received during the preliminary injunction). Instead, it is seeking payment from the individual CLS retirees in an amount equal to the value of the medical benefits that Caterpillar covered during the preliminary injunction period.[2] This type of monetary relief is barred absent a bond, and for good reason. The very purpose of the bond is to put a party on notice of the potential amount it might have to pay back should the court's preliminary injunction ruling be reversed on appeal. *Coyne-Delaney,* 717 F.2d at 394 ("[I]f the plaintiff's

---

[2] Defendant also cites to *Maryland Dep't of Human Resources v. USDA*, 976 F.2d 1462, 1482-83 (4th Cir. 1992). That case is inapposite because it involved restitution under the appropriation clause of the federal treasury where restitution was statutorily mandated. *Id*. at 1480-1482. Defendant also cites to *Newfield House Inc. v. Mass. Dep't of Public Welfare*, 651 F.2d 32, 39 n. 12 (1st Cir. 1981). *Newfield* was decided before the Supreme Court's decision in *W.R. Grace*. Defendant also inaccurately characterizes the Seventh Circuit's holding in *In re UAL Corp.*, 412 F.3d 775, 779-80 (7th Cir. 2005). Contrary to defendant's assertion, *UAL Corp.* does not hold that equitable restitution is an exception to the no-bond rule – only that it "might" be an exception. In *Roche Diagnostic*, the Seventh Circuit subsequently reaffirmed that under *W.R. Grace*, suits for the type of damages Caterpillar seeks are barred in the absence of a bond unless there is a claim for malicious prosecution. Exhibit A, Slip op., at p. 6-7.

3

damages are limited to the amount of the bond, at least he knows just what his exposure is when the bond is set by the district court. It is not unlimited. If the bond is too high he can drop the suit.") The individual CLS class members received no notice of the issuance of the preliminary injunction or of the potential that they might be required to pay Caterpillar over $1 million in damages should the injunction be reversed on appeal.

## II. CATERPILLAR'S CLAIM FOR RESTITUTION IS BARRED BY ERISA

### A. ERISA, Not Common Law, Governs Defendant's Claim for Restitution

Even if Caterpillar's claim for restitution is not barred by the absence of a bond, Caterpillar's motion for restitution completely ignores the fact that ERISA – not state or common law – is the body of law governing the benefits and plan that are implicitly called into issue under its motion. Indeed, while Caterpillar cites to numerous common law cases where restitution was granted, and argues that restitution is justified under Tennessee law (at 7), Caterpillar does not cite to one case addressing its right to restitution under ERISA Section 502. Yet, it is well established that ERISA preempts state law claims that "relate to" any employee benefit plan. 29 U.S.C. § 1144(a) (1988); *Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. 41 (1987). As this Sixth Circuit recognized in *Zuniga v. Blue Cross Blue Shield of Michigan*, "'[t]he pre-emption clause is conspicuous for its breadth… [A] law relates to an employee welfare plan if it has 'a connection with or reference to such a plan.'" 52 F.3d 1395, 1401 (6th Cir. 1995) (quoting *FMC Corp. v. Holliday,* 498 U.S. 52, 58 (1990) (quoting *Shaw v. Delta Air Lines,* 463 U.S. 85, 96-97 (1983))). As noted by the appellate court, "Congress used the words 'relate to' in their broad sense." *Id.* at 1401 (citing *Shaw,* 463 U.S. at 98). Moreover, the Sixth Circuit has found that "'State law' was defined using equally broad language, to include 'all laws, decisions, rules, regulations, or other State action having the effect of law.'" *Id.* (quoting 29 U.S.C. § 1144(c)(1) (1988)). Thus, "'[u]nder this 'broad common-sense meaning,' a state law may 'relate to' a

4

benefit plan, and thereby be pre-empted, even if the law is not specifically designed to affect such plans, or the effect is only indirect.'" *Id.* at 1401 (quoting *Ingersoll-Rand v. McClendon,* 498 U.S. 133, 139 (1990) (quoting *Pilot Life,* 481 U.S. at 47)).

