# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | | |
|---|---|---|
| GARY T. WINNETT, et al, | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 3:06-CV-00235 |
| | ) | |
| v. | ) | Hon. Aleta A. Trauger |
| | ) | |
| CATERPILLAR INC., | ) | Mag. Judge Joe B. Brown |
| | ) | |
| Defendant. | ) | CLASS ACTION |

## REPLY MEMORANDUM IN SUPPORT OF
## CATERPILLAR'S MOTION FOR RESTITUTION

In their response to Caterpillar's motion for restitution, Plaintiffs do not dispute that Caterpillar was wrongly deprived of the amounts for which it seeks restitution. Instead, Plaintiffs offer an array of irrelevant reasons why they believe the Court should not reinstate the status quo, by restoring to Caterpillar the value of benefits it conferred upon the CLS subclass during the pendency of the preliminary injunction. Specifically, Plaintiffs argue, (i) that the absence of a bond forecloses restitution, (ii) that restitution is limited to the return of health care benefits received by the CLS Subclass, (iii) that restitution is preempted by ERISA, (iv) that restitution fails under ERISA, (v) that Caterpillar does not meet the standards for unjust enrichment, and, finally, (vi) that Caterpillar was required to file a counterclaim and to certify a defendant class as a prerequisite to seeking restitution.

Notably, however, Plaintiffs do not cite a single case in which the restitution of benefits conferred upon one party by a preliminary junction later deemed to have been improvidently granted was denied on any of the bases Plaintiffs advance. Moreover, Plaintiffs' arguments rely upon turning a blind eye to the controlling authority cited by Caterpillar in its opening brief, as well as other controlling authority, that rejects Plaintiffs' arguments. For these reasons, and for

the reasons set forth in Caterpillar's opening brief, Caterpillar's motion for restitution should be granted.

## I. The Absence of a Bond Does Not Bar Caterpillar from Obtaining Restitution

Plaintiffs' primary argument in avoidance of restitution – that the lack of an injunction bond bars Caterpillar's recovery – rests upon two misinterpretations of governing law. First, contrary to Plaintiffs, the Supreme Court's decision in *W.R. Grace and Co. v. Local Union 759, Intern. Union of United Rubber, Cork, Linoleum and Plastic Workers of Am.*, 461 U.S. 757 (1983), does not foreclose restitution in this situation. Second, Caterpillar is not limited to "restitution in kind," to the extent that phrase means that Caterpillar is limited to recovering from Plaintiffs the return of health care benefits, as opposed to the value of those benefits.

### A. *W.R. Grace* Does Not Foreclose Restitution

Plaintiffs argue that Caterpillar's request for restitution is foreclosed by the Supreme Court's statement in *W.R. Grace* that, "A party injured by the issuance of an injunction later determined to be erroneous has no action for **damages** in the absence of a bond." (Pl.'s Opp. at 2, citing 461 U.S. at 770) (emphasis added). However, this argument ignores the fact that courts since *W.R. Grace* have consistently found its admonition is limited to parties seeking *damages*, and does not limit a party's age-old right to recover *equitable* remedies in the face of an improvidently granted injunction. (*See* Caterpillar Br. at 5-7) (citations omitted). As Caterpillar outlined in detail in its opening brief, cases going back to the Supreme Court's decision in *Arkadelphia Milling Co. v. St. Louis S.W. Ry. Co.*, 249 U.S. 134, 145 (1919) have recognized the propriety of the equitable remedy sought by Caterpillar. And courts have continued to recognize that principle, even following the issuance of the Supreme Court's *W.R. Grace* decision. As one court within the Sixth Circuit more recently stated:

> [A]n examination of the [Supreme Court's] opinion [in *W.R. Grace*] shows that the Court probably did not intend to foreclose equitable remedies to compensate for reversed injunctions as a matter of law. . . . The citations provided by the Supreme Court to support its statement . . . that "A party injured by the issuance of an injunction later determined to be erroneous has no action for damages in the absence of a bond" do not support the position that a party burdened by an erroneous injunction cannot obtain redress.

*Dornan v. Sheet Metal Workers' Internat'l Ass'n*, 810 F. Supp. 856, 858 (E.D. Mich. 1992) (citations omitted).

Plaintiffs' response to the authority is simply to ignore it. But *Dornan* and the other cases that Caterpillar cited – that were decided since *W.R. Grace* – from the Ninth, Eleventh, D.C., and Federal Circuit Courts of Appeals, all have continued to recognize the district court's power, even in the absence of a bond, to award restitution in the wake of an improvidently granted injunction. *See Caldwell v. Puget Sound Elec. Apprenticeship and Training Trust*, 824 F.2d 765 (9th Cir. 1987); *Atlanta Journal Constitution v. City of Atlanta*, 442 F.3d 1283, 1288 (11th Cir. 2006); *Nat'l Kidney Patients Assoc. v. Sullivan*, 958 F.2d 1127 (D.C. Cir. 1992); *FilmTec Corp. v. Hydranautics*, 67 F.3d 931 (Fed. Cir. 1995).

