IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| GARY T. WINNETT, et al., | ) |
| Plaintiffs, | ) |
| v. | ) |
| CATERPILLAR INC., | ) Case No. 3:06-cv-00235 |
| Defendant/Third-Party Plaintiff, | ) Hon. Aleta A. Trauger |
| v. | ) Mag. Judge Joe B. Brown |
| INTERNATIONAL UNION, UAW, et al. | ) |
| Third-Party Defendants. | ) |

**REPLY MEMORANDUM IN SUPPORT OF CATERPILLAR'S
MOTION FOR CERTIFICATION OF FINAL JUDGMENT**

The UAW, with supporting submissions from Plaintiffs, opposes Caterpillar's motion for certification. However, none of the points raised by either party meaningfully challenges the bases for Caterpillar's motion.

**I.    The UAW Ignores the Relevant Standard for Responding to Caterpillar's Motion**

Partially relegating this threshold point to a footnote, the UAW argues that Caterpillar's motion is subject to a heightened standard, which only allows for Rule 54(b) certification in "harsh cases." UAW Br. at 2-3 (citations omitted). But as Caterpillar outlined in its opening brief, the actual evaluative standard underlying the "harsh case" label is whether certification furthers the "interest of sound judicial administration." Caterpillar Br. at 5 (citations omitted). Thus, while it is true that the Sixth Circuit has used the phrase "infrequent harsh case" with regard to requests for certification, *see* UAW Br. at 3 n.2 (citations omitted), the more salient point is not this short-hand label, but the Sixth Circuit's actual application of relevant criteria to the facts presented in each case. *See e.g., Corrosioneering, Inc. v. Thyssen Env. Sys.,*

*Inc.*, 807 F.2d 1279, 1282 (6th Cir. 1986) (lower court erred in granting Rule 54(b) certification by failing to consider any factor other than the fact that the issue on appeal was "separate and distinct" from the other issues in this case); *General Acquisition, Inc. v. Gen CORP, Inc.*, 23 F.3d 1022, 1028, 1031 (6th Cir. 1994) (holding lower court's granting of Rule 54(b) certification improper where all of the parties allegations relied on "a single aggregate of operative facts," and where there existed a high potential for mootness of the Sixth Circuit decision by subsequent developments in the case); *Solomon v. Aetna Life Ins. Co.*, 782 F.2d 58, 62 (6th Cir. 1986) (determining lower court's grant of Rule 54(b) certification improper where all claims were based on same factual allegations and resolution of some issues on appeal would greatly prejudice one of the parties because they would not have opportunity to participate in determination of those issues before the court).

Viewed in this light, Caterpillar's third-party complaint sits in a procedural posture that clearly supports Rule 54(b) certification. The two third-party claims the UAW suggests might be mooted (*see infra*), in fact, were *not* dismissed by the Court on the merits. (*Winnett* R. 275, 5/1/08 Mem. Op. at 24-25 (dismissing contribution and indemnification counts for failure to state a claim)). And, the two third-party claims that *were* dismissed on the merits are the same claims the UAW previously argued, successfully, were so dissimilar to the Plaintiffs' underlying claims (involving "almost completely different" evidence), that a separate trial was necessary to avoid prejudice and "significant problems of trial management and jury confusion." (*Winnett* R. 365, UAW Mem. re Motion to Sever at 2). So, even if the UAW is correct that Caterpillar's contribution and indemnification claims might be mooted if this Court's ruling in favor of the *Kerns* Plaintiffs is reversed (a point Caterpillar does not concede), there still is no just reason to delay appeal of the issue whether those causes of action state claims for

which relief can be granted (thereby allowing them to proceed in the first instance). There is also no reason to delay Caterpillar's ability to appeal this Court's merits determinations on the two claims the UAW admits are distinct from the Plaintiffs' claims against Caterpillar. (*Winnett* R. 365, UAW Mem. at 2). The foregoing facts, viewed under the factors applied by the Sixth Circuit in evaluating Rule 54(b) motions, support a certification of judgment in this case. (*See Winnett* R. 520, Caterpillar Mem. re Motion for Certif. at 6-9) (citations omitted).