Here, Caterpillar's claim for over $1 million in restitution directly relates to this Court's earlier ruling on the CLS subclass' motion for preliminary injunction enjoining Caterpillar from charging the subclass for any portion of the above-cap costs of the premium payments and other medical expenses. This Court's ruling was based on its reading under ERISA of the controlling benefits plan documents in place at the time the CLS class members retired from Caterpillar. As Caterpillar's claim for restitution is inextricably intertwined with the underlying benefits plan covering CLS class members, its common and state law claims for restitution are preempted by ERISA. *Zuniga v. Blue Cross Blue Shield of Michigan*, 52 F.3d 1395 (6th Cir. 1995)

**B.     Under ERISA Caterpillar's Claim for Equitable Restitution Fails**

It is not surprising that Caterpillar attempts to circumvent the law governing equitable restitution under ERISA, as its motion is doomed under the controlling precedent. Indeed, while restitution is an available remedy under ERISA Section 502(a)(3), the statute only provides for "equitable restitution" and the Supreme Court, in *Great-West Life & Annuity Insurance Co. v. Knudson*, 534 U.S. 204 (2002) and *Sereboff v. Mid Atlantic Medical Services, Inc.*, 547 U.S. 356 (2006), has narrowly construed the limited circumstances under which actions for equitable restitution may proceed. *See Mertens v. Hewitt Associates*, 508 U.S. 248, 255-58, n. 8 (1993) (restitution available remedy under ERISA); *Varity Corp. v. Howe*, 516 U.S. 489 (1996) (same). Because the holdings in *Great West*, *Sereboff* and their progeny clearly preclude defendant's claim for restitution here, Caterpillar's motion should be denied.

5

Defendant asserts (at 3) a claim for reimbursement of plan benefits paid by Caterpillar to cover a portion of the monthly premiums as well as unspecified amounts to be determined at some later date for office visits, co-pays and other medical expenses of the CLS subclass members during the period of the Court-ordered injunction.[3] According to defendant (at 3, n.1), the costs for the damages Caterpillar has already quantified exceed $1 million. While Caterpillar fashions its request for this money as "equitable restitution," the Supreme Court made it clear in G*reat-West* that "[a]lmost invariably… suits seeking (whether by judgment, injunction, or declaration) to compel the defendant to pay a sum of money to the plaintiff are suits for 'money damages'… since they seek no more than compensation for loss resulting from defendant's breach of legal duty." *See Great-West*, 534 U.S. at 210. That is exactly what Caterpillar seeks here.

For a request for relief in an ERISA context to qualify as equitable, the action must not seek to impose personal liability on the defendant, but must seek to restore to the plaintiff particular funds held by the defendant. *Id.* at 214. In *Great West*, the plan sought equitable restitution of benefits it had paid when the plan participant recovered in tort from a third party. The Supreme Court held that under ERISA a plaintiff can seek restitution in equity "ordinarily in the form of a constructive trust or an equitable lien, where money or property identified as belonging in good conscience to the plaintiff could clearly be traced to particular funds or property in the defendant's possession." 534 U.S. at 214. Because the funds at issue were in a special needs trust, and not in the possession of the defendant, the Supreme Court held that the action was for legal damages – to collect money from the defendant's general assets – and not an

---

[3] Specifically, Caterpillar has requested "an order requiring each plaintiff (or party deemed to be liable for Caterpillar's harm) to pay restitution to Caterpillar in amount equal to the value of benefits that particular Plaintiff received as a result of Caterpillar's compliance with the…" preliminary injunction.
6

action in equity. Thus, the claim was barred under Section 502(a)(3). *Id*. Similarly here, because the plaintiffs and the subclass never received any funds, there is no action in equity, only a claim for legal damages barred by ERISA.

Lower courts applying *Great West* have developed a three part test for determining whether a claim for restitution is equitable, and therefore available under ERISA: (1) the funds plaintiff seeks to recover must be specifically identifiable; (2) the funds must belong in good conscience to the plan; and (3) the funds must be within the possession and control of the defendant beneficiary. *See, e.g., Bombardier Aerospace Employee Welfare Benefits Plan v. Ferrer, Poirot & Wainsbrough,* 354 F.3d 348, 356 (5th Cir.2003); *Admin. Comm. of Wal-Mart Stores, Inc. Assocs. Health & Welfare Plan v. Varco,* 338 F.3d 680, 687 (7th Cir.2003); *Calhoon v. Trans World Airlines, Inc.,* 400 F.3d 593, 598 (8th Cir.2005). Caterpillar cannot meet at least two of these requirements.