Indeed, instead of addressing these authorities, Plaintiffs imply that *W.R. Grace* implicitly overruled the Supreme Court's decision in *Arkadelphia Milling Co. v. St. Louis S.W. Ry. Co.*, 249 U.S. 134 (1919) and its progeny. (Pl.'s Opp. at 2 n. 1). Yet the Supreme Court in *W.R. Grace* nowhere stated or implied that it was making new law, much less overruling its prior precedent in this regard. The notion that *W.R. Grace* implicitly overruled *Arkadelphia,* and the years of precedent upon which it relied, is also contradicted by the fact that courts continue to grant restitution in the absence of an injunction bond. *See* discussion *supra*. Plaintiffs have

-3-

Case 3:06-cv-00235 Document 532 Filed 06/21/11 Page 3 of 10 PageID #: 14303

provided no basis for their assertion that *W.R. Grace* forecloses Caterpillar's right to restitution in this case, and the overwhelming weight of authority establishes emphatically that it does not.[1]

### B. Caterpillar is Entitled to Recover the Value of the Benefits the CLS Retirees Receiving During the Preliminary Injunction

Plaintiffs' next argument, that Caterpillar is limited to recovering the health care benefits conferred on the CLS Subclass, instead of the value of those benefits, is equally misplaced. Plaintiffs make this argument by citing to *Tenths Ward Road Dist. No. 11 of Avoyelles Parish v. Texas P. Ry. Co.*, 12 F.2d 245 (5th Cir. 1926). However, in doing so, Plaintiffs ignore the Supreme Court authority directly on point cited by Caterpillar in its opening brief. Moreover, *Tenths Ward* is readily distinguishable on the proposition for which Plaintiffs cite it.

In *Tenths Ward*, the lower court had issued a temporary restraining order, without ordering a bond, enjoining the tax collector of a parish from selling appellee's property to enforce the payment of challenged taxes. *Id*. at 246. Upon succeeding on the merits, the parish sought to recover damages, in the form of approximately $27,000 in increased highway construction costs that it allegedly incurred as a result of the restraining order. *Id*. at 247. The Fifth Circuit acknowledged that restitution was an available remedy in the absence of a bond, but found it unavailable in the case before it. Noting that, "[T]he condition of restoration is always

---

[1] Plaintiffs erroneously accuse Caterpillar of mischaracterizing the Seventh Circuit's holding in *In re UAL Corp.*, 412 F.3d 775 (7th Cir. 2005). (Pl.'s Opp. at 3 n. 3). Caterpillar did no such thing, as it never characterized *UAL Corp.'s* statements regarding the availability of restitution as its "holding," instead explicitly noting that the Seventh Circuit was "acknowledging" the availability of restitution. (*See* Op. Br. at 6). Moreover, it is Plaintiffs who mischaracterize the Seventh Circuit when they attempt to argue that its recent decision in *Roche Diagnostics Corp. v. Medical Automation Sys., Inc.*, __ F.3d __, 2011 WL 2020720 (7th Cir. May 24, 2011), somehow abrogates *UAL Corp.* or reaffirms that *W.R. Grace* forecloses equitable recovery. (Pl.'s Opp. at 3 n. 3). *Roche* says nothing about restitution being unavailable as a remedy. *See* 2011 WL 2020720, at *4 (emphasis supplied) ("***A party injured by an erroneous preliminary injunction is entitled to be made whole.*** Established doctrine has it that the ***damages*** payable to a person injured by an erroneously issued injunction cannot exceed the amount of the bond.")

that the party against whom restoration is sought shall have received, by virtue of the decree, what he is asked to restore.  There can be no restoration in the absence of the fruits of the decree…," the Court held that restitution was unavailable to the parish because, "In this case the appellee received under the restraining order only a delay in the collection of the tax." *Id*. at 247. The appellee had never received the value of the increased highway construction costs the parish sought to recover; therefore, the restitution remedy was unavailable as a tool by which to collect it from the appellee.  *Id*. at 247-48.

Here, by contrast, the value of the benefits was conferred by Caterpillar directly upon the CLS Subclass and is readily identifiable and quantifiable.  The CLS Subclass members were the direct beneficiaries and the receivers of the "fruits" of this Court's preliminary injunction order. In other words, in *Tenths Ward*, the erroneous injunction caused appellants to lose approximately $27,000, but the appellees gained nothing, much less the $27,000.  Here, by contrast, Caterpillar has lost more than $1 million as a result of the injunction, and the CLS class members have gained exactly that amount as a result of not having had to pay their premiums and ancillary charges during the injunction.  Plaintiffs' attempt to analogize the facts of *Tenths Ward* to this case, therefore, is misplaced.