## II. The UAW's Additional Arguments Ignore Caterpillar's Breach of Contract Claims, Which the UAW Previously Conceded Were Distinct from Plaintiffs' Claim

Beyond seeking to muddle the governing standard, the UAW makes two additional points, albeit to no avail. *First*, it suggests certification should not be granted because *some* of Caterpillar's claims *might* be rendered moot by a reversal of this Court's summary judgment ruling in favor of the *Kerns* Plaintiffs. UAW Br. at 4-6. *Second*, the UAW contradicts its prior arguments in support of severance, claiming (now that it is useful to do so) that the third-party claims share a "common nexus of facts" with the underlying Plaintiffs' claims. *Id.* at 6-9. Hypocrisy aside, both points are based on a selective reading of Caterpillar's claims and should be rejected.

### A. Any Alleged Risk of Partial Mootness Does Not Argue Against Rule 54(b) Certification

Focusing exclusively on Caterpillar's contribution and indemnification claims, the UAW argues that certification is not appropriate because Caterpillar may ultimately prevail on the *Kerns* claims. In this event, the UAW theorizes, the Company's contribution and indemnification claims would be rendered moot. UAW Br. at 4-6. The UAW grounds this argument on an isolated phrase excised from the first introductory paragraph of Caterpillar's third-party complaint: "[Caterpillar] brings this action seeking relief in the event the Plaintiffs and class members in this lawsuit prevail on their claims." (*Winnett* R. 144, Third-Party Compl.

-3-

¶ 1). This assertion, pled in the first paragraph of the "Statement of the Case," accurately advises the Court of the relationship between the proposed third-party claims and the Plaintiffs' underlying claims – *i.e.*, it explains why Caterpillar proposed to sue the UAW via third-party claims in *these* lawsuits, rather than filing independent lawsuits in some other venue or forum. But *unless* this statement is read in isolation and out-of-context, as the UAW proposes to do here, it simply cannot be read to limit Caterpillar's third-party claims as wholly contingent on the Plaintiffs' underlying claims.

Indeed, read in its entirety, the third-party complaint makes clear that Caterpillar seeks relief in the form of contribution and indemnification for any liability that may flow from Plaintiffs' claims *and also* for its costs of defending these claims. In paragraphs 84 and 90 (involving Caterpillar's claims for contribution and indemnification), Caterpillar asserted:

> 84. To the extent it is determined that the Plaintiffs are entitled to any of the relief they seek, the UAW is liable for all amounts above the contractually agreed-upon financial caps set forth in the 1998 and 2004 labor contracts, as well as the attorneys' fees and costs incurred by Caterpillar in defending this action.
> . . . .
> 90. Even if it is determined that the UAW had no actual or apparent authority to bind the Plaintiffs or the class members to the 1998 and 2004 labor contracts and it is further determined that the provisions of those labor contracts are not independently enforceable against the UAW, the UAW, because of its actions and representations as alleged above, is liable for contribution or indemnification with respect to some or all liability that may be imposed against Caterpillar on behalf of the Plaintiffs or the class members, as well as the attorneys' fees and costs incurred by Caterpillar in defending this action.

(*Winnett* R. 144, Third-Party Compl. ¶¶ 84, 90).

And, in its request for relief, Caterpillar again requested an order, *inter alia*, "Requiring Third Party Defendant to pay Caterpillar's costs and reasonable attorneys' fees in

defending Plaintiffs' lawsuit and bringing this third-party action . . . ." (*Winnett* R. 144, Third-Party Compl. WHEREFORE Par. E).

The crux of Caterpillar's third-party lawsuit, therefore, is that the Company was sued by Plaintiffs for enforcing and applying collective bargaining agreements that it reached with the UAW (and that the UAW actually or impliedly represented it had authority to conclude). *See Winnett* R. 275, 5/1/08 Mem. Op. at 15-16 (describing Caterpillar's third-party claims as premised on UAW's authority to bargain and reach agreements on behalf of the *Kerns* and *Winnett* plaintiffs regarding their retiree health benefits, as well as the enforceability of limitations in those agreements on Caterpillar's liability for retiree medical benefits). Thus, Caterpillar maintains that had the UAW not breached its promises and misrepresented its authority, the Company would never have been forced to expend resources defending these actions. These claims, and this claimed liability, is not mooted regardless of the outcome of any appeal on the Plaintiffs' claims. *Cf. Physicians Weight Loss Centers of America v. Creighton*, 1992 WL 176992, at *5 (N.D. Ohio March 30, 1992) (noting that court must look at all of the allegations, not simply the statement of the case, to determine whether party properly alleged jurisdictional requirement).