Caterpillar does not claim, nor can it, that the subclass holds "particular funds" or that the funds are "specifically identifiable," but rather that Caterpillar is entitled to collect money from the general assets held by the CLS class members to compensate the company for benefits that it conferred on those individual subclass members. *See Great-West*, 534 U.S. at 213-214. The money Caterpillar seeks from individual CLS class members was not paid by Caterpillar into a trust for the benefit of CLS class members or even given to the CLS class members to be used to cover medical expenses. Instead, the money was paid to third party medical providers to cover the costs of benefits. As the Supreme Court in *Great-West* noted, the kind of restitution that Caterpillar seeks "is not equitable – the imposition of a constructive trust or equitable lien on particular property – but legal – the imposition of personal liability for the benefits that they conferred upon respondents." 534 U.S. at 214; *see also Harris Trust and Savings Bank v.*

*Salomon Smith Barney Inc*., 530 U.S. 238, 250-1 (2000) (claim for restitution under ERISA section 502(a)(3) permissible where claim is for specific property or its proceeds held by the defendant). Cf. *Alexander v. Bosch*, 232 Fed. Ex. Appx. 491, 2007 WL 1424299 (C.A. 6 (Tenn.))

The Supreme Court's holding in *Sereboff* also dictates that Caterpillar's claim for restitution is legal in nature and, therefore, disallowed under ERISA Section 502(a)(3). *Sereboff v. Mid Atlantic Medical Services, Inc.*, 547 U.S. 356 (2006). In *Sereboff* (like in *Great-West*, 534 U.S. at 207-08), the Supreme Court addressed the issue of when a plan fiduciary may sue a beneficiary for reimbursement of medical expenses paid by the ERISA plan, when the beneficiary has recovered funds for its injuries from the third party. The Court reiterated that a claim for equitable restitution may only be brought where the party seeks to "impose a constructive trust or equitable lien" on "particular funds or property" in the defendant's possession or control. *Sereboff*, 547 U.S. at 362 (citing *Great-West*, 534 U.S. at 213). In *Great-West*, "that requirement was not met because the 'the funds to which petitioners claim[ed] an entitlement' were not in Knudson's possession, but had instead been placed in a 'Special Needs Trust' under California law." *Id*. (citing *Great-West*, 534 U.S. at 214). Because the plan sought reimbursement from the general funds of the beneficiary, the action was for legal, not equitable restitution and therefore could not proceed under ERISA. In *Sereboff*, however, the Supreme Court found such funds could be recovered (as an equitable lien by agreement) because the plan specifically required a beneficiary who "receives benefits" under the plan for injuries caused by third-party tortfeasors, to reimburse the plan for all recoveries from a third party. Thus, the Court held that there were specific identifiable funds in the possession of the defendant that rightfully belonged to the plaintiff service provider (based on the terms of the plan), making the claim one for equitable – as opposed to legal – restitution. *Sereboff,* 547 U.S. at 363.

8

The key to the Supreme Court's determination in *Sereboff* that equitable restitution was an available remedy was the finding that the third-party reimbursement provision in the ERISA plan at issue "specifically identified a particular fund, distinct from the [beneficiaries'] general assets – all recoveries from a third party… and a particular share of that fund to which [the fiduciary] was entitled – that portion of the total recovery which [was] due [the fiduciary] for benefits paid." *Sereboff,* 547 U.S. at 362-63. Again, Caterpillar has failed to identify "particular funds" in the CLS class members' "control." Thus, Caterpillar's motion must be denied.[4]

### III. Defendant's Claim for Unjust Enrichment Also Fails

Defendant asserts a claim for unjust enrichment (at 7-9), arguing that it would be "inequitable" to allow the CLS class members to retain the value of the erroneously granted health care benefits and urges this Court to exercise its "equitable powers" to grant restitution. Defendant's unjust enrichment claim, however, is based on Tennessee law which is pre-empted by ERISA. Under ERISA, this Court's equitable powers are limited by the Supreme Court's strict interpretation of equitable restitution under Section 502(a)(3), even where the results lead to inequities or where a party is unjustly enriched. *See e.g. Pell v. EI Dupont Denemours & Co., Inc.*, (No. CIV A 02-21) 2006 WL 2864604 (D.Del. Oct. 6, 2006) (Even when money belongs in good conscience to a plaintiff, the money must be traceable "to particular funds... in the defendant's possession.") (citing *Great-West,* 534 U.S. at 213) (citing 1 Dan B. Dobbs, *Law of*

---

[4] The Supreme Court's recent holding in *Cigna Corp. v. Amara*, No. 09-804 (Slip Op.), 563 U.S. _____ (May 16, 2011)(attached as Ex. B) is of no help to defendant. In *Amara*, the Supreme Court held that a broader reading of equitable relief was appropriate where a Plan fiduciary was being sued over the terms of the plan for breach of trust. Slip Op. at 17, 20 (in adopting a broader equitable standard, the Supreme Court held: "insofar far as an award of make-whole relief is concerned, the fact that the defendant in this case, unlike the defendant in *Mertens*, is analogous to a trustee makes a critical difference.") Here Caterpillar is seeking monetary damages under ERISA from plan participants for the value of the benefits conferred upon them during the pendency of the preliminary injunction. This type of legal remedy is not an available equitable remedy under the Supreme Court's holdings in *Great West* or *Sereboff*.