Instead, the instant matter is analogous to *Baltimore & O.R. Co. v. United States,* 279 U.S. 781 (1929) and *Atlanta Journal Constitution v. City of Atlanta*, 442 F.3d 1283 (11th Cir. 2006), both of which are discussed at length in Caterpillar's opening brief (at pp. 7-8).  Once again, Plaintiffs decided to turn a blind eye to this authority – including the Supreme Court's holding in *Baltimore* that monetary restitution was warranted, even where money was not directly transferred to the appellee, because, "[a]ll payments made by appellants in compliance

-5-

with the invalid order inured to the benefit of the [appellee] railroad just as if made directly to them." 279 U.S. at 786. Plaintiffs fail even to attempt to address this authority.

## II. ERISA Does Not Control Caterpillar's Right to Restitution

Plaintiffs also seek to ignore the controlling precedent cited by Caterpillar by claiming that ERISA governs the Company's right to restitution. (Pl.'s Br. at 4-5). Plaintiffs' argument is a red herring. Nothing in *Arkadelphia* or its progeny suggests that the right to restitution where an injunction is improvidently granted turns on the standards that control which remedies may be awarded in the underlying cause of action. Rather, Caterpillar's right to restitution is based on "a principle, long established and of general application," that was "founded in equity. . . from an early period." *Arkadelphia*, 249 U.S. at 145. For all of their extensive dissertation on the purported limits on restitutionary remedies under ERISA, Plaintiffs do not cite a single case suggesting that the underlying cause of action controls or limits the right to restitution that existed in common law well before ERISA was enacted. *Id*.

Indeed, the logical extension of Plaintiffs' ERISA argument would necessarily mean that even if this Court had issued an injunction bond, Caterpillar would still be unable to collect upon it, because, according to Plaintiffs, the requirement of § 1132(a)(3) and *Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204 (2002) would not have been met. Likewise, under Plaintiffs' theory, any Plaintiff who obtains injunctive relief awarding it benefits governed by an ERISA Plan is, for all intents and purposes, immunized from ever having to return the value of those benefits. But there is no support for these hypotheses in the relevant case law. *See, e.g., Caldwell*, 824 F.2d at 767 (order of restitution following reversal of prior district court order "does not supplement a specific form of relief"; rather, it "simply puts the parties back where they were before the district court made its initial legal error").

-6-

Under the controlling precedent, nothing about the rationale underlying restitution in these circumstances – that a party who receives benefits from an improperly issued injunction that he would not have received but for the injunction has a duty to restore that benefit to those who have been injured by the injunction (*see Arkadelphia, supra*) – turns on the nature of the remedies permitted by the underlying cause of action. Accordingly, any supposed limits imposed by ERISA have no bearing on Caterpillar's motion for restitution.[2]

### III. Plaintiffs Fail to Rebut that Caterpillar Meets the Elements of Unjust Enrichment

Plaintiffs' argument that Caterpillar does not satisfy the elements of unjust enrichment under Tennessee law fares no better. As an initial matter, Plaintiffs' argument on this point is almost entirely a rehash of its misguided ERISA preemption argument. (Pl.'s Br. at 9-10). To the extent that Plaintiffs finally get around to actually addressing the unjust enrichment argument (*id*. at 11), their effort falls flat.

Plaintiffs erect a straw man when they imply that this Court must label Plaintiffs as "wrongdoers" in order to grant Caterpillar restitution. (Pl.'s Br. at 11). Caterpillar has not taken the position that the CLS Subclass members are "wrongdoers," and no such finding is required to

---

[2] Even if Caterpillar's right to restitution was governed by ERISA, Caterpillar does not concede that its right to recovery would be governed by the standards for restitution under Section 502(a)(3) into which Plaintiffs attempt to shoehorn Caterpillar's motion. *See, e.g., Weiner v. Klais & Co., Inc.*, 108 F.3d 86, 92 (6th Cir. 1997) (Congress intended to allow courts to develop common law remedies under ERISA where statute is silent or ambiguous) (citations omitted); *Empire Kosher Poultry, Inc. v. United Food and Commercial Workers Health and Welfare Fund of Northeastern Penn.*, 285 F. Supp. 2d 573, 579-581 (M.D. Pa. 2003) (federal common law claim for restitution remains viable even following Supreme Court's *Great West* decision).