Moreover, the UAW's mootness argument ignores the fact that those claims have not been addressed on their merits. (*Winnett* R. 275, 5/1/08 Mem. Op. at 24-25). The UAW has provided no explanation or support for its spurious theory that Caterpillar must lose an appeal in the *Kerns* case before the parties are able to know if Caterpillar's contribution and indemnification claims may proceed against the UAW in the first instance.

The UAW's mootness argument also ignores Caterpillar's breach of contract claims, which raise issues and involve facts distinct from Plaintiffs' claims. *See also* discussion

-5-
Case 3:06-cv-00235   Document 534   Filed 06/22/11   Page 5 of 12 PageID #: 14316

*infra*. The UAW makes no argument that these additional claims would be mooted even by a subsequent reversal of this Court's ruling in favor of the *Kerns* Plaintiffs. Accordingly, the UAW's reliance on the Sixth Circuit's decision in *Corrosioneering* and the other cases cited by Plaintiffs are distinguishable. Unlike those cases, there is no risk here that Caterpillar's appeal would be mooted. For example, *Solomon v. Aetna Life Ins. Co.*, 782 F.2d 58, 62 (6th Cir. 1986), involved a plaintiff suing various defendants under the *same* legal theory. In contrast, Caterpillar has asserted entirely separate claims against an independent party, the UAW. Similarly, in *Elliott Co. v. Liberty Mut. Ins. Co.*, No. 05cv1387, 2007 WL 987318, at *4 (N.D. Ohio, Apr. 2, 2007), the parties disagreed whether an indemnity agreement covered certain claims, so defendant sought Rule 54(b) certification of the issue three months prior to the parties' trial. The court determined that the upcoming trial, at which it might be determined defendant was not liable, could moot the parties' appeal and, therefore, Rule 54(b) certification was improper. *Id*. In the present case, no upcoming trial will moot the Court's dismissal of the third-party claims; nor is there any "fast approaching" trial that could resolve the issues in the third-party complaint.

Finally, in *Siddle v. Crants*, the court held that Rule 54(b) certification was improper because the remaining defendant's motions were "identical to the ones on which the Court has already ruled, and a Rule 54(b) certifications will therefore almost certainly obligate the Sixth Circuit to consider the defense at least twice (or more)." 2010 WL 1417935, at *2 (M.D. Tenn. Apr. 7, 2010). As the motions concerning the *Kerns* litigation and Caterpillar's claims against the UAW are in no way "identical," *Siddle*, too, is distinguishable.

### B. Notwithstanding the Common Factual Background, There is No Reason to Delay Appeal of the Court's Dismissal of the Third-Party Claims

Having previously argued that it would be "far more efficient and fairer to the parties if the third-party claims . . . were severed from the underlying retiree claims for a single

consolidated trial between only UAW and Caterpillar," (*Winnett* R. 365, UAW Mem. in Support of Mot. for Severance, at 2), the Union now asserts just the opposite. More specifically, the UAW protests that certifying an immediate appeal of the third-party claims would require the Sixth Circuit to "confront this complex factual record" involving a "multi-decade bargaining history" on multiple occasions. UAW Br. at 7. The UAW grossly overstates the matter.

To be sure, the third-party claims in this case share a common nexus of facts with the Plaintiffs' claims. But, the same could likely be said of *any* third-party claims in *any* lawsuit. If there was no common factual background, there would be no third-party claims—rather, those putative third-party claims would be pled as separate lawsuits. So, the mere overlap of factual background cannot be the determinative factor on this issue. *Pittman v. Franklin*, 282 Fed. Appx. 418, 431, 2008 WL 2521222, at *10 (6th Cir. June 24, 2008) (determining Rule 54(b) certification was appropriate where parties' claims were based on same set of facts, but different legal issues); *Akers v. Alvey*, 338 F.3d 491, 495 (6th Cir. 2003) (same). And, it is not. As the Supreme Court explained in *Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1 (1980), "the standard against which a district court's exercise of discretion is to be judged is the 'interest of sound judicial administration.'" *Id*. at 10 (citing *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, (1956)); *see also S.E.C. v. Blackwell*, 2007 WL 1169362 at *2 (S.D. Ohio April 18, 2007) ("the party seeking Rule 54(b) [certification] need not show that 'harsh or unusual circumstances' merit such a ruling; instead, 'the proper standard against which a district court's exercise of discretion in granting a Rule 54(b) certification is to be judged is the interest of sound judicial administration.'") (citing *Curtiss-Wright Corp.*, 446 U.S. at 9).