9

*Remedies: Damages-Equity-Restitution* § 4.3(1), at 587-88 (2d ed.1993)); *Restatement of Restitution* § 160 cmt. a, at 641-42 (1936); George E. Palmer, *Law of Restitution* § 1.4, at 17 (1978).

In *Pell*, plaintiffs sought restitution for underpayments made on their pension calculations – contending that the employer fiduciary repeatedly misled them about how their pensions would be calculated. The plaintiffs argued that restitution was equitable because the funds they sought were from "an identifiable fund ... the amount of funds DuPont put aside to comply with ERISA funding requirements for Pensions." (D.I. 175 at ¶ 14.) The court rejected this argument finding that plaintiffs provided no evidence that the money they sought was traceable to particular funds in the defendant's possession despite recognizing that the result deprived plaintiffs of a "make whole" remedy and turned "equity on its head." *Id.* at *13, n. 12 (citing *De Pace v. Matsushita Elec. Corp. of Am.,* 257 F.Supp.2d 543, 563 (E.D.N.Y.2003))

Other courts have reached similar conclusions on similar facts. *See Ramsey v. Formica Corp.,* No. 1:04-CV-149, 2004 WL 1146334, at *4 (S.D. Ohio April 6, 2004) (barring plaintiff's motion for injunctive relief under § 1132(a)(3) because plaintiffs, in essence, sought money damages to recover their reliance interest in the defendant's misrepresentations about their monthly benefits); *De Pace v. Matsushita Elec. Corp. of Am.,* 257 F.Supp.2d at 561-62 ("In essence, *Great-West Life* dictates that plaintiffs' claims for compensatory payments equal to the difference between the benefits they received and those they were promised is not a viable remedy under § 1132(a)(3) ... since they seek no more than compensation for loss resulting from the defendant's breach of legal duty."); *Kishter v. Principal Life Ins. Co.,* 186 F.Supp.2d 438, 446 (S.D .N.Y.2002) (denying plaintiff's claim for recovery under § 1132(a)(3) for money the plaintiff lost when the employer did not provide the plaintiff with complete and accurate

10

information about her life insurance policy).

Even if this Court could exercise its equitable powers here, it should not grant defendant's motion. "Restitution seeks to punish the wrongdoer by taking his ill-gotten gains, thus removing his incentive to perform the wrongful act again. Compensatory damages on the other hand focus on the plaintiff's losses and seek to recover in money the value of the harm done to him." *Kerr v. Charles F. Vatterott & Co.,* 184 F.3d 938, 944 (8th Cir.1999) (citing 1 Dan B. Dobbs, *Law of Remedies* § 4.1(1), at 369-71 (2d ed.1993)); *see also Knieriem v. Group Health Plan, Inc.,* 434 F.3d 1058, 1062 (8th Cir. 2006). The CLS class members are not "wrongdoers" for attempting to enforce their rights under ERISA. Their claims were not brought in bad faith and were not frivolous. They never received any money from defendant, only medical benefits. There is no traceable trust holding the over $1 million Caterpillar now seeks to collect from individual CLS class members. Nor is this money in the hands of the CLS class members. It is in the hands of third party vendors.

In granting the preliminary injunction, this Court found that the CLS class members were older retired employees with very limited financial means. *See* 579 F. Supp. 2d 1008, 1042-43 (M.D. Tenn. 2008) (finding CLS class would suffer irreparable harm if required to continue to cover premium payments and other medical expenses given their very limited financial resources). Requiring these individual retired employees to dip into their personal bank accounts to pay Caterpillar back for the value of the benefits conferred upon them during the period of the preliminary injunction would inflict substantial harm on these individuals and discourage plan participants from exercising their rights under ERISA.