And even if Plaintiffs were correct regarding the limits imposed on ERISA remedies, they offer no explanation as to why such equitable remedies would not be permitted under Section 301 of the LMRA – the other basis for their claims. *Textile Workers v. Lincoln Mills*, 353 U.S. 448, 456-57 (1957) (Section 301 allows courts to fashion a broad range of remedies to be "determined by the nature of the problem."). But in any event, this Court need not delve into such topics because, as noted above, any such limits on Plaintiffs' claims has no bearing on Caterpillar's right to restitution for an improvidently-granted preliminary injunction.

order restitution. *See* cases cited *supra*. Instead, as the authorities cited by Caterpillar in its opening brief (and ignored by Plaintiffs) make clear, Caterpillar's restitution remedy is simply based upon "the principle, long established and of general application, that a party against whom an erroneous judgment or decree has been carried into effect is entitled, in the event of a reversal, to be restored by his adversary to that which he has lost thereby." *Arkadelphia*, 249 U.S. at 145. *See also* RESTATEMENT (FIRST) OF RESTITUTION (1937) § 74. As set forth in Caterpillar's opening brief (at pp. 7-10), Caterpillar meets the elements of unjust enrichment here.

## IV. Caterpillar Was Not Required to File a Counter-Claim or Seek Certification of a CLS Retiree Defendant Class

Plaintiffs' final argument – that Caterpillar was required to file a counter-claim and to certify a defendant class (comprising the already-certified CLS Subclass) before seeking restitution – really puts the shoe on the wrong foot. As an initial matter, Plaintiffs' insistence that without these procedural steps the CLS Subclass members would have no notice of their potential liability, ignores the fact that the CLS Subclass members are members of an already-certified class represented by appointed class counsel. If Plaintiffs' appointed class counsel failed to give notice to their clients of the possibility of restitution being awarded here, this is a failure on their part for which Caterpillar shoulders no blame. Second, any lack of notice lies at the feet of Plaintiffs' counsel for the additional reason that it is they who sought mandatory class certification under Rule 23(b)(2), *so that there would be no notice to the class members*.

Beyond the fact that Plaintiffs' counsel have only themselves to blame for any lack of adequate notice to the Plaintiffs, the notice concerns expressed in the cases cited by Plaintiffs do not arise in the context applicable here. The class members received the benefits that flowed from the Court's injunction, despite this Court later deeming those benefits not to have been

earned by Plaintiffs in the first place.  Again, nothing in the controlling precedent imposes any such requirements on Caterpillar.  *See* cases cited *supra*.

## CONCLUSION

For the foregoing reasons, and for the reasons set forth in its opening brief, Caterpillar respectfully requests that this Court grant its Motion for Restitution.

Respectfully submitted,

CATERPILLAR INC.


By: /s/ Joseph J. Torres
      One of Its Attorneys

Lawrence S. Eastwood, Jr.
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.
211 Commerce Street, Suite 1000
Nashville, TN  37201
(615) 726-5600
leastwood@bakerdonelson.com

C. R. Gangemi, Jr. *(Admitted Pro Hac Vice)*
Joseph J. Torres *(Admitted Pro Hac Vice)*
Derek G. Barella *(Admitted Pro Hac Vice)*
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, IL  60601
(312) 558-5600
cgangemi@winston.com
jtorres@winston.com
dbarella@winston.com

## CERTIFICATE OF SERVICE

       The undersigned, one of the attorneys for Defendant Caterpillar Inc., hereby certifies that on June 21, 2011, a true and correct copy of the foregoing REPLY MEMORANDUM IN SUPPORT OF CATERPILLAR'S MOTION FOR RESTITUTION was filed electronically with the Court. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

Michael M. Mulder
Hinda Sodha
Meites, Mulder & Glink
321 S. Plymouth Ct., Suite 1250
Chicago, IL 60604

Craig V. Gabbert, Jr.
Gabbert & Manner PC
315 Deaderick Street, Suite 1800
Nashville, Tennessee 37238

Lisa M. Smith
Klimist, McKnight, Sale, McClow,
& Canzano P.C.
400 Galleria Officentre, Suite 117
Southfield, Michigan 48034

W. Gary Kohlman
Bredhoff & Kaiser, PLLC
805 15th Street NW, Suite 1000
Washington, DC 20005

Elizabeth A. Alexander
Lieff, Cabraser, Heimann & Bernstein, LLP
One Nashville Place
150 Fourth Avenue N, Suite 1650
Nashville, Tennessee 37219

Jay E. Sushelsky
601 E Street, NW
Washington, DC 20049

Samuel Morris
Godwin Morris Laurenzi & Bloomfield P.C.
Morgan Keegan Tower
50 N. Front Street, Suite 800, P.O. Box 3290
Memphis, Tennessee 38173-0290

Edmund L. Carey, Jr.
Gerald E. Martin
Barrett, Johnston & Parsley
217 Second Avenue, N
Nashville, Tennessee 37201


       /s/ Joseph J. Torres