In this case, while the Caterpillar/UAW bargaining history will undoubtedly provide an important backdrop to the Court of Appeals' consideration of the third-party claims,

the Sixth Circuit is already familiar with that history given its decision of two interlocutory appeals already in this case. *Winnett, et al. v. Caterpillar Inc.*, 609 F.3d 404 (6th Cir. 2010); *Winnett, et al. v. Caterpillar Inc.*, 553 F.3d 1000 (6th Cir. 2009). While an appeal of the third-party claims will undoubtedly put that bargaining history before the Sixth Circuit again, the focus of the appeals will be: (1) whether the Third-Party Complaint states a cognizable claim for contribution and indemnification; and (2) whether the UAW's support and sponsorship of the *Winnett* and *Kerns* lawsuits breached its obligations under the LDSA and the 2004 labor contract. While these core issues share a common nexus of fact with the Plaintiffs' claims, they are nevertheless separate and distinct. (*See Winnett* R. 520, Caterpillar Mem. re Motion for Certif. at 6-7).

The UAW also points out that this Court issued a single summary judgment opinion in these cases, and argues that fact supports its position here that all issues and claims should ultimately be appealed together. UAW Br. at 7. Again, the UAW's analysis misses the mark, as even a cursory review of the Court's summary judgment decision shows that it separately addressed the third-party lawsuit by focusing on a discrete set of facts relevant to those claims. *Compare Winnett* R. 463, 3/26/10 Mem. Op. at 41-47 (considering, in ruling on third-party claims, such facts as the UAW's actions in sponsoring and funding the Plaintiffs' lawsuits, the meaning and effect of the LDSA, and the extent to which the 2004 labor contracts contained UAW promises not to encourage or support claims against Caterpillar), *with Winnett* R. 463, 3/26/10 Mem. Op. at 22-40 (considering none of these same facts in ruling on Plaintiffs' remaining claims).

Moreover, the UAW's attempts to harmonize its current position with its previous motion for severance only serves to bolster Caterpillar's request for certification. The Union

admits that "the claims by Caterpillar against the UAW are separate from the claims of the *Kerns* and *Winnett* plaintiffs and would require proof of different evidence." UAW Br. at 8. This concession alone should end the Court's inquiry. But, according to the UAW, this fact, which motivated its motion to sever, is relevant *only* to the Court's "trial management considerations." UAW Br. at 8-9. This is specious reasoning.

Contrary to the UAW's suggestion, the Sixth Circuit would not be compelled to "unwind the record" in order to evaluate this Court's disposition of the third-party claims. Rather, just as this Court did, the Sixth Circuit would need only to evaluate: (1) the Third-Party Complaint allegations themselves to determine whether they state viable claims for contribution and indemnification, and (2) the discrete facts concerning the UAW's funding and support of Plaintiffs' lawsuits and the Union's corresponding promises not to engage in such activities. Accordingly, certification of these severed claims for immediate appeal would further the interests of "sound judicial administration." *Curtiss-Wright Corp.*, 446 U.S. at 10.