**IV. Caterpillar's Failure to File a Counter-Claim or Other Action or to Seek Certification of a CLS Retiree Defendant Class is Fatal to Its Motion for Restitution**

11

As Plaintiffs have demonstrated above, Caterpillar's "motion" for "restitution" or "unjust enrichment" damages is not a viable claim under ERISA – the only statute under which it could make any recovery. ERISA preempts state law based on these theories, and the claims do not fit within the narrow type of "appropriate equitable relief" which fiduciaries are permitted to seek under ERISA Section 502(a)(3). *Mertens*, *supra*; *Great West*, *supra*.

Moreover, even if such a claim were permitted under ERISA Section 502(a)(3), Caterpillar's motion would still fail because the Company **failed to ever bring such claim (or counter-claim) and failed to have it certified as a defendant class under Fed. R. Civ. P. 23**. Indeed, Caterpillar has not taken **any** step to place class members on notice that they could each be liable for thousands of dollars, which is an enormous sum for retirees who live on limited fixed incomes. Caterpillar's complete failure to bring such claim or to make any effort to comply with any of the Fed. R. Civ. P. 23 requirements are independent reasons for denying its motion.

At a minimum, "fundamental requisites of the constitutional guarantees of procedural due process" require notice and opt-out for damage classes certified under Rule 23. *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 174 (1974). Here, although the CLS subclass was certified as a 23(b)(2) plaintiff class, the unnamed class members were not provided with notice of the preliminary injunction. Even if they were able to learn of the injunction, this would not have apprised them that they could be liable for the damages that Caterpillar now seeks.

Basic principles of due process and fairness require that unnamed class members not be bound by a judgment absent reasonable attempts to notify them of the pendency of the action. *See Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306 (1950). In the context of a defendant class action, "due process requires notice to each class member and the exercise of

12

jurisdiction only in circumstances fundamentally fair to absent non-litigating class members." *In re Gap Stores Sec. Litig.*, 79 F.R.D. 283, 291-92 (N.D. Cal. 1978). This helps to ensure that "no absent defendant will be held liable for a money judgment without knowing of the pendency of the proceedings…[thus] prevent[ing] plaintiffs from escaping *Mullane's* notice requirements by use of the class action device." *Id.*

Again, Caterpillar failed to bring a counter-claim, failed to seek certification of a defendant counter-claim class, and failed to take any other steps that would provide notice to CLS subclass members. Fed. R. Civ. P. 23 and due process principles underlying it simply would not allow forcing the uninformed, unnamed CLS class members to pay the amounts that Caterpillar now seeks.

## CONCLUSION

Because the damages defendant seeks are compensatory in nature, Caterpillar's motion must be denied.

Dated: June 3, 2011    Respectfully submitted,

/s/ Michael M. Mulder
Attorney for the Plaintiffs

Elizabeth A. Alexander
LIEFF, CABRASER, HEIMANN &
    BERNSTEIN, LLP
One Nashville Place
150 Fourth Avenue N, Suite 1650
Nashville, TN 37219

Jay E. Sushelsky
AARP FOUNDATION
601 E Street, NW
Washington, DC 20049

Michael M. Mulder
MEITES, MULDER & GLINK
321 S. Plymouth Ct., Suite 1250
Chicago, IL 60604

13

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on June 3, 2011, a true and correct copy of the foregoing pleading was filed electronically with the Court. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

Lawrence S. Eastwood, Jr.
Baker, Donelson, Bearman,
CALDWELL & BERKOWITZ, P.C.
211 Commerce Street, Suite 1000
Nashville TN 37201

Edmund L. Carey, Jr.
Gerald E. Martin
BARRETT, JOHNSTON & PARSLEY
217 Second Avenue, N
Nashville TN 37201

Lisa Smith
KLIMIST, MCKNIGHT, SALE,
    MCCLOW & CANZANO
400 Galleria Officentre, Suite 117
Southfield MI 48034-8460

Samuel Morris
GODWIN MORRIS LAURENZI &
    BLOOMFIELD P.C.
Morgan Keegan Tower
50 N. Front Street, Suite 800
Memphis TN 38173

Columbus R. Gangemi, Jr.
Joseph J. Torres
Derek Barella
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago IL 60601

Joshua B. Shiffrin
Julia Penny Clark
W. Gary Kohlman
BREDHOFF & KAISER, PLLC
805 15th Street NW Suite 1000
Washington DC 20005

Craig V. Gabbert, Jr.
GABBERT & MANNER PC
315 Deaderick Street, Suite 1800
Nashville TN 37238

/s/ Michael M. Mulder