### III. None of the Additional Arguments Advanced by the Plaintiffs Support a Denial of Caterpillar's Motion

According to the *Winnett* Plaintiffs, "the interest of judicial economy" will be better served in this case if the Court of Appeals can look at all of the retiree health care issues presented by the parties in one opinion, instead of looking at the issues piecemeal. (*Winnett* R. 525, Pltf. Mem., p. 1-2). This argument ignores the fact that "the claims in the [*Winnett*] plaintiffs' lawsuits and the claims in the Third-Party Complaint are based on *different agreements* between the UAW and Caterpillar" and the "factual issues underlying the lawsuits are substantially different." (*Winnett* R. 420, UAW's Reply in Support of Its Motion to Sever the Third Party Claims for Separate Trial, at 3, 5 (emphasis in original)). Thus, because the lawsuits are based on factually and legally distinct issues, there is no need for the Court of

Appeals to consider the underlying issues in *Winnett* in order to resolve the third-party claims. *Pittman v. Franklin*, 282 Fed. Appx. 418, 431, 2008 WL 2521222, at *10 (6th Cir. June 24, 2008) (finding 54(b) certification appropriate where "there is no danger that this issue will be brought before this Court a second time.").

The *Winnett* Plaintiffs also intimate, without any explanation, that their potential appeal of this Court's final judgment "may impact Caterpillar's third-party claims against the UAW." *Id*. Yet, the only issues outstanding in the *Winnett* litigation relate to restitution. Resolution and appeal of any restitution issues will not impact Caterpillar's claims against the UAW for, *inter alia*, contribution, indemnification and compensation for any liability that may be imposed on Caterpillar as well as any costs the Company incurred in defending Plaintiffs' claims. (*Winnett* R. 150, Third-Party Compl., ¶¶ 84, 90-91, 99-100, 106, pp. 19-20). These claims will remain viable regardless of how this Court resolves Caterpillar's restitution claims. *Wells Fargo Bank*, 705 F. Supp. 2d at 739 (granting 54(b) certification where decision of remaining claims would not impact the need for review of those claims already resolved).

## CONCLUSION

For these reasons, as well as those set forth in Caterpillar's memorandum in support of its motion for certification, the Court should certify for immediate appeal its dismissal of Caterpillar's third-party claims against the UAW.

-10-
Case 3:06-cv-00235   Document 534   Filed 06/22/11   Page 10 of 12 PageID #: 14321

Dated: June 21, 2011                                    Respectfully submitted,

                                                        CATERPILLAR INC.


                                                        By:    s/ Joseph J. Torres
                                                               One of Its Attorneys

Lawrence S. Eastwood, Jr.
BAKER, DONELSON, BEARMAN, CALDWELL
  & BERKOWITZ, P.C.,
211 Commerce Street - Suite 1000
Nashville, TN 37201
(615) 726-5600

C. R. Gangemi, Jr. *(Admitted Pro Hac Vice)*
Joseph J. Torres *(Admitted Pro Hac Vice)*
Derek G. Barella *(Admitted Pro Hac Vice)*
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, IL 60601
(312) 558-5600
jtorres@winston.com

## CERTIFICATE OF SERVICE

The undersigned, one of the attorneys for Defendant Caterpillar Inc., hereby certifies that on June 21, 2011, a true and correct copy of the foregoing REPLY IN SUPPORT OF MOTION FOR CERTIFICATION OF JUDGMENT was filed electronically with the Court. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

Michael M. Mulder
Hinda Sodha
Meites, Mulder, Mollica & Glink
20 South Clark Street, Suite 1500
Chicago, Illinois 60603

Craig V. Gabbert, Jr.
Gabbert & Manner PC
315 Deaderick Street, Suite 1800
Nashville, Tennessee 37238

Lisa M. Smith
Klimist, McKnight, Sale, McClow,
& Canzano P.C.
400 Galleria Officentre, Suite 117
Southfield, Michigan 48034

W. Gary Kohlman
Bredhoff & Kaiser, PLLC
805 15th Street NW, Suite 1000
Washington, DC 20005

Elizabeth A. Alexander
Lieff, Cabraser, Heimann & Bernstein, LLP
One Nashville Place
150 Fourth Avenue N, Suite 1650
Nashville, Tennessee 37219

Jay E. Sushelsky
601 E Street, NW
Washington, DC 20049

Samuel Morris
Godwin Morris Laurenzi & Bloomfield P.C.
Morgan Keegan Tower
50 N. Front Street, Suite 800, P.O. Box 3290
Memphis, Tennessee 38173-0290

Edmund L. Carey, Jr.
Gerald E. Martin
Barrett, Johnston & Parsley
217 Second Avenue, N
Nashville, Tennessee 37201

s/ Joseph J. Torres